**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

---

**JUSTIN RIDDLE,**

Plaintiff,

v.

**X CORP. (formerly Twitter, Inc.),**

Defendant.

)
)
) Civil Action No. 1:25CV00073
)
)
)

---

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO MAINTAIN VENUE IN THE WESTERN DISTRICT OF TEXAS

**I. INTRODUCTION**

Plaintiff Justin Riddle submits this Memorandum in opposition to any potential transfer of venue from the Western District of Texas. This opposition is necessitated by Defendant X Corp.'s recent amendments to its Terms of Service, which appear designed to manufacture grounds for transferring this action to the Northern District of Texas. Such transfer would serve no legitimate purpose and would instead facilitate improper forum shopping while imposing undue burden on both the Plaintiff and potential witnesses.

**II. FACTUAL BACKGROUND**

A. The Current Action

1. This case arises from systematic violations of Plaintiff's rights by X Corp., including copyright infringement, fraudulent billing practices, and facilitation of identity theft, all conducted from Defendant's principal place of business in Bastrop, Texas.

2. Defendant's operational decisions, policy enforcement, and billing practices at issue all originated from its Western District headquarters.

3. Key witnesses and evidence are located within the Western District, including corporate decision-makers and records relevant to the claims.

B. Defendant's Strategic Maneuvering

1. After service of the complaint, Defendant hastily revised its Terms of Service to include a forum selection clause designating the Northern District of Texas as its preferred venue.

2. This revision appears timed specifically to manufacture grounds for transfer of this action, despite the Western District being the locus of relevant conduct and evidence.

**III. ARGUMENT**

A. The Western District Is the Natural and Proper Forum for This Action

1. Defendant's Principal Place of Business
   - X Corp.'s headquarters and primary operations are located in Bastrop, within the Western District
   - Key decisions regarding policy enforcement, user accounts, and billing originate here
   - Essential witnesses and documentary evidence are readily accessible in this district

2. Operational Reality vs. Forum Shopping

  - The Northern District has no organic connection to this dispute

  - Transfer would separate the case from the location of relevant witnesses and evidence

  - Defendant's preference for Northern District suggests improper strategic motivation

B. Transfer Would Prejudice Both Justice and Judicial Economy

1. Impairment of Evidence Gathering

  - Physical distance from Bastrop headquarters would complicate discovery

  - Remote testimony would diminish effectiveness of witness examination

  - Document production would be needlessly complicated by jurisdictional barriers

2. Burden on Witnesses and Parties

  - Corporate witnesses would face unnecessary travel between districts

  - Essential third-party witnesses primarily located in Western District

  - Transfer would increase costs and logistical complications for all parties

C. Defendant's Forum Selection Clause Should Be Disregarded

1. Timing and Intent

   - Post-litigation modification of terms suggests improper purpose

   - Attempt to alter venue rules after case filing undermines judicial integrity

   - Courts routinely reject such transparent forum shopping attempts


2. Public Policy Considerations

   - Allowing strategic venue manipulation would encourage similar conduct

   - Corporate defendants could evade local accountability through paper transfers

   - Employment and consumer cases would face artificial barriers to justice


D. Practical Implications Favor Current Venue


1. Judicial Efficiency

   - This Court already familiar with parties and issues

   - Transfer would require redundant judicial resources

   - Existing scheduling and case management would be disrupted


2. Access to Justice

   - Western District provides natural forum for disputes with local corporations

   - Transfer would create artificial barriers to legitimate claims

   - Local controversies should be decided locally

**IV. CONCLUSION**

Any apparent attempt to manufacture grounds for transfer exemplifies precisely the kind of forum shopping that courts have consistently rejected. The Western District of Texas, home to Defendant's headquarters and the source of the conduct at issue, remains the natural and proper forum for this action. The Court should deny any motion to transfer venue and maintain jurisdiction over this matter.

Respectfully submitted,

January 21st, 2025

/s/ Justin Riddle

Pro Se Plaintiff

402-813-2156

Justinriddle1@gmail.com

CERTIFICATE OF SERVICE.

USPS mail, including original case filed with case number mailed January 21st, 2025 to X Corp headquarters in Bastrop, TX.

