RESPONSE TO DEFENDANT'S MISREPRESENTATION REGARDING EXTENSION REQUEST

To the Honorable Judge Albright,

I must correct a material misrepresentation in Defendant's filing regarding my position on their extension request. It is a flat lie.

I request you deny any extension based on the Defense's dishonest approach to the Court and require them to answer whether or not they misrepresented their claim to the Court.

Until major law firms and their employers learn that lying to the Court has consequences, what reason do they have to be honest? What we have here is not even remotely subjective. They asked if I agreed to an extension, I clearly stated "No".

How then, should it be handled when they fabricate an elaborate response that flatly claims the opposite of what I stated?

On Sunday March 9, 2025 at 5:01 pm CST, the defense reached out to ME through email. I had not reached out to their attorneys at any point.

I explicitly stated: "No Extension Will Be Granted, as none will be needed with the reduction of pages in my brief, and for interest of public protection." This was my clear and unambiguous position.



Could I have been more clear in my response? Would the defense like to introduce the contents of the settlement offer they wanted to discuss?

In a stunning display of DISHONESTY to the Court, the defendant has chosen to lie in a provably false manner.

On Tuesday, March 11th, at 8:01 pm, the defense reached out to me asking for a confidential phone call to settle the matter.

Only AFTER their subsequent Rule 408 communications, apparently a trick, did I make a conditional statement about potentially not opposing - which was explicitly

predicated on my filing a notice with specific context about new evidence. Defendant's selective representation to this Court omitted both my initial clear rejection and the conditional nature of my later statement.

As it is specifically excluded from inclusion in this proceeding, I can only offer the previous evidence of my non protected communication which reads as follows:



[Quoted text hidden]

**J R** <justinriddle1@gmail.com>  Sun, Mar 9, 2025 at 6:38 PM
To: Kenneth M. Trujillo-Jamison <ktrujillo-jamison@willenken.com>

Thank you for bringing the page limit guideline to my attention. As a self-represented litigant, I appreciate your professional courtesy in highlighting this procedural requirement directly rather than raising it first with the Court.

In the spirit of cooperation, I will be filing a revised 20-page response tomorrow morning and will note in my submission how I appreciate your consideration in allowing me the opportunity to correct this without pointing out my page error to the Court. As someone committed to following procedural rules, I have amended my filing in the interest of fair play.

New Evidence: X Corp.'s Fraudulent Advertising Practices

Since my original submission, I have discovered serious concerns regarding X Corp.'s advertising practices that warrant immediate attention.

After paying $150 to promote content related to Section 230, I found that my promoted tweet was completely invisible in search results. A screen recording documents the following:

1. Scrolling through "Latest" results for over 3 minutes, I encountered posts dating back to 2020-2022, yet my promoted content was completely absent outside of my own account.

2. When switching to "Newest" and scrolling for just 2 minutes, I was able to locate my unpromoted post from two and a half days ago—proving that even old, organic content was more visible than my paid promotion.

Screen Recording below:

https://youtu.be/yf7s1TQ4bmQ?feature=shared

This raises serious legal and ethical concerns about the integrity of X Corp.'s advertising platform. If paying for promotion actually results in reduced visibility, then this suggests X Corp. is engaging in deceptive business practices that compound my existing concerns regarding content moderation and fraudulent billing.

And that's a mild overview of what I discovered.

Further Evidence of Systemic Suppression

Additionally, I have identified a pattern of conduct that spans both pre- and post-Musk Twitter/X, confirming that:

1. Certain favored users are allowed to repeatedly violate policies without consequence.

2. Disfavored users are punished disproportionately (e.g., 12-24 hour suspensions) if they defend themselves.

3. Further penalties occur if the disfavored user attempts to:

Defend themselves publicly, or

Report harassment through official mechanisms.

4. Disfavored users are subjected to months or even years of unverifiable "identity verification" roadblocks, including requests for government ID, with no resolution ever provided.

5. These false and misleading enforcement practices are transmitted electronically across state lines, raising significant legal questions.

No Extension Will Be Granted, as none will be needed with the reduction of pages in my brief, and for interest of public protection.

Given these new findings and the expedited nature of this litigation, I cannot agree to an extension of your reply deadline.

If X Corp. wishes to discuss a resolution, I am open to a phone conversation THIS EVENING.

I will be recording the call for my own records but commit to keeping its contents confidential and will not publish or share it.

If no discussion takes place tonight, I will proceed with filing my revised response tomorrow morning and continue litigation as scheduled, including an expanded review of X Corp.'s advertising practices.

Finally, since my initial filing in December, X Corp. modified its user agreement in record time to limit legal exposure. If such a complex corporate restructuring was possible in a short timeframe, there is no reason why your team cannot meet the existing briefing schedule.

Please advise whether you wish to proceed with our call this evening or if we will move forward with the litigation timeline as is.

Justin Riddle
402-813-2156

[Quoted text hidden]

**J R** <justinriddle1@gmail.com>  Sun, Mar 9, 2025 at 8:15 PM
To: Norma N. Bennett (nbennett@shb.com) <nbennett@shb.com>, Gibbs, Michella R. (SHB) <mgibbs@shb.com>, Kenneth M. Trujillo-Jamison <ktrujillo-jamison@willenken.com>

My apologies, I didn't reply all.
[Quoted text hidden]

**J R** <justinriddle1@gmail.com>  Mon, Mar 10, 2025 at 10:19 AM

To be absolutely clear: I DID NOT AGREE to this extension. Defendant's representation to the contrary is demonstrably false based on the email record, and they should be held responsible for such an early abuse of their position as a steward of the Court.

More troubling, I explicitly proved to them through real-time documents that I was CURRENTLY INVISIBLE TO MYSELF on X.

That's correct Your Honor, as of this exact moment, I can't even find my PAID, promotional post, when I click on the responses to it, from my own account…

It's amazing it took impersonation, harassment and copyright infringement to bring the logical inevitability of unrestricted power to the Court, but here we are, a billion dollar corporation reaching out to a self represented litigant to create a lie for the Court.

Additionally, today they had me call into their Texas office on a recorded line while insisting that according to the prophecy, they were allowed to record the call, but I wasn't, based on California law.

They legitimately claimed California jurisdiction while physically speaking from a Texas location...

The defense believes that this is a game of Attrition/Linguistics and all they need to do is use the same old tactics and they are in the clear. I say NO MORE.

No more pretending that merely calling yourself a social media platform gives you a "God Mode" cheat code.

No more allowing billion dollar corporations buy their way out of their crimes.

No more pretending that the color of ink on the signature page, or the wrong font, is good enough to convince the Court to ignore fundamental business laws.

And most importantly, no more punishment of innocent people at the hands of criminals. Allowing the system to claim it's daytime in California at 1 am in Texas, never works in the end.

The defense scheduled and wasted my time pretending to intend on resolution, for the sole purpose of finding something they could use to misrepresent the facts to the tribunal. This should be strongly discouraged in any fair situation, through sanctions and reprimand.

This absolutely can not stand in this country. Procedural gamesmanship is not justice and should not be praised or rewarded.

Now is the time.

Respectfully submitted,

Justin Riddle

Pro Se Litigant