# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

# AUSTIN DIVISION

JUSTIN RIDDLE,

 Plaintiff,

v.

X CORP., formerly known as TWITTER, INC.,

 Defendant.

Civil Action No. 1:25-cv-00073-ADA

# PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO AMEND COMPLAINT

Plaintiff Justin Riddle ("Plaintiff"), appearing pro se, respectfully moves this Court to reconsider its Order entered on March 14, 2025, denying Plaintiff's Motion to Amend Complaint. This Motion for Reconsideration is based on a fundamental mischaracterization of Plaintiff's Motion to Amend that appears to have resulted from either a misreading of the Amended Complaint or a misunderstanding of its legal purpose.

## I. INTRODUCTION

On March 14, 2025, this Court denied Plaintiff's Motion to Amend Complaint, stating: "Plaintiff's motion appears to be an attempt to prevent Defendant from transferring venue rather than a true motion to amend a complaint." Plaintiff respectfully submits that this characterization has no basis in the text of the Amended Complaint and represents a clear error that warrants reconsideration.

## II. THE AMENDED COMPLAINT CONTAINS NO ARGUMENTS AGAINST VENUE TRANSFER

A thorough review of the Amended Complaint reveals that the word "venue" appears exactly twice in the entire document:

1. In the standard heading "JURISDICTION AND VENUE" (paragraph 4)
2. In paragraph 5: "Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because:"

These are standard jurisdictional statements that every federal complaint must include to establish proper venue under the Federal Rules of Civil Procedure. They represent boilerplate language required in all federal complaints and cannot reasonably be interpreted as arguments against venue transfer.

Nowhere in the Amended Complaint does Plaintiff:

- State that X Corp should not be allowed to transfer venue
- Argue against a venue transfer
- Object to the case being heard in another jurisdiction
- Make any arguments that could reasonably be construed as attempting to prevent venue transfer

## III. THE AMENDED COMPLAINT CONTAINS SUBSTANTIAL NEW EVIDENCE AND CLAIMS

Contrary to the Court's characterization, the Amended Complaint represents a genuine and substantial amendment that:

1. Adds significant new evidence discovered during the pendency of litigation, including:

    - Documented mathematical impossibilities in X Corp's advertising metrics (Exhibits A-12 through A-15)
    - Evidence of algorithmic manipulation during active litigation (Exhibit A-9)
    - Real-time screen recordings of promoted content being rendered inaccessible while charges continued
    - Written acknowledgments from X Corp of violations (Exhibit A-5)

2. Presents additional causes of action based on newly discovered evidence

3. Provides comprehensive documentation spanning multiple years that establishes systematic patterns of misconduct rather than isolated incidents

The 39-page Amended Complaint contains detailed factual allegations supported by numerous exhibits that were not part of the original Complaint. It represents a good-faith effort to update the Court with newly discovered evidence and legal theories that have emerged during litigation.

# IV. NO MOTION TO TRANSFER VENUE HAS BEEN FILED IN THIS CASE

Plaintiff respectfully submits that the Court's characterization is particularly puzzling given that Defendant X Corp. has not filed any motion to transfer venue in this case. As of the date of this Motion for Reconsideration, the docket reflects:

1. No motion to transfer venue has been filed by X Corp.
2. No pending venue dispute exists in this litigation
3. No request for change of venue has been made by any party

It is procedurally impossible for Plaintiff's Amended Complaint to be "an attempt to prevent Defendant from transferring venue" when no such transfer has been requested. The Court's characterization addresses a non-existent procedural issue that neither party has raised.

## V. THE COURT APPEARS TO HAVE CONFUSED CHOICE-OF-LAW ARGUMENTS WITH VENUE ARGUMENTS

Plaintiff respectfully submits that the Court may have confused Plaintiff's choice-of-law arguments with venue arguments. These are entirely separate legal concepts:

1. **Choice of Law**: Determines which state's substantive laws apply to a case, regardless of where the case is physically heard

2. **Venue**: Determines which physical court has geographical jurisdiction to hear a case

In Section 8F of the Amended Complaint, Plaintiff addresses X Corp's choice-of-law arguments by noting that X Corp has established its principal place of business in Texas and received tax benefits from the state. These arguments relate solely to which state's laws should apply to the dispute—not where the case should be heard.

The Defendant's Motion to Dismiss (Document 14) specifically invoked California law through a choice-of-law provision in its Terms of Service. Plaintiff's Amended Complaint merely responds to this legal argument by asserting that Texas law should apply given X Corp's principal place of business in Texas. This is a substantive legal argument about applicable law, not a procedural argument about venue.

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court reconsider its Order denying Plaintiff's Motion to Amend Complaint. The record clearly demonstrates that:

1. The Amended Complaint contains no arguments against venue transfer

2. No motion to transfer venue has been filed by any party in this case
3. The Amended Complaint represents a genuine amendment with substantial new evidence and claims
4. The choice-of-law arguments in the Amended Complaint address substantive legal issues, not venue

In the alternative, if the Court maintains its position that the Amended Complaint somehow attempts to prevent venue transfer, Plaintiff requests that the Court identify the specific language in the Amended Complaint that it interprets as making such an argument, so that Plaintiff may address those specific concerns in a new motion to amend.

Respectfully submitted,

Justin Riddle
Pro Se Litigant
16422 Patrick Ave
Omaha, NE 68116
402-813-2156

Date: March 14th, 2025

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and service was performed through Electronic Filing Notice to opposing counsel.