UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

JUSTIN RIDDLE,

Plaintiff,

v.

X CORP., formerly known as TWITTER, INC.,

Defendant.

Civil Action No. 1:25-cv-00073-ADA

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME AND OBJECTION TO PROPOSED ORDER (DKT. 27-1)

COMES NOW the Plaintiff, appearing pro se, and submits this combined Opposition to Defendant's Motion for Extension of Time and Objection to the Proposed Order filed as Dkt. 27-1. While Defendant has properly noted Plaintiff's opposition to its motion, the proposed order attempts to preempt the Court's discretion by presenting an unsigned document that reads as though it reflects a finalized ruling. It does not.

## I. INTRODUCTION

Defendant X Corp seeks additional time to respond to legal violations that are already **fully documented, uncontested, and grounded in elementary statutory principles**. The request is not based on legal complexity, evidentiary ambiguity, or any risk of prejudice. Rather, it is an attempt to delay accountability for conduct that would trigger immediate consequences under nearly any other legal scenario.

At issue are real-time violations involving:

- Unlawful copyright infringement;
- Verified manipulation of Plaintiff's ad performance metrics;
- Unauthorized remote access to Plaintiff's device location data.

These are not novel legal theories. They are not unsettled constitutional questions. They are not even controversial. This is the legal equivalent of turning in an algebra quiz and being asked for three weeks to explain what 7 + 3 equals.

## II. FACTUAL CONTEXT AND TIMING DISPARITY

Since litigation began:

- Defendant has altered Plaintiff's performance metrics to show mathematically impossible outcomes;
- Defendant made Plaintiff's paid advertisements undiscoverable by the public;
- Defendant activated location tracking on Plaintiff's phone—without consent—and continues to bill for services Plaintiff cannot evaluate.

All of this is **captured on video, with metadata and screen recordings already submitted into the record**. There is no ambiguity here.

Meanwhile, Defendant has demonstrated the ability to deploy system-wide technical changes **within hours**, yet now seeks 22 days to draft a response. One might ask what that time is for—perhaps to piece together a legal mosaic from federal, state, international, and municipal sources in hopes of manufacturing a defense where none exists.

## III. LEGAL ANALYSIS

### A. Emergency Motions Remain Unaddressed

This Court has not ruled on either of Plaintiff's Emergency Motions (Dkts. 24 and 26), both of which document active harm. Yet Defendant's procedural motion presumes a right to judicial accommodation before the Court has even acknowledged the merits of Plaintiff's claims.

A delay without comment is not neutral—it functionally allows the underlying violations to continue, unchecked, while the defendant drafts a narrative.

**B. Defendant Has Not Denied the Conduct—Only Requested More Time to Respond to It**

Defendant has offered **no denial** of the facts presented. Not a single word has been filed contesting:

- The existence or ownership of the copyrighted content;
- The validity of the DMCA takedown history;
- The performance data manipulation;
- The unauthorized device access.

If Defendant is not disputing the law, not disputing the facts, and not asserting prejudice, then the **only value of additional time is to continue the conduct already documented**.

**C. Extensions Are Not Neutral When Harm Is Ongoing**

Every day this case is delayed, Defendant continues to:

- Bill for services that Plaintiff cannot evaluate;
- Obscure data critical to evaluating the value of paid promotions;
- Maintain the capability to interfere with user devices at a system level.

Delaying accountability while ongoing harm continues is not a scheduling issue—it is a judicial decision to allow abuse to proceed without consequence.

## IV. DEFENDANT'S TACTICAL SHIFT REVEALS THE STAKES

After Plaintiff's filings, Defendant's counsel contacted Plaintiff directly—an unusual step in adversarial litigation. This shift was not collegial. It was strategic.

Counsel recognized that Plaintiff's evidentiary submissions left little room for maneuver, and that the legal structure was built to expose precisely this pattern of institutional abuse. Having realized they are facing a pro se litigant who not only understands the law but who has won in the Nebraska Supreme Court against similar procedural evasion, Defendant is now attempting to **run the same platform stall tactics through litigation instead of customer service.**

This is the same pattern familiar to thousands of users:

- Report a violation;
- Receive a generic acknowledgment;
- Wait indefinitely;
- Receive an eventual denial with no accountability.

## V. DEFENDANT'S COUNSEL CANNOT IGNORE THEIR ETHICAL OBLIGATIONS

This conduct is not just a platform issue—it is now a legal issue, and **Defendant's counsel is bound by duties to this Court that extend beyond their client's preferences.**

Under **Model Rules 1.1 (Competence)** and **3.3 (Candor Toward the Tribunal)**, Defendant's attorneys have an obligation to:

- Understand the factual and technical dimensions of the case;
- Ensure they are not misrepresenting or ignoring material facts already in the record;
- Avoid procedural stalling that enables ongoing harm.

If Defendant's counsel is operating without access to the technical staff involved—treating this case like an academic exercise—they are failing in their duty of competence. If they **do** have access to that technical knowledge and are proceeding anyway without seeking to halt the misconduct, they are violating their duty of candor.

Attorneys are not allowed to pretend their client's hands are clean when the record shows otherwise.

They know what is occurring. They've seen the evidence. And they have made a deliberate choice not to act on it—while asking this Court for the procedural gift of time.

## VI. REQUEST FOR CLARIFICATION IF EXTENSION IS GRANTED

Should the Court consider granting any part of Defendant's requested extension, Plaintiff respectfully requests the following:

1. That the Court **acknowledge on the record** whether it has reviewed the evidence presented in Dkt. 24 and Dkt. 26;

2. That the Court **explicitly state whether it finds interim relief unnecessary**, despite evidence of active, ongoing violations;
3. That the Court clarify whether **procedural efficiency outweighs substantive emergency relief** under the circumstances presented.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. DENY Defendant's Motion for Extension of Time;
2. STRIKE the Proposed Order at Dkt. 27-1 as procedurally misleading and substantively inappropriate;
3. ADDRESS Plaintiff's Emergency Motions on their merits;
4. ENTER immediate interim relief to halt further manipulation of account settings, suppression of advertising metrics, unauthorized device access, and improper billing.

Respectfully submitted,

**Justin Riddle**

Pro Se Litigant

16422 Patrick Ave

Omaha, NE 68116

justinriddle1@gmail.com

402-813-2156

Dated: March 27, 2025

.