## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>      Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>      Defendant. | Civil Action No. 1:25-cv-00073-ADA |

### DEFENDANT X CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**I. INTRODUCTION**

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendant X Corp. respectfully requests that the Court take judicial notice of, or in the alternative, incorporate by reference, the following documents for purposes of ruling on X Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), filed concurrently:

- **Exhibit 1**, which is a true and correct copy of the version of X Corp.'s Terms of Service that were effective from September 29, 2023 to November 14, 2024 (version 19; "Relevant TOS"), *available at* https://web.archive.org/web/20240531003626/x.com/en/tos (last visited March 26, 2025), and attached as Exhibit 1 to the Declaration of Kenneth M. Trujillo-Jamison ("Trujillo-Jamison Declaration");

- **Exhibit 2**, which is a true and correct copy of X Corp.'s Purchaser Terms of Service ("Purchaser Terms") that were effective from November 17, 2023 to May 13, 2024, *available at* https://web.archive.org/web/20240207113220/https:/legal.x.com/en/purchaser-terms.html

(last visited March 26, 2025), and attached as Exhibit 2 to the Trujillo-Jamison Declaration; and

- **Exhibit 3**, which is a true and correct copy of X Corp.'s Purchaser Terms that were effective from May 13, 2024 to March 14, 2025, *available at* https://web.archive.org/web/20240619141758/https:/legal.x.com/en/purchaser-terms.html (last visited March 26, 2025), and attached as Exhibit 3 to the Trujillo-Jamison Declaration.

## II. LEGAL STANDARD

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts not subject to reasonable dispute are ones that (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

In addition, under the incorporation-by-reference doctrine, a court ruling on a motion to dismiss also may consider "documents incorporated into the complaint by reference." *Funk*, 631 F.3d at 783.

## III. ARGUMENT

### A. Exhibits 1 Through 3 Meet the Requirements of Fed. R. Evid. 201(b)

Exhibits 1 through 3, which are archived copies of X Corp.'s publicly available webpages, are properly subject to judicial notice because their contents are not subject to reasonable dispute. *See Kennedy v. Shell USA, Inc.*, 2024 WL 2863381, at *3 (E.D. La. June 6, 2024) (taking judicial notice of defendant's website); *Columbare v. Sw. Airlines, Co.*, 2023 WL 406439, at *4 (N.D. Tex.

Jan. 10, 2023) (taking judicial notice of contract available on defendant's website and collecting cases where "[c]ourts have taken judicial notice of publicly available information on a company's official website"), *report and recommendation adopted*, 2023 WL 416548 (N.D. Tex. Jan. 25, 2023). That Exhibits 1 through 3 are archived webpages obtained from the Internet Archive's Wayback Machine does not change the analysis because "[t]he 'contents of webpages available through the Wayback Machine' constitute 'facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Thomas v. S.C. Dep't of Mental Health*, 2023 WL 3853432, at *3 (D.S.C. June 6, 2023) (quoting *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021)); *see also Yuksel v. Twitter, Inc.*, 2022 WL 16784612, at *3 (N.D. Cal. Nov. 7, 2022) (taking judicial notice of archived webpages using the Wayback Machine); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (courts "have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to [Rule 201]").

Also, courts routinely take judicial notice of a company's terms of service, such as Exhibits 1 through 3. *See Ross v. NavyArmy Cmty. Credit Union*, 2022 WL 100110, at *2 (S.D. Tex. Jan. 11, 2022) (taking judicial notice of PayPal's terms and conditions); *Yuksel*, 2022 WL 16748612, at *2–3 (finding that Twitter's Terms of Service (among other documents) were "properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute"); *Jones v. Twitter, Inc.*, 2020 WL 6263412, at *1 n.2 (D. Md. Oct. 23, 2020) (X Corp.'s "publicly available Terms of Service are subject to judicial notice.").

Thus, it is appropriate for the Court to take judicial notice of Exhibits 1 through 3 under Federal Rule of Evidence 201(b) and consider them in deciding the Motion.

### B.     Exhibits 1 Through 3 Meet the Requirements for Incorporation by Reference

In the alternative, the Court can and should consider Exhibits 1 through 3 pursuant to the doctrine of incorporation-by-reference doctrine. Under this doctrine, "[w]hen a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims . . . the court can also properly consider those documents." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Exhibits 1 through 3 are central to Plaintiff's claims. Plaintiff alleges that, starting in December 2023, unknown third parties ("Third-Party Does") created Twitter[1] accounts that impersonated Plaintiff, using Plaintiff's information and images (Dkt. 3 ¶ 22[2]), and that the Third-Party Does' conduct amounted to "violations of X Corp.'s own terms of service" (Dkt. 22 ¶ 11). He further alleges that, from February to July 2024, his Twitter account was suspended after one of his posts was reported for "for violating [X Corp.'s] rules"; that during the period his account was suspended, he was charged for premium services he did not receive; and that X Corp. "[c]onceal[ed] the true nature of its billing practices." Dkt. 3 ¶¶ 29–31. The First Amended Complaint also alleges that "Plaintiff entered into a contract with X Corp. by subscribing to its premium services and paying for promotional services," and asserts a claim for breach of contract and breach of the implied covenant of good faith and fair dealing. Dkt. 22 ¶¶ 69–74.

The Relevant TOS, which governs Plaintiff's use of Twitter generally, and the Purchaser Terms, which governs his alleged subscription for premium services (including billing and

---

[1] "Twitter" the social media platform has been rebranded as "X." For ease of reference, this Request for Judicial Notice continues to refer to it as "Twitter" because the First Amended Complaint does so.

[2] Dkt. 3 refers to Plaintiff's initial Complaint. The First Amended Complaint states that it "incorporates by reference paragraphs 21–39 of [Plaintiff's] original Complaint." Dkt. 22 ¶ 9.

cancellation), are directly referenced in and central to Plaintiff's claims, and subject to incorporation by reference. *See Gilani v. Univ. of Texas Sw. Med. Ctr.*, 2023 WL 2518811, at *1 (N.D. Tex. Mar. 13, 2023) ("[A] district court may properly consider contracts or other documents that are not attached to the complaint, but are referenced within it and attached to a defendant's Rule 12(b)(6) motion."); *Partners & Friends Holding Corp. v. Cottonwood Mins. L.L.C.*, 653 F. Supp. 3d 344, 348 (N.D. Tex. 2023) (incorporating contract by reference into complaint and granting motion to dismiss), *aff'd*, 2023 WL 8649880 (5th Cir. Dec. 14, 2023); *Moates v. Facebook Inc.*, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024) ("Because the Terms of Service form the basis of Plaintiff's claims and is directly referenced within the [complaint], it is incorporated by reference." (citation omitted)).

## IV.    CONCLUSION

For these reasons, X Corp. respectfully requests this Court take judicial notice of, or in the alternative incorporate by reference, Exhibits 1 through 3 attached to the Trujillo-Jamison Declaration, and consider them in deciding X Corp.'s Motion.

Dated: March 27, 2025

Respectfully submitted,

By:  */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
(admitted pro hac vice)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
(213) 955-9240 (Telephone)
(213) 955-9250 (Facsimile)

Norma N. Bennett
Texas Bar No. 24028492
nbennett@shb.com
Michella Gibbs
Texas Bar No, 24107371

mgibbs@shb.com
SHOOK, HARDY & BACON, LLP
600 Travis, Suite 3400
Houston, Texas 77002
(713) 227-8008 (Telephone)
(713) 227-9508 (Facsimile)

*Attorneys for Defendant X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I filed the foregoing document with the clerk of court for the United States District Court, Western District of Texas, Austin Division, using the Court's CM/ECF filing system. I hereby certify that I have served all parties in the manner authorized by the Federal Rules of Civil Procedure, including those parties not registered for electronic filing.

Justin Riddle
16422 Patrick Ave
Omaha, NE 68116
402-813-2156
Email: justinriddle1@gmail.com

*Pro Se Plaintiff*

/s/ Norma N. Bennett
Norma N. Bennett

6