UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JUSTIN RIDDLE,** § § § **Plaintiff,** § § **v.** § **CIVIL NO. A-25-CV-00073-ADA** § **X CORP.,** § § **Defendant.** § § | |

## O R D E R

Before the Couurt is Defendant's Motion Seeking Clarification of X Corp.'s Deadline to respond to Plaintiff's "Supplemental Emergency Motion Regarding Unauthorized Location Tracking and Ongoing Technical Manipulation." ECF No. 27. Having reviewed the parties' briefing, the relevant facts, and the applicable law, the Court determines that the Motion should be **GRANTED**.

Plaintiff filed an Emergency Motion for Preservation of Evidence and Immediate Judicial Intervention on March 16, 2025, alleging spoliation of evidence (the "first motion"). ECF No. 24. Because the first motion seeks both discovery and non-discovery relief, including data restoration, forensic inspection, an adverse jury instruction, and monetary sanctions, Defendant moved for clarification for the Court regarding its deadline to respond to this first motion, proposing a deadline of March 31, 2025. ECF No. 25; *see* ECF No. 24. Defendant's motion was not opposed, and the Court set a response deadline to the first motion for March 31, 2025. 03/19/2025 Text Order.

Plaintiff then filed a Supplemental Emergency Motion (the "second motion") on March 23, 2025, alleging that Defendant has activated his location settings without his consent or knowledge.

ECF No. 26. Because the second motion supplements and overlaps with the first motion, Defendant filed the present motion requesting that its deadline to respond to Plaintiff's first motion be reset to coincide with its deadline to respond to Plaintiff's second motion. ECF No. 27. Defendant proposes its deadline to respond to the two motions be set for April 7, 2025. *Id.* at 2. Plaintiff opposes, asking this Court to instead "address Plaintiff's Emergency Motions on their merits" and "enter immediate interim relief." ECF No. 28.

The Court finds that good cause exists to reset Defendant's deadline to respond to the two motions to April 7, 2025. As an initial matter, the Court will not address the merits of either motion until Defendant has had the opportunity to respond. As Defendant notes, the two motions seek similar relief from the Court, which involve discovery and non-discovery issues. Plaintiff filed its second motion on March 23, one week after he filed his first motion. The proposed deadline takes this into account—April 7, 2025 is a one-week extension from the current deadline. Moreover, the alternative would be to grant Plaintiff fourteen days to respond to Plaintiff's second motion, which simply results in the same April 7, 2025 deadline. *See* Local Rule CV-7.

For these reasons, the Court **GRANTS** Defendant's Motion Seeking Clarification (ECF No. 27) and **ORDERS** that Defendant's deadline to file a response to Plaintiff's Supplemental Emergency Motion Regarding Unauthorized Location Tracking and Ongoing Technical Manipulation (ECF No. 26) is April 7, 2025, and its deadline to file a response to Plaintiff's Emergency Motion for Preservation of Evidence and Immediate Judicial Intervention (ECF No. 24) is extended to and includes April 7, 2025.

**SIGNED** this 28th day of March, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE