## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 1:25-cv-00073-ADA |

### DEFENDANT X CORP.'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

I. **INTRODUCTION**

Plaintiff's opposition brief ("Opposition") (Dkt. 31; "Opp'n") confirms his First Amended Complaint (Dkt. 22; "FAC") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Opposition fails to rebut X Corp.'s argument that X Corp.'s Terms of Service ("Relevant TOS") and Purchaser Terms of Service ("Purchaser Terms"), to which Plaintiff necessarily agreed, bar Plaintiff's claims. In addition, Plaintiff has not and cannot identify factual allegations or law showing he plausibly alleged the required elements of any of his claims. Moreover, amendment would be futile because Plaintiff fails to identify any new facts he can allege to save his claims, and his proposed new claims would necessarily fail.

This Court should dismiss Plaintiff's FAC without leave to amend.

II. **ARGUMENT**

    A. **California Law Applies to Plaintiff's State Law Claims**

Plaintiff argues the Relevant TOS' choice of law provision is unenforceable because it purportedly "conflicts with Texas public policy" of "regulating deceptive commercial practices occurring at a business's principal place of business within Texas." Opp'n at 7–8. Plaintiff offers no support for this assertion, which perhaps is unsurprising: Texas's purported public policy is not relevant where, as here, the issues raised are resolvable by express provisions in the applicable contract.[1] *See McKeehan v. McKeehan*, 355 S.W.3d 282, 292 (Tex. App. 2011) (Michigan choice of law provision was enforceable, and public policy analysis was not applicable because the issues

---

[1] Moreover, while Plaintiff purports to state Texas's public policy, he does not argue California law is contrary to Texas public policy. *See NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 2016 WL 184432, at *2 (W.D. Tex. Jan. 15, 2016) (enforcing New York choice of law provision where plaintiff "has not argued that New York law is contrary to a fundamental policy of the State of Texas"), *report and recomm. adopted as modified on unrelated grounds*, 2016 WL 4240070 (W.D. Tex. Apr. 18, 2016).

1

"could have been resolved by including a specific provision in" the parties' agreement).

Thus, California law applies to Plaintiff's state law claims.

### B.     The Relevant TOS and Purchaser Terms Expressly Bar Plaintiff's Claims

Plaintiff does not dispute that the disclaimers and limitation of liability clauses in the Relevant TOS and Purchaser Terms bar his claims other than his copyright infringement claim and his other claims purportedly based in fraud. *See* Mot. at 6–7; Opp'n at 5, 8. Plaintiff therefore concedes his non-fraud claims other than copyright infringement should be dismissed as barred by the Terms. *See Jordan v. U.S. Bank Home Mortgage*, 2019 WL 5105450, at *5 (W.D. Tex. Aug. 1, 2019) (pro se plaintiff "waived any argument [a] claim should not be dismissed" by failing to "specifically respond to Defendants' argument").

Plaintiff contends that "[c]opyright [l]aw [s]upersedes [t]erms of [s]ervice," citing *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). That case does not even address, much less hold, that a disclaimer or limitation of liability clause in agreed-upon terms of service cannot apply to copyright infringement claims. Plaintiff's reliance on this case is therefore misplaced. And Plaintiff does not otherwise establish the Terms' disclaimer and limitation of liability clauses do not bar his copyright infringement claim.

Plaintiff also contends that the Relevant TOS and Purchaser Terms do not apply to his fraud-based claims. Opp'n at 5–6, 8. But, as explained in full in X Corp.'s Motion to Dismiss, the FAC does not plausibly allege any of his fraud-based claims (*i.e.*, wire fraud, civil RICO, or "fraudulent billing"). *See* Mot. at 10–14. Because he failed to plausibly allege these fraud-based claims, the Relevant TOS' and Purchaser Terms' disclaimers and limitation of liability clauses bar them. *See Ryan v. X Corp.*, 2024 WL 5058526, at *5–6 (N.D. Cal. Dec. 9, 2024) (X Corp.'s TOS barred all claims, including fraud claim, where complaint failed to plausibly allege fraud). And Plaintiff fails to explain how his speculative assertions about purported "mathematical

2

impossibilities in advertising metrics" (*see, e.g.*, Opp'n at 8), plausibly establish any, much less all, of the elements of his fraud-based claims.[2]

In sum, all of Plaintiff's claims are barred by the disclaimers and limitation of liability clauses in the Relevant TOS and Purchaser Terms and therefore should be dismissed as a matter of law.

### C. Plaintiff Fails to State Any Plausible Claim for Relief

#### 1. *Plaintiff Fails to Allege a Plausible Copyright Infringement Claim*

Plaintiff does not dispute the FAC fails to plausibly allege facts that would establish the requisite elements of his copyright infringement claim. *See* Mot. at 7–9; *see generally* Opp'n. Plaintiff has therefore abandoned his copyright infringement claim, which should be dismissed. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (plaintiff's "fail[ure] to defend her . . . claim" in opposition to motion to dismiss "constituted abandonment"); *Escamilla v. ADT, LLC*, 2024 WL 2807028, at *1 (W.D. Tex. May 30, 2024) ("Plaintiffs' failure to defend their claims in response to [defendant's] motion [to dismiss] constitutes abandonment.").

#### 2. *Plaintiff Fails to Allege a Plausible Claim for Violation of the DMCA*

Similarly, Plaintiff does not dispute the FAC fails to allege the requisite elements of a claim for violation of 17 U.S.C. § 512 of the Digital Millennium Copyright Act ("DMCA"). *See* Mot. at 9–10; *see generally* Opp'n. He therefore has abandoned his DMCA claim, which should be dismissed. *See Black*, 461 F.3d at 588 n.1; *Escamilla*, 2024 WL 2807028, at *1.

#### 3. *Plaintiff Fails to Allege a Plausible Wire Fraud Claim*

As explained in X Corp.'s Motion to Dismiss, Plaintiff's wire fraud claim should be dismissed because the statute he invokes, 18 U.S.C. § 1343, is a criminal statute, and there is no

---

[2] For this reason, Plaintiff's reliance on *Civic Ctr. Drive Apartments Ltd. P'ship v. Sw. Bell Video Servs.*, 295 S.W.3d 417, 430 (Tex. App. 2009), is misplaced. *See* Opp'n at 8.

3

private cause of action under that statute. Mot. at 11. Although Plaintiff concedes "only the government can criminally prosecute wire fraud," he appears to argue he nonetheless can bring a civil claim for wire fraud under 18 U.S.C. § 1343. Opp'n at 6. However, "the Court of Appeals for the Fifth Circuit has held that no private cause of action is permitted under the mail and wire fraud statutes." *Brown v. Anderson*, 2016 WL 6903730, at *4 (N.D. Tex. Oct. 5, 2016) (citing *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974)), *report and recomm. adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016); *see also* Mot. at 10. Thus, Plaintiff's wire fraud claim should be dismissed with prejudice.

### 4.     *Plaintiff Fails to Allege a Plausible RICO Claim*

As explained in X Corp.'s Motion to Dismiss, Plaintiff fails to allege a plausible RICO claim because he fails to plausibly allege (1) the existence of a RICO enterprise and (2) a pattern of racketeering activity. Mot. at 10–12. Plaintiff appears to argue the FAC plausibly alleges the existence of a RICO enterprise because the "different departments" within X Corp. constitute an "association-in-fact enterprise." Opp'n at 10. He offers no legal support for this argument, which is contrary to law. A RICO enterprise must be "*either* a legal entity *or* an 'association in fact' enterprise." *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) (emphasis added). Because the FAC alleges X Corp., as the defendant, is the RICO person, X Corp.'s internal departments cannot be deemed the RICO enterprise as a matter of law. *See id.* (holding that a RICO person cannot "employ or associate with itself"); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("If the defendant is a legal entity, the plaintiffs must do more than merely establish that the corporation, through its agents, committed the predicate acts in the conduct of its own business.").

Plaintiff also appears to argue the FAC plausibly alleges a pattern of racketeering activity based on conclusory arguments that there were "[m]ultiple instances of wire fraud," "[s]ystemic

4

patterns of fraudulent conduct," and "[o]ngoing violations." Opp'n at 9. These conclusory assertions fail to demonstrate the FAC plausibly alleged a pattern of racketeering activity. *See Alexander v. Brookhaven Sch. Dist.*, 428 F. App'x 303, 309 (5th Cir. 2011) (affirming dismissal where plaintiff raised only a "conclusory argument" to support claim); *Flynn v. Van Meter*, 2024 WL 3890193, at *5 (S.D. Tex. Aug. 20, 2024) (plaintiff waived opposition to dismissal of claim by making "only conclusory arguments").

Thus, Plaintiff's RICO claim should be dismissed.

### 5.  *Plaintiff Fails to Allege a Plausible "Fraudulent Billing" Claim*

Plaintiff does not dispute that "fraudulent billing" is not a legally recognized claim, or that the FAC fails to allege a plausible fraud claim. *See* Mot. at 12–14; *see generally* Opp'n. Thus, Plaintiff has abandoned his "fraudulent billing" claim, which should be dismissed. *See Black*, 461 F.3d at 588 n.1; *Escamilla*, 2024 WL 2807028, at *1.

### 6.  *Plaintiff Fails to Allege a Plausible Negligence Claim*

Plaintiff also does not dispute that the FAC fails to allege a plausible negligence claim. *See* Mot. at 14–16; *see generally* Opp'n. His negligence claim should be dismissed.

### 7.  *Plaintiff Fails to Allege a Plausible DTPA Claim*

Likewise, Plaintiff does not dispute that the FAC fails to allege a plausible claim for violation of the Texas Deceptive Trade Practices Act ("DTPA"). *See* Mot. at 16–18; *see generally* Opp'n. His DTPA claim should be dismissed.

### 8.  *Plaintiff Fails to Allege a Plausible Contract Claim*

Finally, Plaintiff does not dispute the FAC fails to allege a plausible claim for breach of contract or breach of the implied covenant of good faith and fair dealing. *See* Mot. at 18–20; *see generally* Opp'n. His contract claim should be dismissed.

### D.     Leave to Amend Should Be Denied

Plaintiff should be denied leave to amend. No amendment can save Plaintiff's claims because, as explained in the Motion to Dismiss and above, they are all barred as a matter of law by the Relevant TOS and Purchaser Terms. *See Meeks v. DeBouse*, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) (affirming denial of leave to amend where "[n]o amendment would make [plaintiff's] allegations plausible"). Plaintiff also fails to identify any law or new facts that can save his defective claims. *See Scudder v. MCLP Asset Co., Inc.*, 2023 WL 4669675, at *4 (W.D. Tex. July 5, 2023) (denying leave to amend where plaintiff "has not identified any facts or legally plausible theories under which her claims could proceed"), *report and recomm. adopted*, 2023 WL 4672422 (W.D. Tex. July 20, 2023).

The Opposition's only proposed amendment is to "include civil RICO claims under [18 U.S.C.] § 1964(c)." Opp'n at 9. This section provides civil remedies where there is a "violation of section 1962." 18 U.S.C. § 1964(c). As discussed above, Section II.C.3, *supra*, Plaintiff fails to plausibly allege his RICO claim under section 1962 and thus has no claim under 18 U.S.C. § 1964(c). *See* Mot. at 10–12; Section II.C.4, *supra*. Therefore, his proposed civil RICO claims would be barred by the Relevant TOS and Purchaser Terms and would fail as a matter of law. *See* Section II.B, *supra*.

To the extent Plaintiff also is seeking to amend by adding claims arising under the laws cited in his Supplemental Emergency Motion Regarding Unauthorized Location Tracking and Ongoing Technical Manipulation ("Supplemental Motion"), such amendment would also be futile.[3] The Supplemental Motion alleges X Corp. "reactivated" the "location settings" of

---

[3] To be clear, adding new claims through motion practice is procedurally improper. Plaintiff already amended once as of right under Federal Rule of Civil Procedure 15(a). Plaintiff has not sought leave to amend again, much less obtained leave to do so.

Plaintiff's mobile device and asserts that this violates (1) the Computer Fraud and Abuse Act ("CFAA"), (2) California Consumer Privacy Act as expanded under the California Privacy Rights Act (jointly "CCPA"), (3) California Unfair Competition Law ("UCL"), and (4) California False Advertising Law ("FAL"). Dkt. 26 at 7–10. Each of these claims fail as a matter of law.

A civil CFAA claim may be maintained "only" when the defendant's conduct "caused" or "would, if completed, have caused": (1) "loss . . . during any 1-year period . . . aggregating at least $5,000 in value"; (2) "modification or impairment" of a person's "medical examination, diagnosis, treatment, or care"; (3) "physical injury"; (4) "a threat to public health or safety"; or (5) "damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security." 18 U.S.C. § 1030(c)(4)(A)(i)(I)-(IV) & (g). Plaintiff does not allege any of these kinds of harms, much less that they resulted from the purported reactivation of his device's location settings. *See Van Buren v. United States*, 593 U.S. 374, 391-92 (2021) ("loss" under CFAA is limited to "technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data"); *Dixon v. Doe*, 2024 WL 3929899, at *5 (S.D. Tex. Aug. 23, 2024) (dismissing CFAA claim because plaintiff failed to allege any of the "limited circumstances" under which a civil claim is permitted). Thus, Plaintiff's proposed CFAA claim fails.

Plaintiff's proposed CCPA claim also fails. The CCPA permits a "consumer" to bring a civil action when the consumer's personal information is "subject to an unauthorized access and exfiltration, theft or disclosure as a result of [a] business' violation of the duty to implement and maintain reasonable security procedures." Cal. Civ. Code § 1798.150. Plaintiff alleges he is a Nebraska resident. FAC ¶ 7. As such, he is not a "California resident," which is required to be a "consumer" under the CCPA. *Id.* § 1798.140(i); *see also Sifuentes v. X Corp.*, 2024 WL 4953431,

7

at *9 (N.D. Cal. Dec. 2, 2024) (dismissing CCPA claim brought by Michigan resident because "non-California residents lack standing"). Even if Plaintiff had plausibly alleged he was a consumer under the CCPA, he still fails to allege X Corp. failed to implement reasonable security procedures or that a data breach occurred as a result. *See McCoy v. Alphabet, Inc*., 2021 WL 405816, at *8 (N.D. Cal. Feb. 2, 2021) (CCPA claim dismissed "because there are no allegations of a security breach"). Plaintiff's purported CCPA claim fails.

Plaintiff's proposed UCL claim likewise fails. To have standing to assert a UCL claim, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 322 (2011). UCL standing is "substantially narrower" than Article III standing. *M.K. by & through Kirksey v. Google LLC*, 2023 WL 2671381, at *5 (N.D. Cal. Mar. 27, 2023). Plaintiff fails to plausibly allege standing under the UCL because he does not allege he lost any money or property because of the purported reactivation of his device's location settings, much less that such injury was caused by any unfair business practice. *See Divino Grp. LLC v. Google LLC*, 2022 WL 4625076, at *12 (N.D. Cal. Sept. 30, 2022) (no UCL standing where the complaint "does not allege that plaintiffs lost money or property"). Plaintiff also fails to allege any facts that would show X Corp. engaged in any "unlawful, unfair or fraudulent" conduct under the UCL. *See* Cal. Bus. & Prof. Code § 17200. Plaintiff's proposed UCL claim therefore fails.

Plaintiff's proposed FAL claim also fails. The FAL's standing requirements are "identical" to the UCL's standing requirements; as such, for the reasons stated above, Plaintiff fails to plausibly allege standing for purposes of his FAL claim. *Kwikset*, 51 Cal. 4th at 321; *see also Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1093 (C.D. Cal. 2015) (FAL and UCL claims

dismissed together for lack of standing). In any event, Plaintiff's allegation that X Corp. "reactivated" his "location settings" fails to establish that X Corp. made any "statement" to him, much less one that would be "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading" under the FAL. Cal. Bus. & Prof. Code § 17500; *see also McCoy v. Nestle USA, Inc.*, 173 F. Supp. 3d 954, 969 ("Several cases have . . . held that there can be no FAL claim where there is no statement at all . . . ." (citing *Norcia v. Samsung Telecomms., LLC*, 2015 WL 4967247, at *8 (N.D. Cal. Aug. 20, 2015))) (cleaned up). Accordingly, Plaintiff's proposed FAL claim fails.

In sum, because amendment would be futile, this Court should deny Plaintiff leave to amend.[4]

### III.  CONCLUSION

For these reasons, and those stated in X Corp.'s Motion to Dismiss, this Court should dismiss Plaintiff's FAC without leave to amend.

Dated: April 3, 2025

Respectfully submitted,

By: *Kenneth M. Trujillo-Jamison*
    Kenneth M. Trujillo-Jamison
    (admitted pro hac vice)
    ktrujillo-jamison@willenken.com
    WILLENKEN LLP
    707 Wilshire Blvd., Suite 4100
    Los Angeles, CA 90017
    (213) 955-9240 (Telephone)
    (213) 955-9250 (Facsimile)

    Norma N. Bennett
    Texas Bar No. 24028492
    nbennett@shb.com

---

[4] X Corp. disputes Plaintiff's unsubstantiated assertions that it has engaged in a "systematic strategy to obstruct legitimate claims" and has engaged in a "pattern of reactive technical manipulation during active litigation." Opp'n at 7. In any event, those allegations are irrelevant to deciding X Corp.'s Motion to Dismiss. As explained in that Motion and above, Plaintiff's FAC should be dismissed without leave to amend.

9

                          Michella Gibbs
                          Texas Bar No, 24107371
                          mgibbs@shb.com
                          SHOOK, HARDY & BACON, LLP
                          600 Travis, Suite 3400
                          Houston, Texas 77002
                          (713) 227-8008 (Telephone)
                          (713) 227-9508 (Facsimile)

                          *Attorneys for Defendant X Corp.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 3, 2025, I filed the foregoing document with the clerk of court for the United States District Court, Western District of Texas, Austin Division, using the Court's CM/ECF filing system. I hereby certify that I have served all parties in the manner authorized by the Federal Rules of Civil Procedure, including those parties not registered for electronic filing.

Justin Riddle
16422 Patrick Ave
Omaha, NE 68116
402-813-2156
Email: justinriddle1@gmail.com

*Pro Se Plaintiff*

                          */s/ Norma N. Bennett*
                          Norma N. Bennett