IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>           Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>           Defendant. | Civil Action No. 1:25-cv-00073-ADA |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S (1) EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND IMMEDIATE JUDICIAL INTERVENTION AND (2) SUPPLEMENTAL EMERGENCY MOTION REGARDING UNAUTHORIZED LOCATION TRACKING AND ONGOING TECHNICAL MANIPULATION**

## I.     INTRODUCTION

Plaintiff's Emergency Motion for Preservation of Evidence and Immediate Judicial Intervention ("Original Motion") (Dkt. 24) and Supplemental Emergency Motion Regarding Unauthorized Location Tracking and Ongoing Technical Manipulation ("Supplemental Motion") (Dkt. 26) (jointly, "Motions") should be denied. In the Motions, Plaintiff seeks a wide array of sanctions, based on his allegations of purported technical issues he allegedly encountered recently while trying to use X, the social media platform operated by X Corp. But Plaintiff fails to demonstrate that X Corp. has spoliated any evidence, much less that X Corp. intentionally spoliated evidence, or that he would suffer any prejudice caused by the allegedly spoliated evidence. In short, Plaintiff fails to meet the high bar for the relief he seeks. X Corp. respectfully requests this Court deny Plaintiff's Motions in their entirety.

## II.    RELEVANT BACKGROUND

Plaintiff filed this action on January 13, 2025. Dkt. 1. On March 13, 2025, after X Corp. moved to dismiss Plaintiff's initial complaint, Plaintiff filed his First Amended Complaint

1

("FAC"). Dkt. Nos. 14, 22.[1] There, Plaintiff alleges unknown third parties created X accounts "impersonating him" by using his "name, images and personal background," including one photograph of Plaintiff and his wife. Dkt. 3 ¶¶ 21–22.[2] Plaintiff alleges he sent X Corp. notices about the third parties' use of the photograph, but X Corp. purportedly did not remove the photograph from their X accounts as he requested. *Id.* ¶¶ 23–24. Plaintiff also alleges his own X account was suspended from February to July 2024, that he could not "access . . . cancellation features" during this period, and that X Corp. charged him "six times" for premium services he did not receive. *Id.* ¶¶ 30–31. Further, Plaintiff alleges that in March 2025, X Corp. placed a "temporary label" on his account that "may impact its reach" (FAC ¶ 22 (pp. 17–18)), that he observed alleged "mathematical impossibilities" in the "advertising metrics" for a "promoted post" (*id.* ¶¶ 17–20), and that he was unable to view promoted posts on "the web interface," though they were "[v]isible within the mobile application" (*id.* ¶¶ 24–25 (pp. 18–19)).

On March 16, 2025, Plaintiff filed his Original Motion, and a week later, he filed his Supplemental Motion. Dkt. Nos. 24, 26. In his Original Motion, Plaintiff alleges he saw a "blank black screen" when he tried to view certain advertising "metrics information." Original Mot. 24 at 4–6. In his Supplemental Motion, he alleges (1) X Corp.'s "Ads Support" department purportedly "[d]elayed" in responding to Plaintiff's "support requests" concerning his advertising "promotion" and did "not address [the] issues" (Suppl. Mot. at 5–6);[3] (2) the "location tracking settings" for the X application on Plaintiff's mobile device was purportedly turned on (*id.* at 7); and (3) Plaintiff

---

[1] On March 27, 2025, X Corp. filed its motion to dismiss the FAC (Dkt. 29) and Plaintiff filed his opposition (Dkt. 31). X Corp. filed its reply in support of its motion to dismiss on April 3, 2025.
[2] The FAC states that it "incorporates by reference paragraphs 21-39 of [Plaintiff's] original Complaint." FAC ¶ 9.
[3] The purported screenshots Plaintiff includes in his Supplemental Motion indicate that X Ads Support responded to each of Plaintiff's messages within 24-48 hours. See Supplemental Motion at 6.

purportedly suffered technical issues with publishing posts, viewing replies to posts, and creating "a new advertising account" (*id.* at 7). Plaintiff, however, has not sought any discovery from X Corp. about any of these alleged technical issues; in fact, discovery has not begun in this case. Plaintiff nonetheless argues these technical issues he purportedly experienced using his X account constitute spoliation. Original Mot. at 6; Suppl. Mot. at 11.

For relief, Plaintiff requests an order: (1) requiring X Corp. to preserve evidence, document details relating to the purported changes made to its advertising metrics, and to restore Plaintiff's purportedly lost access to the advertising metrics (Original Mot. at 8); (2) appointing a third-party forensic expert to analyze X Corp.'s advertising metrics system and any purported changes, and verify X Corp.'s preservation efforts (*id.*); (3) permitting Plaintiff to obtain expedited discovery (*id.*); (4) placing X Corp. "on notice that continued evidence spoliation may result in adverse inference instructions" (*id.*); (5) imposing monetary sanctions on X Corp. (*id.* at 9); (6) requiring X Corp. "to suspend all charges for promotional services until full metrics visibility is restored" (*id.*); (7) ordering X Corp. to "cease any override of user privacy settings" and implement technical safeguards to prevent such purported overriding (Supp. Mot. at 15); and (8) [r]equiring X Corp. to show cause why it should not be sanctioned" (*id.*).

### III.   LEGAL STANDARD

"Spoliation of evidence is the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (internal quotation mark omitted) (affirming denial of motion for sanctions). "To issue a sanction based on spoliation, the Court must first find (1) the existence of a duty to preserve the information, (2) a culpable breach of that duty, and (3) resulting prejudice to the innocent party." *Rostro v. Wal-Mart Stores Tex., LLC*, No. SA-21-CV-00703-FB, 2024 WL 289030, at *1 (W.D. Tex. Jan. 24, 2024); *accord Acuna v. Covenant*

*Transp., Inc.*, No. SA-20-CV-01102-XR, 2022 WL 1445393, at *5 (W.D. Tex. May 6, 2022). The moving party "bears the burden" of demonstrating "clear and convincing evidence of misconduct." *Acuna*, 2022 WL 1445393, at *5; *accord Cornejo v. EMJB, Inc.*, No. SA-19-CV-01265-ESDC, 2021 WL 4526703, at *3 (W.D. Tex. Oct. 4, 2021).

## IV.    ARGUMENT

Plaintiff's Motions should be denied because Plaintiff fails to demonstrate—much less with clear and convincing evidence—that any spoliation occurred in this case, and that he meets the three-part test for obtaining sanctions based on spoliation.

At the outset, Plaintiff fails to show X Corp. spoliated any evidence. In the Motions, Plaintiff alleges he suffered various technical issues while trying to use X: (1) Plaintiff purportedly saw a "blank black screen" when he tried to view certain advertising "metrics information" (Original Mot. 24 at 4–6); (2) X Corp.'s "Ads Support" department purportedly "[d]elayed" in responding to Plaintiff's "support requests" concerning his advertising "promotion" and did "not address [the] issues" (Suppl. Mot. at 5–6); (3) the "location tracking settings" for the X application on Plaintiff's mobile device was purportedly turned on[4] (*id.* at 7); and (4) Plaintiff purportedly suffered technical issues with publishing posts, viewing replies to posts, and creating "a new advertising account" (*id.* at 7).  These alleged issues, which concern Plaintiff's purported attempts to use his X account and application and to obtain customer service from X, do not demonstrate any destruction or alteration of evidence at all. *See Collins v. Easynews, Inc*., No. A-06-CA-451

---

[4] In his Supplemental Motion, Plaintiff asserts that X Corp.'s alleged "reactivat[ion]" of his "location settings" violates the Computer Fraud and Abuse Act and certain California statutes. *See* Suppl. Mot. at 8–10. X Corp. does not respond to this assertion here because the operative FAC does not assert a claim under any of those statutes and because the issue of whether Plaintiff has stated any plausible claim for relief is properly addressed in the briefing on X Corp.'s pending motion to dismiss the FAC.

LY, 2008 WL 11405990, at *3 (W.D. Tex. Feb. 6, 2008) (plaintiff "wholly failed to establish that any evidence has actually been destroyed," where her inability to "access . . . information" was outside of "the available legal processes for obtaining discovery"). Plaintiff's purported YouTube videos (linked in his Original Motion, at 4–6) and purported screenshots of his alleged chats with X Ads Support (contained in his Supplemental Motion, at 6), which he contends demonstrates the technical issues he suffered, likewise fail to establish any destruction of any evidence on X Corp.'s part. And Plaintiff submits no additional purported evidence to support his assertions in his Motions, which are insufficient to establish spoliation. *See Acuna*, 2022 WL 1445393, at *6 ("accusations" of spoliation were "insufficient to establish under any evidentiary standard that Defendants destroyed relevant evidence"). In sum, Plaintiff fails to show X Corp. spoliated any evidence.

Even if Plaintiff had shown that X Corp. spoliated evidence (he did not), Plaintiff's Motions still should be denied because he fails to show X Corp. culpably breached its duty to preserve evidence. "A plaintiff alleging spoliation must establish that the defendant *intentionally* destroyed the evidence for the purpose of depriving opposing parties of its use." *Coastal Bridge Co., LLC v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020) (reversing imposition of sanctions where no bad faith was shown). Plaintiff's conclusory assertion that X Corp. had a "culpable state of mind" (Original Mot. at 6; Suppl. Mot. at 11) is "mere speculation" and does not demonstrate X Corp. engaged in any bad faith. *CAE Integrated, LLC v. Novak*, No. 1:21-CV-348-DAE, 2021 WL 3008296, at *7–8 (W.D. Tex. June 7, 2021) (plaintiff's declaration asserting that defendant spoliated evidence was "not sufficient evidence of bad faith"); *see also GW Equity LLC v. Xcentric Ventures LLC*, No. 3:07-CV-976-O, 2009 WL 62168, at *5, *8 (N.D. Tex. Jan. 9, 2009) (denying motion for sanctions where "Plaintiff failed to demonstrate that Defendants acted in bad faith").

5

Finally, even had Plaintiff shown X Corp. spoliated any evidence (he did not) and that X Corp. intentionally did so (again, he did not), Plaintiff's Motions still should be denied because he fails to show that any of the allegedly spoliated evidence "would necessarily be favorable" to his case or any of his claims. *Collins*, 2008 WL 11405990, at *3 (denying motion for sanctions where no prejudice was shown); *see also Accresa Health LLC v. Hint Health Inc.*, No. 4:18-cv-00536, 2020 WL 6325733, at *10 (E.D. Tex. Feb. 28, 2020) (no prejudice where plaintiff failed to show lost evidence would "bolster [its] case against" defendant (internal quotation marks omitted)). Plaintiff does not even try to explain how the allegedly spoliated information has any relevance to any of his claims in his FAC; if anything, he seems to contend the technical issues give rise to claims he did not assert in his FAC. *See* Supplemental Motion at 8–10 (contending the alleged technical issues violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the California Consumer Privacy Act as expanded under the California Privacy Rights Act, California's Unfair Competition Law, and California's False Advertising Law).[5]

In sum, Plaintiff fails to meet his high burden to warrant the imposition of any of the sanctions he seeks, and his Motions should be denied. *See Rostro*, 2024 WL 289030, at *2 (denying relief where "Plaintiff has not established spoliation of evidence").[6]

[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK.]

---

[5] For the reasons explained in X Corp.'s Reply in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 34), to the extent Plaintiff purports to seek to amend his FAC by adding claims under these laws, that attempt is procedurally improper under Federal Rule of Civil Procedure 15(a) and amendment would be futile in any event. *Id.* at 6–9.

[6] Plaintiff's citation to *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 (2004), is misplaced. In that case, which involved a native tribe's claim for an accounting against the government, the government disputed the jurisdiction of the Court of Federal Claims to order the preservation of evidence, and there was no dispute the government had destroyed documents and data in connection with a then-pending similar lawsuit brought by another tribe. *Id.* at 134–35, 138–39.

**V.      CONCLUSION**

For these reasons, this Court should deny Plaintiff's Motions in their entirety.

Dated: April 7, 2025                              Respectfully submitted,

                                              By:  */s/ Norma N. Bennett*
                                                   Norma N. Bennett
                                                   Texas Bar No. 24028492
                                                   nbennett@shb.com
                                                   Michella Gibbs
                                                   Texas Bar No, 24107371
                                                   mgibbs@shb.com
                                                   SHOOK, HARDY & BACON, LLP
                                                   600 Travis, Suite 3400
                                                   Houston, Texas 77002
                                                   (713) 227-8008 (Telephone)
                                                   (713) 227-9508 (Facsimile)

                                                   Kenneth M. Trujillo-Jamison
                                                   (admitted pro hac vice)
                                                   ktrujillo-jamison@willenken.com
                                                   WILLENKEN LLP
                                                   707 Wilshire Blvd., Suite 4100
                                                   Los Angeles, CA 90017
                                                   (213) 955-9240 (Telephone)
                                                   (213) 955-9250 (Facsimile)

                                              *Attorneys for Defendant X Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, I filed the foregoing document with the clerk of court for the United States District Court, Western District of Texas, Austin Division, using the Court's CM/ECF filing system. I hereby certify that I have served all parties in the manner authorized by the Federal Rules of Civil Procedure, including those parties not registered for electronic filing.

Justin Riddle
16422 Patrick Ave
Omaha, NE 68116
402-813-2156
Email: justinriddle1@gmail.com

*Pro Se Plaintiff*

                                                   */s/ Norma N. Bennett*
                                                   Norma N. Bennett