IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>      Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>      Defendant. | Civil Action No. 1:25-cv-00073-ADA |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION ENTITLED
"STRAIGHTFORWARD DISCOVERY THAT AVOIDS PROPRIETARY
INFORMATION ISSUES" (DKT. 38)**

**I. INTRODUCTION**

Plaintiff's third purported "emergency motion" entitled "Straightforward Discovery That Avoids Proprietary Information Issues" ("Third Emergency Motion") (Dkt. 38) requesting early discovery and discovery sanctions should be denied. First, the Motion improperly repeats the same arguments and seeks the same relief sought in Plaintiff's first and second "emergency motions," Plaintiff's Emergency Motion for Preservation of Evidence and Immediate Judicial Intervention ("First Emergency Motion") (Dkt. 24) and Plaintiff's Supplemental Emergency Motion Regarding Unauthorized Location Tracking and Ongoing Technical Manipulation ("Second Emergency Motion") (Dkt. 26) (jointly, "Emergency Motions"), as well as the arguments in his Opposition (Dkt. 31) and unauthorized sur-reply (Dkt. 35) to defendant X Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") (Dkt. 29). Plaintiff's Emergency Motions and the Motion to Dismiss are fully briefed and Plaintiff's attempt to pile on yet another brief rearguing the same issues without leave of court and absent the "extraordinary circumstances" under which such supplemental briefing would be permitted should be rejected.

Second, the Third Emergency Motion should be denied as it requests early discovery and

discovery sanctions without identifying *any* good cause. Federal Rule of Civil Procedure 26(d)(1) does not permit a party to seek discovery before the parties have conferred as required by Rule 26(f), absent a court order based on good cause. Plaintiff fails to show good cause for early discovery, let alone for discovery sanctions.

Finally, X Corp. respectfully requests that this Court require Plaintiff to seek Court approval prior to filing any additional motions until this Court has ruled on the pending motions. Between his "emergency motions" and his opposition and unauthorized sur-reply to X Corp.'s Motion to Dismiss, Plaintiff has filed seven briefs less than two months rehashing the same unfounded allegations and arguments. To prevent wasting the parties' time and to preserve judicial resources, Plaintiff should not be permitted to file any additional motion or pleading until this Court has ruled on the pending, full-briefed Motion to Dismiss and two Emergency Motions.

## II.     RELEVANT BACKGROUND

Plaintiff filed this action on January 13, 2025. Dkt. 1. On March 13, 2025, after X Corp. moved to dismiss Plaintiff's initial complaint, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. Nos. 14, 22. Plaintiff alleged, among other things: (1) unknown third parties created X accounts "impersonating him" by using his "name, images and personal background," (Dkt. No. 3 ¶¶ 21–22);[1] (2) his X account was suspended from February to July 2024, and that X Corp. charged him "six times" for premium services he did not receive (*Id.* ¶¶ 30–31); and (3) he observed alleged "mathematical impossibilities" in the "advertising metrics" for a "promoted post" (*id.* ¶¶ 17–20), and that he was unable to view promoted posts on "the web interface," though they were "[v]isible within the mobile application" (*id.* ¶¶ 24–25 (pp. 18–19)).

---

[1] The FAC states that it "incorporates by reference paragraphs 21-39 of [Plaintiff's] original Complaint." FAC ¶ 9.

On March 16, 2025, Plaintiff filed his First Emergency Motion, and a week later, he filed his Second Emergency Motion. Dkt. Nos. 24, 26. In those motions, Plaintiff continued to complain of issues with advertising metrics alleging, among other things, that: (1) he saw a "blank black screen" when he tried to view certain advertising "metrics information" First Emergency Mot. 24 at 4–6; and (2) X Corp.'s "Ads Support" department purportedly "[d]elayed" in responding to Plaintiff's "support requests" concerning his advertising "promotion" and did "not address [the] issues" (Suppl. Mot. at 5–6).

On March 27, 2025, X Corp. filed its Motion to Dismiss (Dkt. 29) and Plaintiff filed his Opposition to the Motion to Dismiss on the same day (Dkt. 31). X Corp. filed its reply in support of its Motion to Dismiss on April 3, 2025 (Dkt. 34). The next day, April 4, 2025, without leave of court, Plaintiff filed an unauthorized sur-reply to X Corp.'s Motion to Dismiss (Dkt. 35). X Corp.'s Motion to Dismiss accordingly was fully briefed as of April 4, 2025, at the latest.

X Corp. filed an omnibus opposition to Plaintiff's First and Second Emergency Motions on April 7, 2025 (Dkt. 36). On April 9, Plaintiff filed his reply to X Corp.'s opposition to Plaintiff's Emergency Motions (Dkt. 37). As of April 9, 2025, Plaintiff's Emergency Motions therefore also were fully briefed.

Despite X Corp.'s Motion to Dismiss and Plaintiff's Emergency Motions being fully briefed, on April 15, 2025, Plaintiff filed his Third Emergency Motion, in which he continues to complain, in part, of alleged "mathematical impossibilities" in the advertising metrics for promoted content (*See e.g.,* Third Emergency Motion at 1-2) and proposes discovery using a database query to determine whether the mathematical impossibilities in the "advertising metrics" for a "promoted post" exist (See e.g., Third Emergency Motion at 4-6). For relief, Plaintiff repeats his same requests, now made in three separate motions, that this Court: (1) require X Corp.

to preserve evidence (First Emergency Mot. at 8; Second Emergency Mot. at 11, Third Emergency Mot. at 11, 14 ); (2) appoint a third-party forensic expert (or technical special master) to analyze X Corp.'s advertising metrics system (First Emergency Mot. at 8; Second Emergency Mot. at 14, Third Emergency Mot. at 11, 14); (3) permit Plaintiff to obtain expedited discovery (First Emergency Mot. at 8, Second Emergency Mot. at 14, Third Emergency Mot., generally); and (4) impose sanctions on X Corp. (First Emergency Mot. at 9, Second Emergency Mot. at 11-12, Third Emergency Mot. at 14).

### III.   ARGUMENT

#### A.   Plaintiff's Third Emergency Motion Is an Improper Attempt to Reargue Fully-Briefed Motions and Should be Disregarded and Denied by This Court

In his Third Emergency Motion, Plaintiff repeats the same arguments in his First and Second Emergency Motions, and in his Opposition and sur-reply to X. Corp's Motion to Dismiss. In the interest of not burdening this Court with duplicative briefing, X Corp. incorporates by reference its Opposition to Plaintiff's "Emergency Motions" (Dkt. 36), its Motion to Dismiss (Dkt. 29), and its Reply in support of its Motion to Dismiss (Dkt. 34). The Third Emergency Motion should be denied for all of the reasons set forth in those briefs.

Plaintiff's repetitive motion should be disregarded and denied in its entirety by this Court for the additional reason that it violates this Court's Local Rules. Local Rule CV-7 limits the permitted briefs and length of briefs for motions. *See* L.R. CV-7(C)-(E). And, once a motion is fully briefed, "[a]bsent leave of court, no further submissions on the motion are allowed." L.R. CV-7(E)(1). "[S]upplemental briefing" in violation of these rules should not be permitted where such briefs are "highly disfavored, 'as they are usually a strategic effort by the nonmovant to have the last word on a matter.'" *Austin Legal Video, LLC v. Deposition Sols., LLC*, No. 1:23-CV-00421-DAE, 2024 WL 5184485, at *6, fn.3 (W.D. Tex. July 19, 2024) (quoting *Tijerina-Salazar*

*v. Venegas*, No. PE:19-CV-00074-DC-DF, 2022 WL 1750474, at *2 (W.D. Tex. May 31, 2022)). "Leave to file … is only provided 'in extraordinary circumstances on a showing of good cause' and is 'limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion.'" *Id*. (declining to "consider the supplemental briefing").

Here, Plaintiff's Emergency Motions and X Corp.'s Motion to Dismiss are fully briefed. Plaintiff's Third Emergency Motion simply repeats the same arguments made in those motions. In fact, in his Third Emergency Motion, Plaintiff acknowledges that he has made these same arguments many times before. Third Emergency Motion, p. 12 ("Plaintiff has repeatedly documented X Corp's fraudulent metrics and suppression tactics in multiple previous filings"). Plaintiff did not seek leave of court to file supplemental briefing on the same issues already addressed in his prior Emergency Motions and briefs in opposition to the Motion to Dismiss, let alone identify any "extraordinary circumstances" that would justify additional briefing. Plaintiff should not be permitted multiple bites of the apple and given the opportunity to make the same arguments *ad infinitum*. Plaintiff's Third Emergency Motion should be disregarded by this Court and denied.

### B. Plaintiff's Request for Discovery Is Premature

Plaintiff's Third Emergency Motion also should be denied as premature. Federal Rule of Civil Procedure 26(d)(1) provides that, with a few exceptions not applicable here, parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) …." FED. R. CIV. P. 26(d)(1*); see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 498 (S.D. Tex. 2005) ("By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)."). "Early discovery only is permitted when "authorized

5

... by court order." FED. R. CIV. P. 26(d)(1). "This Court generally applies the 'good cause standard' to determine whether a party is entitled to early discovery." *Leyva v. Bascai, Inc.*, No. 1:23-CV-01348-DII, 2024 WL 472342, at *6 (W.D. Tex. Feb. 6, 2024), *report and recommendation adopted sub nom. Levya v. Bascai, Inc.*, No. 1:23-CV-1348-DII, 2024 WL 737779 (W.D. Tex. Feb. 22, 2024) (no good cause for early discovery where plaintiff presented "no evidence or allegations beyond mere speculation" justifying his request). Plaintiff's motion fails to identify any good cause for early discovery here.

As discussed in X Corp.'s Opposition to Plaintiff's Emergency Motions (Dkt. 36), to the extent that Plaintiff proposes that he needs discovery because of potential spoliation, Plaintiff has failed to show that any spoliation has occurred or will occur. *See Acuna v. Covenant Transport, Inc.*, 2022 WL 1445393, at *6 (W.D.Tex., 2022) ("'accusations' of spoliation were "insufficient to establish under any evidentiary standard that Defendants destroyed relevant evidence"). Plaintiff's Third Emergency Motion likewise does not identify any evidence of spoliation. Therefore, without good cause shown, Plaintiff is not entitled to early discovery and his Third Emergency Motion should be denied.

    **C.    Plaintiff Should Not Be Permitted to File Any Additional Motions, Pleadings, or Documents Without Leave of Court Until this Court Issues Its Ruling on the Motion to Dismiss and Emergency Motions**

X Corp. respectfully requests that Plaintiff be enjoined from filing any further documents without obtaining leave of court until this Court rules on X Corp.'s Motion to Dismiss Plaintiff's FAC and Plaintiff's two pending Emergency Motions. Federal courts have discretion to require parties to seek permission before filing motions to "deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995)

(enjoining further filings without leave of court, where necessary to "prevent further unnecessary and costly expenditure incurred by the judicial system and the defendants. . . ."); *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 865 (10th Cir. 2005) (district court was within its discretion to issue an order requiring plaintiff to apply for permission to file additional motions); *In re Martin-Trigona*, 737 F.2d 1254, 1258–1259 (2d Cir. 1984) (district court had the discretion to enter an order preventing plaintiff from filing any further pleadings or motions without prior leave of court "after enduring an incessant stream of frivolous motions, demands, and letters" from plaintiff).

Here, Plaintiff continues to file motions and other documents that repeat and rehash his prior arguments made in fully briefed, pending motions. These redundant and duplicative "emergency" missives commenting on arguments made in fully-briefed, pending motions consume precious judicial and party resources. X Corp. accordingly requests that Plaintiff be enjoined from any additional motions, pleadings, or other documents without leave of court until this Court's ruling on the pending Motion to Dismiss and Emergency Motions.

## IV.    **CONCLUSION**

For these reasons, this Court should deny Plaintiff's Third Emergency Motion and enjoin Plaintiff from filing any additional documents without leave of court until after this Court rules on the pending Motion to Dismiss and Emergency Motions.

Dated: April 29, 2025    Respectfully submitted,

By: */s/ Norma N. Bennett*
Norma N. Bennett
Texas Bar No. 24028492
nbennett@shb.com
Michella Gibbs
Texas Bar No, 24107371

7

mgibbs@shb.com
SHOOK, HARDY & BACON, LLP
600 Travis, Suite 3400
Houston, Texas 77002
(713) 227-8008 (Telephone)
(713) 227-9508 (Facsimile)

Kenneth M. Trujillo-Jamison
(admitted pro hac vice)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
(213) 955-9240 (Telephone)
(213) 955-9250 (Facsimile)

*Attorneys for Defendant X Corp.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2025, I filed the foregoing document with the clerk of court for the United States District Court, Western District of Texas, Austin Division, using the Court's CM/ECF filing system. I hereby certify that I have served all parties in the manner authorized by the Federal Rules of Civil Procedure, including those parties not registered for electronic filing.

Justin Riddle
16422 Patrick Ave
Omaha, NE 68116
402-813-2156
Email: justinriddle1@gmail.com

*Pro Se Plaintiff*

                                                  */s/ Norma N. Bennett*
                                                  Norma N. Bennett