**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUSTIN RIDDLE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. A-25-CV-00073-ADA** |
| **X CORP.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS

Before the Court are Plaintiff's Emergency Motion for Preservation of Evidence and Immediate Judicial Intervention (ECF No. 24) and Supplemental Emergency Motion Regarding Unauthorized Location Tracking and Ongoing Technical Manipulation (ECF No. 26). Having reviewed the Motions, the parties' briefing, the relevant facts, and the applicable law, the Court **DENIES** Plaintiff's Motion.

### I.     BACKGROUND[1]

Plaintiff, proceeding *pro se*, brings claims against Defendant X Corp. arising from his experiences using the social media platform Twitter. Plaintiff alleges that unknown third parties (the "Third-Party Does") created accounts on Twitter to impersonate him and allegedly used a personal photograph of him and his wife (the "Photograph") in doing so. Plaintiff claims he notified X Corp. of the Third-Party Does' alleged use of the Photograph but that X Corp. has not taken any remedial steps. Plaintiff further alleges that X Corp. suspended his premium account features yet continued to charge him for these services, and that he was unable to access

---

[1] The recitation of Plaintiff's allegations come from Plaintiff's First Amended Complaint (ECF No. 22) and portions of his original complaint (ECF No. 3) that were incorporated by reference.

"cancellation features" due to the suspension. He also alleges that X Corp. manipulated advertising metrics and the reach of his account. Based on these allegations, Plaintiff asserted common law contract claims, fraud-based claims, and copyright infringement claims.

Plaintiff then filed an Emergency Motion seeking "emergency relief to address X Corp.'s alarming pattern of evidence spoliation," alleging that X Corp. "deliberately modified its platform to hide [advertising metrics] from Plaintiff." ECF No. 24[2] at 1. A week later, he filed a Supplemental Emergency Motion (the "Second Emergency Motion"), largely repeating his allegations from his prior motion and adding the allegation that X Corp. was tracking his location without authorization. ECF No. 26.

Four days later, X Corp. timely filed a motion to dismiss Plaintiff's operative complaint, arguing that all his claims should be dismissed for failure to state a claim. ECF No. 29. Plaintiff responded in opposition the same day (ECF No. 31), to which X Corp. replied on April 3, 2025 (ECF No. 2025). X Corp. then filed an omnibus opposition to Plaintiff's First and Second Emergency Motions (ECF No. 36), to which Plaintiff replied on April 9, 2025 (ECF No. 37). Despite X Corp.'s Motion to Dismiss and Plaintiff's Emergency Motions being fully briefed and pending, Plaintiff filed what appears to be an unauthorized sur-reply (which X Corp. refers to as the "Third Emergency Motion") yet again complaining of alleged "mathematical impossibilities" in the advertising metrics and requesting immediate preservation of evidence and the opening of discovery to determine whether the mathematical impossibilities for a promoted post exist. ECF No. 38 at 4–6. X Corp. filed a response to this Third Emergency Motion on April 29, 2025. ECF No. 39.

---

[2] The Court uses CM/ECF pagination for citations to ECF No. 24. All other citations use native pagination unless otherwise stated.

Overall, Plaintiff's requests, spread over and repeated in three separate motions, ask the Court to (1) require X Corp. to preserve evidence, (2) appoint a third-party forensic expert or technical special master to analyze X Corp.'s advertising metrics system, (3) permit Plaintiff to obtain expedited discovery, and (4) impose sanctions on X Corp. *See* ECF No. 24 at 8–9; ECF No. 26 at 11–12, 14; ECF No. 38 at 11, 14.

## II.    DISCUSSION

As a preliminary matter, the Court determines that Plaintiff's Emergency Motions are rendered moot by the Court's Order Granting-In-Part and Denying-In-Part Defendant's Motion to Dismiss. Plaintiff's allegations in these Motions go toward his fraud-based claims, which this Court has dismissed with prejudice. Accordingly, Plaintiff's Motions are **DENIED AS MOOT**.

Alternatively, Plaintiff's First and Second Emergency Motions should be denied on the merits because Plaintiff fails to demonstrate that any spoliation occurred in this case or that he meets the three-part test for obtaining sanctions based on spoliation. ECF No. 36 at 4; ECF No. 39 at 6. Plaintiff has the burden of proving, by clear and convincing evidence, that X Corp. had a duty to preserve the information, a culpable breach of that duty, and resulting prejudice to him. *See Acuna v. Covenant 4 Transp., Inc.*, No. SA-20-CV-01102-XR, 2022 WL 1445393, at *5 (W.D. Tex. May 6, 2022). Here, Plaintiff fails to show X Corp. spoliated any evidence. At most, Plaintiff demonstrates that he suffered various technical issues while trying to use his X account and the application, and to obtain customer service from X, do not demonstrate destruction or alteration of evidence. *See* ECF No. 24 at 4–6.[3] Plaintiff's request for spoliation sanctions may be denied on this basis alone. *See Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2008 WL 11405990, at *3 (W.D. Tex. Feb. 6, 2008) (denying motion for sanctions where the plaintiff "wholly failed to

---

[3] While Plaintiff further argues the location tracking setting for the X application on his mobile device was purportedly turned on, such allegation does not relate to any of Plaintiff's claims as plead in his operative complaint.

establish that any evidence has actually been destroyed"). Moreover, Plaintiff's arguments as to the second and third requirements for sanctions (*i.e.*, culpability and prejudice) are either conclusory or entirely lacking. Accordingly, because the Court finds no evidence of spoliation, there is no basis for sanctions or an order to preserve evidence.

As to Plaintiff's request for expedited discovery, he has not met his burden to show that early discovery is warranted. Under Federal Rule of Civil Procedure 26(d)(1), parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Early discovery is only permitted by court order, which requires a showing of good cause by the movant. *Leyva v. Bascai, Inc.*, No. 1:23-CV-01348-DII, 2024 WL 472342, at *6 (W.D. Tex. Feb. 6, 2024), *R&R adopted by*, 2024 WL 737779 (W.D. Tex. Feb. 22, 2024). Plaintiff fails to identify any good cause for early discovery here, and to the extent he premises the need based on his allegations of potential spoliation, he has presented "no evidence or allegations beyond mere speculation." *Id.*

## III.    CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motions (ECF Nos. 23, 24) are **DENIED**.[4]

**SIGNED** this 11th day of July, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] The Court would like to make clear that the timing of its ruling is in no way impacted by Plaintiff's threats and ultimatums. As will be addressed in a subsequent order, further filings containing such threats shall be struck pursuant to Rule 11(b) and (c). *See, e.g., Strahan v. O'Reilly*, No. 22-CV-52-SM, 2022 WL 4126058, at *2 (D.N.H. Sept. 8, 2022) (striking, pursuant to Rule 11(b),(c), "notice of intent to bring suit" for having "been filed solely for an improper purpose – that is, in an effort to coerce, threaten, intimidate, and/or harass the . . . judge").