UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JUSTIN RIDDLE,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. A-25-CV-00073-ADA |
| **X CORP.,** | § | |
| Defendant. | § | |

### ORDER REGARDING CASE MANAGEMENT

Pursuant to the Court's inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or sanctions for bad-faith, vexatious, wanton or oppressive behavior, the Court issues this order to address *pro se* Plaintiff Justin Riddle's inappropriate conduct in this case. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 46–50 (1991); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).

### I.    EX PARTE COMMUNICATIONS

It has come to the Court's attention that Mr. Riddle verbally harassed one of the Court's law clerk during a telephone call while issuing demands in connection with the status of his case. It is the Court's understanding that Mr. Riddle attempted to argue the merits of his case during this call, seeking to discuss his claim for copyright infringement, which the law clerk declined to do to avoid ex parte communication. In addition to ex parte telephone communications, Mr. Riddle has also engaged in ex parte email communications with the Court. Let the Court be clear—ex parte communications, or communicating with the Court regarding substantive matters without including the other party on the communication with the Court, are inappropriate. Should Mr. Riddle continue to engage in ex parte communication or exhibit unacceptable behavior in

interacting with the Court or its staff, Mr. Riddle will be subject to sanctions, including the dismissal of this case with prejudice as warranted.

## II.     IMPROPER FILINGS

Several of Mr. Riddle's filings contain improper threats and ultimatums, such as filing suit against the undersigned. *See generally* ECF Nos. 42, 43, 45. The Court warns that pleadings, motions, or other documents that have been filed solely for an improper purpose, such as to coerce, threaten, intimidate, and/or harass the Court, may be struck pursuant to Federal Rule of Civil Procedure 11(b) and (c). Fed. R. Civ. P. 11(b), (c) (authorizing the issuance of sanctions against any party deemed to have filed a pleading, motion, or other paper for "any improper purpose").

## III.    COMPLIANCE WITH THE RELEVANT RULES

A party's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court admonishes Plaintiff and places him on notice of his obligation to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. *See Husley v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."). This includes, without limitation, the requirements of Local Rule CV-7 and CV-10. The Local Rules are, as they have been, available on the Court's website.[1]  Failure to comply with this Court's local rules of the relevant rules of procedure may result in sanctions, ranging from the striking of submissions to the dismissal of a case with prejudice.

---

[1] https://www.txwd.uscourts.gov/court-information/lcr-introduction/).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Mr. Riddle shall not communicate ex parte with the Court or its staff, including but not limited to the Clerk's office and its law clerks.

**IT IS FURTHER ORDERED** that if Mr. Riddle violates this Order, or his future written communications or interactions with the Court exhibit threatening or harassing conduct, Mr. Riddle will be subject to further sanction, including up to the dismissal of this case with prejudice as warranted.

**IT IS FINALLY ORDERED** that failure to comply with the relevant procedural rules may result in sanctions as described above.

**SIGNED** this 11th day of July, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE