UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN RIDDLE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. A-25-CV-00073-ADA |
| X CORP., | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Motion for Reconsideration of Order Denying Motion to Amend Complaint (ECF No. 23). For the following reasons, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, filed his original complaint against Defendant on January 13, 2025. ECF No. 1. On January 21, 2025, Plaintiff filed a motion. ECF No. 4. As shown below, Plaintiff, when filing the Motion, entered it as a "Motion to Amend Complaint *To Include the following request: Defendant X-Corp should NOT be allowed to change venue for any reason. Supporting brief attached.*"



| 01/21/2025 | 🌐 4 | MOTION to Amend Complaint *To include the following request: Defendant X-Corp should NOT be allowed to change venue for any reason. Supporting brief attached.* by Justin Riddle. (Riddle, Justin) (Entered: 01/21/2025) |

The title of the document filed is "Memorandum in Support of Plaintiff's Motion to Maintain Venue in the Western District of Texas." *Id.* at 2. Plaintiff stated that he filed the Motion "in opposition to any potential transfer of venue from the Western District of Texas," and the Motion addresses factors relevant to a 28 U.S.C. § 1404 analysis. *See id.* at 3–6.

Having considered the Motion as a whole, the Court concluded that the Motion to Amend Complaint did not seek to amend the operative complaint but instead sought to proactively prevent Defendant from transferring venue. *See* 03/14/2025 Text Order. Because Defendant had not sought to transfer venue, and Plaintiff's Motion did not seek to amend the operative complaint, the Court denied the Motion. *Id.*

## II.    DISCUSSION

Plaintiff seeks reconsideration of the Court's Order Denying Motion to Amend. ECF No. 23.[1] Plaintiff contends that the Court fundamentally mischaracterized Plaintiff's Motion to Amend, arguing that it has misread the Amended Complaint or misunderstood its legal purpose. *Id.* at 1. Plaintiff argues that his amended complaint makes no arguments against venue transfer, notes that Defendant has not filed any motion to transfer venue in this case, and suggests that the Court has confused choice-of-law arguments with venue arguments. *Id.* at 2–5.

Plaintiff misunderstands and is evidently confused. As explained above, the Court denied a motion filed by Plaintiff that he entered as a "Motion to Amend Complaint *To include the following request: Defendant X-Corp should NOT be allowed to change venue for any reason. Supporting brief attached.*" The entire document is preemptive—no motion to transfer venue had been filed—and the Court noted this in denying the Motion. *See* ECF No. 4; 03/14/2025 Text Order ("Plaintiff's motion appears to be an attempt **to prevent** Defendant from transferring venue rather than a true motion to amend a complaint."). The Court did **not** order anything related to Plaintiff's amended complaint, which was not attached as an exhibit to Plaintiff's Motion to Amend Complaint and was filed nearly two months after Plaintiff's Motion to Amend. *See* ECF No. 22 (filed March 13, 2025). Plaintiff's amended complaint was properly filed as a matter of

---

[1] The Court utilizes the pagination assigned by CM/ECF when citing to ECF No. 23. All other citations utilize native pagination unless otherwise stated.

course, *i.e.*, without the need for leave of court, within 21 days of Defendant's first motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's amended complaint and Defendant's subsequent second motion to dismiss have been addressed by this Court. ECF No. 46.

In conclusion, Plaintiff has not shown that the Court's Order Denying Motion to Amend Complaint was based upon a manifest error of fact or law, or that there exists newly discovered or previously unavailable evidence, or that there has been an intervening change in controlling law. *See United States ex rel. Ramadoss v. Caremark Inc.*, No. SA-99-CA-00914, 2009 WL 10670907, at *1 (W.D. Tex. June 19, 2009) (citing *Templet*, 367 F.3d at 478) (setting out grounds upon which a court grants a Rule 59(e) motion for reconsideration). Rather Plaintiff is confused about what happened—Plaintiff's confusion is not a basis for reconsideration.

### III.    CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 23).

**SIGNED** this 14th day of July, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE