# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

**JUSTIN RIDDLE,**

 Plaintiff,

v.

**X CORP.,**

 Defendant.

Civil No. 1:25-CV-00073-ADA

---

# MOTION FOR CLARIFICATION REGARDING ADA ACCOMMODATION REQUEST STATUS

TO THE HONORABLE COURT:

Plaintiff Justin Riddle respectfully moves this Court for immediate clarification regarding the status of his formal accommodation request under the Americans with Disabilities Act, submitted to this Court multiple times over the past six months.

## I. THE SINGLE QUESTION REQUIRING IMMEDIATE ANSWER

**Does this Court acknowledge receipt of Plaintiff's ADA accommodation request for logical consistency in mathematical and factual analysis, YES or NO?**

## II. FACTUAL BACKGROUND

1. Plaintiff has documented ADHD requiring accommodation for processing contradictory information.

2. Plaintiff formally requested accommodation for logical consistency in the Court's mathematical and factual analysis.

3. This accommodation request was submitted in multiple filings over the past six months.

4. The Court has issued multiple orders without any acknowledgment of this accommodation request.

5. No interactive process has occurred as required under federal law.

## III. THE ACCOMMODATION REQUESTED

Plaintiff's neurological architecture requires logical consistency to process information effectively. The specific accommodation requested is:

**Application of consistent mathematical and logical principles in judicial analysis** - specifically, acknowledgment that:

- Numbers cannot decrease while accumulating (9,965 cannot become 9,892 during billing)
- Entities cannot simultaneously know and not know the same information
- Documented facts should align with judicial characterizations
- Copyright infringement should be immediately stopped through injunction when the court acknowledges it exists

- Timeframes should follow the same general urgency and response time with Plaintiff's case as every other case in the Texas Western District
- Procedural information should not be withheld from the Plaintiff under the misinterpreted "No legal advice" statement, as procedures are very different than legal advice and apply to all litigants universally

This accommodation requires no additional resources and aligns with standard judicial practice.

## IV. LEGAL FRAMEWORK

The ADA requires covered entities to:

1. Acknowledge receipt of accommodation requests
2. Engage in an interactive process
3. Provide reasonable accommodations unless undue hardship exists

See 42 U.S.C. § 12112(b)(5)(A); 28 C.F.R. § 35.160.

**"Failure to acknowledge or respond to accommodation requests may constitute deliberate indifference under Title II."** *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824 (11th Cir. 2017).

**"The ADA does not permit passive inaction; it demands a good faith, interactive process."** *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105 (9th Cir. 2000).

This motion is not adversarial but clarificatory in nature, seeking compliance with basic procedural fairness.

## V. THE BINARY NATURE OF THIS REQUEST

This Court faces a simple binary choice:

**Option A:** Acknowledge receipt of the ADA accommodation request

- Triggers interactive process obligations
- Creates record of accommodation awareness

- Establishes timeline for compliance

**Option B:** Continue ignoring the ADA accommodation request

- Constitutes deliberate indifference to disability rights
- Creates pattern of systematic discrimination
- Establishes grounds for federal civil rights enforcement

There is no Option C. Either this Court acknowledges receiving ADA accommodation requests, or it does not.

# VI. UNPRECEDENTED DISCRIMINATION PATTERN

Plaintiff's research reveals no published case where any federal court has allowed an ADA accommodation request to remain unacknowledged for six days, let alone six weeks or six months. This appears to be unprecedented discrimination otherwise unpublished in US legal history.

Consider the parallel: Attorneys with ADHD successfully obtained 50% more bar exam time as accommodation. But what if their bar exam operated like this Court:

- Correct answers deemed "incorrect" based on grader preference
- Mathematical proofs marked wrong despite being objectively correct
- "Emergency" questions graded months later
- Rules changing based on test-taker identity
- Some students told 2+2=4, others told 2+2="depends on who's asking"

No attorney could pass such an exam because success wouldn't depend on knowledge but on grader bias. Yet this is precisely the system Plaintiff faces - where mathematical reality becomes optional and federal rules apply selectively.

**The accommodation requested is simpler than extra bar exam time:** Just apply the same mathematical principles to all parties. If 9,965 > 9,892 for regular litigants, it should also be true for pro se plaintiffs with ADHD.

# VII. THE NEUROLOGICAL HARM OF PROCEDURAL GASLIGHTING

This Court's systematic denial of mathematical reality doesn't merely discriminate - it inflicts neurological harm. The Asch conformity experiments demonstrated that sustained institutional pressure to accept false realities can break neurological processing, causing individuals to doubt objective truth.

When federal courts insist that:

- Numbers can decrease while accumulating
- Corporations can simultaneously know and not know facts
- Mathematical impossibilities are "insufficient evidence"
- 180+ days for emergency motions is "normal"

This creates what psychology recognizes as institutional gaslighting - a form of psychological abuse that can induce:

- Cognitive dissonance disorders
- Reality processing dysfunction
- Trauma-induced neurological changes
- Permanent alteration of truth-processing mechanisms

**This Court isn't just discriminating against Plaintiff's existing ADHD - it's potentially causing additional neurological damage through sustained forced acceptance of mathematical impossibilities.**

No citizen should have to choose between:

1. Accepting that mathematics doesn't apply to wealthy defendants (breaking their reality processing)
2. Maintaining sanity by withdrawing from the legal system entirely

This Court's refusal to acknowledge ADA accommodations for six months while forcing acceptance of logical impossibilities constitutes both discrimination AND potential infliction of neurological harm.

## VIII. TIME-SENSITIVE NATURE

Every day without acknowledgment constitutes:

- Continued violation of federal disability law
- Ongoing discrimination against a person with documented disabilities
- Accumulating liability for deliberate indifference

Federal law does not permit indefinite delay in responding to accommodation requests.

## IX. THE SPOLIATION REALITY THIS COURT ENABLES

Every day of delay while this Court ignores ADA obligations permits:

- Destruction of forensic evidence under "routine maintenance"
- Server log purging under "standard retention policies"
- Database "migrations" that conveniently lose audit trails
- System "updates" that overwrite fraud mechanisms
- "Routine" deletion of the exact evidence needed for discovery

This Court, renowned for complex IP litigation expertise, surely understands that digital evidence is ephemeral. Six months provides sufficient time to destroy evidence while claiming "we don't understand our systems enough to know what to preserve."

The calculation is transparent: Defendant prefers spoliation sanctions over exposure of systematic fraud affecting millions. This Court's delays enable that strategy.

## X. THE DUAL RULEBOOK PROBLEM

If different procedural standards apply based on defendant wealth, Plaintiff respectfully requests:

1. **A copy of the alternative rules** under which billion-dollar corporations may:

   - Claim ignorance of their own operations
   - File contradictory sworn statements without sanctions
   - Have Terms of Service override federal law
   - Receive 180+ days for "emergency" responses

2. **Clarification of which jurisdiction's rules apply:**

   - Federal Rules of Civil Procedure
   - Special corporate defendant procedures
   - Wealth-based procedural modifications
   - Some other framework not publicly documented

Attorneys with documented ADHD have received 50% more bar exam time as accommodation. Plaintiff seeks only logical consistency - not more time, not assistance, just application of the same mathematical principles to all parties.

If Plaintiff filed: "I'm suing because some numbers might be wrong, there could be photo issues, possibly billing problems, I don't understand my own claims" - immediate dismissal would follow. Yet Defendant's identical approach receives protection.

## XI. REQUEST FOR RELIEF

Plaintiff respectfully requests:

1. **Immediate acknowledgment** (within 24 hours) of whether this Court has received Plaintiff's ADA accommodation requests

2. **Clear statement** of whether the Court will engage in the required interactive process

3. **If acknowledging receipt**, a timeline for accommodation determination

4. **If denying accommodation**, a written explanation of the specific undue hardship that would result from applying consistent logic to mathematical analysis

## XII. NOTICE OF FEDERAL ENFORCEMENT

Should this Court continue to ignore ADA accommodation requests, Plaintiff will have no choice but to seek enforcement through:

- Department of Justice, Civil Rights Division
- Fifth Circuit Court of Appeals
- Federal civil rights litigation under 42 U.S.C. § 12133

Additionally, if this Court's orders contain restrictions such as "not for citation" or "restricted access" to hide the discrimination documented herein, such restrictions themselves become evidence of deliberate attempt to conceal civil rights violations from public scrutiny.

This Motion seeks to avoid such escalation through simple acknowledgment of federal law obligations.

## CONCLUSION

Plaintiff recognizes that judicial integrity depends not merely on impartiality, but on consistency. When logic itself becomes optional, justice becomes arbitrary.

This Court has a straightforward choice: acknowledge receipt of an ADA accommodation request, or continue a pattern of disability discrimination on the federal record.

The question is simple: **Does this Court acknowledge Plaintiff's ADA accommodation request, YES or NO?**

Respectfully submitted,

**JUSTIN RIDDLE**
 Pro Se Plaintiff

## CERTIFICATE OF CONFERENCE

Plaintiff certifies that conferring with opposing counsel would be futile as this matter concerns only the Court's obligations under federal disability law.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion has been served upon all parties through the Court's CM/ECF system.

August 7, 2025

**JUSTIN RIDDLE**

 Pro Se Plaintiff