IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>    Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>    Defendant. | **Civil Action No. 1:25-cv-00073-ADA** |

**DEFENDANTS' OPPOSED MOTION TO STAY
PENDING RULING BY THE SUPREME COURT OF THE UNITED STATES ON A
<u>POTENTIALLY CONTROLLING LEGAL ISSUE</u>**

**I.     INTRODUCTION**

Defendant X Corp. respectfully moves this Court for an order staying proceedings in this action until thirty days after the Supreme Court of the United States issues its mandate in *Cox Communications v. Sony Music Entertainment*, No. 24-171, 2024 WL 3860067 (cert. granted June 30, 2025) ("*Cox Communications*").

To prevail on his claim for contributory copyright infringement, plaintiff Justin Riddle ("Plaintiff") must prove that X Corp. materially contributed to the alleged infringements of his allegedly copyrighted photograph by unidentified users on X, the social media platform operated by defendant X Corp. *See* ECF No. 46 at 14–15. *Cox Communications* presents the questions of (a) whether "a service provider can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it," and (b) whether "mere knowledge of another's direct infringement suffices to find willfulness under 17 U.S.C. § 504(c)." *See* Request for Judicial Notice ("RJN") Ex. 3 [Question Presented]. The Supreme Court's possible resolution of these questions presented in *Cox Communications* may determine whether Plaintiff's theory that X Corp. materially contributed to secondary copyright infringement is viable, and whether Plaintiff can establish X Corp. willfully infringed his alleged copyright under that theory.

"This Court has the discretion to stay cases incidental to its power to control the disposition of its docket, *including when a pending ruling from a higher court may affect the case at hand*." *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (emphasis added)); *see also Rezko v. Xbiotech Inc.*, 2017 WL 4544683 (W.D. Tex. Oct. 6, 2017).

"When exercising its discretion, the Court is 'guided by the policies of justice and efficiency.'" *Bilberry*, 2021 WL 536440 at *2.

A stay is merited here. *First*, a stay will conserve judicial resources because the *Cox Communications* decision likely will provide guidance on a critical, if not dispositive, issue. Indeed, this Court's ruling on the motion to dismiss relied upon the very standard at issue in the *Cox Communications* petition. *Second*, the requested stay of likely less than a year will not prejudice Plaintiff. *Third*, absent a stay, X Corp. will be prejudiced by the time and expense of discovery based on governing standards for copyright infringement and willfulness the Supreme Court may change or refine in *Cox Communications* and in responding to baseless filings by Plaintiff. To date, Plaintiff has filed a slew of documents that violate the local rules, "contain improper threats and ultimatums," and that were "filed solely for an improper purpose, such as to coerce, threaten, intimidate, and/or harass the Court." *See* ECF No. 48 at 2. Plaintiff has also recently threatened to "absolutely BASH [X Corp.] and judges . . . into the ground" while "us[ing] Pacer as a microphone." A short stay will prevent Plaintiff's abusive litigation tactics while *Cox Communications* is pending.

Accordingly, this Motion should be granted.[1]

## II. BACKGROUND

### A. Plaintiff's Contributory Copyright Infringement Claim

In support of his copyright infringement claim, Plaintiff alleges he has a registered copyright in a personal photograph of Plaintiff and his wife ("Photograph"), and that unknown

---

[1] Under Local Rule CV-7-2(i), Defendants' counsel met and conferred with Plaintiff via email, and Plaintiff has informed Defendants that he opposes the instant motion because he believes *Cox Communications* cannot resolve this dispute. *See* Trujillo-Jamison Decl. ¶ 9.

third parties ("Third-Party Does") created accounts on X using Plaintiff's "name, images, and personal background" to impersonate him. ECF No. 3 ¶¶ 21–22. Plaintiff also alleges that between December 2023 and May 2024 he sent X Corp. four notifications about the Third-Party Does' alleged use of the Photograph to impersonate him, but that X Corp. did not take any remedial steps. *Id.* at ¶¶ 23–26. Plaintiff also alleges "X Corp.'s infringement was *willful* and intentional." *Id.* ¶ 30 (emphasis added).

On July 11, 2025, this Court granted-in-part and denied-in-part X Corp.'s motion to dismiss Plaintiff's First Amended Complaint. *See* ECF No. 46. There, the Court dismissed all of Plaintiff's claims except his claim for copyright infringement under a contributory infringement theory, which the Court found Plaintiff plausibly alleged. *Id.* at 9. That holding rested on the Court's reasoning that "the Fifth Circuit has recognized that material contribution may be found where 'an ISP knew of specific instances of repeated infringement by specific users and chose to continue providing services to them,' and that such material contribution is a viable theory of secondary copyright infringement." *Id.* at 14–15 (citing *USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999), and quoting *UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697, 714, 719 (5th Cir. 2024) (citation modified) ("*Grande Communications Networks*"[2])). The Court concluded that Plaintiff plausibly alleged contributory copyright infringement because he alleged "he submitted four DMCA takedown notices to X Corp. that '[s]pecifically identified the infringing content and accounts,' but that 'X Corp. failed to take any

---

[2] In *Grande Communications Network* the Fifth Circuit adopted the Fourth Circuit's material-contribution standard as outlined in *Sony Music Ent. v. Cox Commc'ns, Inc.*, 93 F.4th 222 (4th Cir. 2024), *cert. granted*, No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025), and *cert. denied*, No. 24-181, 2025 WL 1787722 (U.S. June 30, 2025) ("*Cox Communications Fourth Circuit Decision*"). *See Grande Communications Networks*, 118 F.4th at 711–19 (5th Cir. 2024).

3

meaningful action to address the infringement' such as remove the infringing posts or accounts." ECF No. 46 at 15.[3]

### B. The U.S. Supreme Court Will Review the Material-Contribution Standard in Deciding *Cox Communications*

On June 30, 2025, the Supreme Court agreed to hear *Cox Communications*, which concerns a "circuit split over whether and under what circumstances an online service provider 'materially contributes' to copyright infringement." *See* RJN, Ex. 1 [*Cox Communications* Petition] at 16. The Second and Tenth Circuits have held that, to establish material contribution, mere knowledge of direct copyright infringement is not enough; rather the plaintiff must prove that the service provider took affirmative steps to foster infringement. *Id.*, Ex. 1 at 31. In the Ninth Circuit, by contrast, the plaintiff does not need to prove affirmative steps; rather, a service provider can also be held liable if it knew of infringement and failed to take available, simple measures to stop it. *Id.* Finally, under Fourth Circuit precedent—which was adopted by the Fifth Circuit in *Grande Communications Networks* upon which this Court's decision here relied—a service provider may be held liable if it is aware that a particular subscriber is likely to infringe, and the service provider fails to terminate them. *Id.*, Ex. 1 at 16–17. (A petition for a writ of certiorari in *Grande Communications Networks*, which "raises the same question" presented in *Cox Communications* (*see* RJN Ex. 4 [*Grande Communications Networks* Petition] at 30) is

---

[3] In a separate order also issued on July 11, 2025, this Court addressed Plaintiff's "inappropriate conduct in this case," including but not limited to his "filings [that] contain improper threats and ultimatums, such as filing suit against the undersigned." ECF No. 48 at 2. The Court also "admonish[ed] Plaintiff and place[d] him on notice of his obligation to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence." *Id.* The next day, Plaintiff sent an email to X Corp.'s counsel containing vulgar language and personal threats about Your Honor, Defendant X Corp., and its counsel. Trujillo-Jamison Decl. at ¶ 8 and Ex. 6.

pending before the Supreme Court (*see* RJN Ex. 5 [*Grande Communications Networks Docket*]).)

Two questions are presented in *Cox Communications*: (a) whether "a service provider can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it," and (b) whether "mere knowledge of another's direct infringement suffices to find willfulness under 17 U.S.C. § 504(c)." *See* RJN Ex. 3 [Questions Presented].

### III.  LEGAL STANDARD

"A district court has the inherent power to stay proceedings incidental to its power to control the disposition of its docket." *Bilberry*, No. 1:20-CV-470-RP, 2021 WL 536440, at *1 (citations omitted). "The Supreme Court [has] recognized that incidental to a district court's inherent power 'to control the disposition of the cases on its own docket with economy of time and effort for itself, for counsel, and for litigants' is 'the power to stay proceedings.'" *In re Beebe*, 1995 WL 337666, at *2 (5th Cir. May 15, 1995) (quoting *Landis*, 299 U.S. at 254). "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Landis*). As such, "[w]hen exercising its discretion, the Court is 'guided by the policies of justice and efficiency.'" *Bilberry*, No. 1:20-CV-470-RP, 2021 WL 536440, at *1.

In determining whether a stay is appropriate, a district court must consider various factors, including: "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to

5

defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

## IV. ARGUMENT

### A. The Supreme Court's Resolution of the Questions Presented in *Cox Communications* Will Likely Control or Alter the Governing Legal Standard and May Be Determinative of Plaintiff's Case

The Fifth Circuit regularly grants stays when controlling issues of law are pending in the U.S. Supreme Court or Texas Supreme Court. *See, e.g., Bilberry*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (ordering a stay until resolution of a pending Supreme Court decision on a relevant issue); *Baber v. Edman*, 719 F.2d 122, 123 (5th Cir. 1983) (describing a previous stay of proceedings to await the Texas Supreme Court's review of controlling case); *Life Ins. Co. of Virginia v. Murray Investment Co.*, 651 F.2d 1090, 1090 (5th Cir. 1981) (ordering district court to await the Texas Supreme Court's decision in case pending before it); *see also Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *2 (W.D. Tex. Nov. 21, 2017) (ordering a stay until after the D.C. Circuit issued a ruling in a matter that "will simplify the issues in question").

*Cox Communications* presents questions of controlling law that merit a stay here. This Court held that Plaintiff plausibly alleged contributory copyright infringement because "the Fifth Circuit has recognized that material contribution may be found where 'an ISP knew of specific instances of repeated infringement by specific users and chose to continue providing services to them,' and that such material contribution is a viable theory of copyright infringement." ECF No. 46 at 14–15. The *Cox Communications* petition asks the Supreme Court to resolve a "circuit split over whether and under what circumstances an online service provider 'materially contributes' to copyright infringement." The questions presented seek to clarify what

proof is needed for material contribution and for willfulness under 17 U.S.C. § 504(c). *See* RJN Ex. 3. Therefore, the Supreme Court's forthcoming decision in *Cox Communications* likely will define the material-contribution standard and may determine whether Plaintiff's theory of copyright infringement remains viable. *See* RJN, Ex. 1 at 16.

  The Supreme Court's forthcoming decision in *Cox Communications* may dispose of Plaintiff's contributory copyright infringement claim, and therefore this matter, in its entirety. In fact, this Court relied upon Fifth Circuit precedent, *Grande Communications*,[4] which adopted the material-contribution standard from the *Cox Communications Fourth Circuit Decision*[5] —the very standard that is at issue in the *Cox Communications* petition. If, however, the Supreme Court holds that the Fourth Circuit erred and upholds the Second and Tenth Circuit's material-contribution standard, then mere knowledge of direct infringement will not be enough for secondary copyright infringement liability; rather Plaintiff must prove that the service provider took *affirmative steps* to foster infringement. *See* RJN Ex. 1 at 16. Under that material-contribution standard, Plaintiff's claim will fail as a matter of law because he alleges facts sufficient to show only that X Corp. had mere knowledge of direct infringement and not that X Corp. took *affirmative steps* to foster infringement. *See* ECF No. 3 ¶¶ 23–26 ("Plaintiff submitted four separate DMCA-compliant takedown notices to X Corp . . . These notices demonstrate. . . X Corp.'s repeated failure to act."). The Supreme Court also has been asked to decide whether "mere knowledge" is sufficient to establish willfulness for purposes of Plaintiff's copyright claim. *See* RJN Ex. 3. In sum, the Supreme Court's ruling in *Cox Communications* may control

---

[4] *See* ECF No. 46 at 14–15 (quoting *Grande Communications*, 118 F.4th at 719).

[5] *See Grande Communications Networks*, 118 F.4th at 711–19 (adopting Fourth Circuit material-contribution standard set forth in *Cox Communications Fourth Circuit Decision*).

7

whether Plaintiff can prevail on his copyright infringement claim and can prove willfulness—and could dispose of this case.

### B. A Stay Will Promote Judicial Efficiency

The requested stay would promote judicial efficiency, as it would allow the Court and the parties to proceed with proper guidance from the Supreme Court as to whether Plaintiff's claim remains viable, and if so what the scope of discovery should be for that claim. X Corp. expects the Court will hear *Cox Communications* during the October 2025 term and would issue a decision in the case no later than June 2026. Where "[t]he issue before the Supreme Court is pivotal to Plaintiff's claims," a decision in *Cox Communications* "will likely simplify this matter and inform the Court's ruling on any dispositive motions, as well as the parameters of discovery." *See Bilberry*, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021)

A stay will also promote judicial efficiency because the parties and the Court would avoid unnecessary filings while *Cox Communications* is pending. The Court is aware that, to date, Plaintiff has filed *three* purported emergency motions seeking relief (all of which the Court denied), as well as a series of other procedurally improper motions and filings. A stay would save the Court and the parties from addressing motions and filings that ultimately may be wholly unnecessary to resolve.

Judicial economy therefore favors a stay.

### C. Plaintiff Will Not Suffer Prejudice If a Stay Is Granted

Plaintiff will not be prejudiced by a relatively short stay of these proceedings. *Cox Communications* likely will be argued in the Supreme Court's upcoming term (*see* RJN, Ex. 2 at 1), and decided by no later than June 2026. The requested stay of less than a year is not the sort of timeframe that would prejudice Plaintiff. *See, e.g.*, *Coker*, 161 F. Supp. 3d at 495 (no prejudice when Fifth Circuit and Supreme Court would soon hear a similar case); *Bilberry*, No.

1:20-CV-470-RP, 2021 WL 536440, at *2 (finding no prejudice where "a stay that would not be indefinite" and "would in fact conserve litigation costs for the parties by potentially avoiding needless motion practice, if not a trial and appeal, before the Supreme Court clarifies the applicable law"); *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *2 (W.D. Tex. Nov. 21, 2017) (finding there was "no reason to believe, [the plaintiff] will be prejudiced by a delay if a stay is entered" because "this case is in its infancy and no Scheduling Order has been entered or trial date set").

Accordingly, the requested stay will not prejudice Plaintiff, and thus this factor also weighs in favor of granting a stay of these proceedings.

### D. X Corp. Will Suffer Harm Absent a Stay

Absent a stay, Defendants will suffer harm in the form of unnecessary expenditure of time and expenses incurred to litigate this case. Courts have found litigation expenses sufficient to demonstrate actual prejudice to justify a stay. *See, e.g.*, *Coker*, 161 F. Supp. 3d at 495 (favoring a stay because of discovery and substantial expenses that may needlessly be incurred).

The Supreme Court likely will decide the standard for what may constitute material contribution for contributory copyright infringement. Even if Plaintiff's claim remains viable after *Cox Communications*, the Court's ruling may affect both the scope of discovery and any merits determination in this case. Going forward with this case likely would result in discovery and motion practice, and the expense of significant attorneys' fees and costs. Indeed, the *Cox Communications* ruling "will likely simplify this matter and inform the Court's ruling on any dispositive motions, as well as the parameters of discovery." *Bilberry*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2; *Dwyer*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *2 (granting a stay pending resolution of a D.C. Circuit ruling because it "will simplify issues" and could affect discovery into related issues in the *Dwyer* case).

Accordingly, Defendants will suffer harm absent a stay, and the balance of hardships and judicial economy favor a stay.

## V. <u>CONCLUSION</u>

For these reasons, Defendants respectfully request that this Court stay these proceedings until 30 days after the Supreme Court issues its mandate in *Cox Communications*.

Dated: August 8, 2025

Respectfully submitted,

By: */s/ Kenneth M. Trujillo-Jamison*
    Norma N. Bennett
    Texas Bar No. 24028492
    nbennett@shb.com
    Michella Gibbs
    Texas Bar No, 24107371
    mgibbs@shb.com
    SHOOK, HARDY & BACON, LLP
    600 Travis, Suite 3400
    Houston, Texas 77002
    (713) 227-8008 (Telephone)
    (713) 227-9508 (Facsimile)

    Kenneth M. Trujillo-Jamison
    (admitted pro hac vice)
    ktrujillo-jamison@willenken.com
    WILLENKEN LLP
    707 Wilshire Blvd., Suite 4100
    Los Angeles, CA 90017
    (213) 955-9240 (Telephone)
    (213) 955-9250 (Facsimile)

*Attorneys for Defendant X Corp.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 8, 2025, counsel for X Corp. met and conferred with pro se Plaintiff Justin Riddle via e-mail regarding this motion. Plaintiff informed Defendants that he opposes the instant motion because he believes *Cox Communications* cannot resolve this dispute.

*/s/ Norma N. Bennett*
Norma N. Bennett

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, the foregoing document was electronically filed with the Court's CM/ECF system, thereby effectuating service on all parties.

*/s/ Norma N. Bennett*
Norma N. Bennett