IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>               Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>               Defendant. | **Civil Action No. 1:25-cv-00073-ADA** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND
JUDGMENT PURSUANT TO RULE 59(e) AND MOTION FOR JUDICIAL
DISQUALIFICATION (ECF NO. 51)**

I.  **INTRODUCTION**

Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Motion for Judicial Disqualification ("Motion," ECF No. 51)[1]—which is in substance a motion to reconsider this Court's Order granting in part and denying in part defendant X Corp.'s motion to dismiss Plaintiff's First Amended Complaint ("Order," ECF No. 46)—should be denied for two reasons.

First, Plaintiff did not comply with Local Rule CV-7(d), which requires the movant to meet and confer in good-faith to attempt to resolve the matters raised in a non-dispositive motion. Plaintiff's Motion should be denied on this basis alone.

Second, justice does not require relief from this Court's Order granting in part defendant X Corp.'s Motion to Dismiss (ECF No. 46). Plaintiff fails to show any basis for reconsideration, where he does not, and cannot, establish any intervening change in law, the availability of previously unavailable new evidence, a need to correct a clear legal error or to prevent manifest injustice, nor any other reason for reconsideration.

Plaintiff's Motion also seeks "immediate judicial disqualification under 28 U.S.C. § 445 based on documented factual inconsistencies and systematic procedural concerns." ECF No. 51 at 2. However, Plaintiff's request for disqualification is procedurally and substantively deficient.

X Corp. accordingly respectfully requests that this Court deny Plaintiff's Motion.

II. **BACKGROUND**

   A.  **This Court's Ruling on X Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint.**

On July 11, 2025, this Court dismissed all the claims in Plaintiff's First Amended

---

[1] Plaintiff improperly brings his Motion pursuant to Federal Rule of Civil Procedure 59(e), instead of Rule 54(b). Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders, as here.

Complaint ("FAC") except his claim for copyright infringement under a contributory infringement theory, which the Court found Plaintiff plausibly alleged. ECF No. 46 at 9.[2]

The Court held that Plaintiff's breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence claims are barred by X Corp.'s relevant Terms of Service and dismissed them with prejudice. *Id.* at 8 (citations omitted). X Corp.'s relevant Terms of Service state that X Corp. "shall not be liable for any indirect, incidental, special, consequential[,] or punitive damages . . . resulting from . . . any defamatory, offensive[,] or illegal conduct of other users or third parties." *Id.* at 6 (quoting ECF No. 31-1 at 7 (capitalization omitted)). This liability limitation "appl[ies] to any theory of liability, whether based on warranty, contract, statute, or tort (including negligence) or otherwise." *Id.* The Court explained that "while 'limitation of liability provisions are enforceable against claims for breach of warranty, breach of contract, negligence, and liability for third-party conduct,' California law 'limit[s] the enforcement of exculpatory provisions that purport to excuse a party from the party's own fraud or misconduct.'" *Id.* at 7 (quoting *Diep v. Apple, Inc.*, No. 22-16514, 2024 WL 1299995, at *2 (9th Cir. Mar. 27, 2024)). The Court accordingly held that Plaintiff's breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence claims are barred by X Corp.'s relevant Terms of Service. *Id.* at 8 (citing *KST Data, Inc. v. DXC Tech.*, No. CV 17-07927 SJO (SK), 2018 WL 5733515, at *3 (C.D. Cal. Apr. 30, 2018) (noting that limitation of liability clauses "may be used at a dismissal stage to reject a party's claims") (further citations omitted)).

---

[2] Defendant recently filed a Motion to Stay (ECF No. 55) because this Court's ruling related to Plaintiff's contributory copyright infringement claim relied upon the material-contribution standard that is at-issue in a case that is currently pending before the Supreme Court.

This Court also held Plaintiff had not plausibly alleged his fraud-based claims. First, the Court held that Plaintiff failed to state a claim for violation of the RICO statute, specifically 18 U.S.C. § 962(c), through actions constituting wire fraud under 18 U.S.C. § 1343. *Id.* at 10 (citing ECF No. 22 at ¶¶ 44–51). The Court explained that to state a RICO claim under 18 U.S.C. § 1962, a plaintiff must allege and show the following: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Id.* (citing *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009)). Further, a "RICO 'person' is the defendant and must be distinct from the RICO 'enterprise.'" *Id.* (citing *In re Burzynski*, 989 F.2d 733, 742–43 (5th Cir. 1993)). The Court held that "Plaintiff fails to plausibly allege a RICO enterprise because the alleged RICO person and RICO enterprise are one and the same—X Corp." *Id.* (citing ECF No. 22 at ¶ 46).

Second, the Court found that Plaintiff failed to state a claim for relief for wire fraud independent of his RICO claim because "[t]he wire fraud act—18 U.S.C. § 1343—is a criminal statute, and there is no private cause of action under it." ECF No. 46 at 11 (quoting *Beasley v. Greenlee*, No. 3:22-CV-00532-X-BT, 2024 WL 3851382, at *8 (N.D. Tex. July 25, 2024) (citing *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974), *R&R adopted by*, 2024 WL 3851599 (N.D. Tex. Aug. 16, 2024)).

Third, the Court held that Plaintiff failed to state a claim for fraudulent billing (i.e., fraud) because he failed to plausibly allege the elements of fraud with the required specificity. *Id.* The Court explained that under California law, "the elements of fraud include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Id.* (citing *Austin v. Zhang*, No. 20-CV-05445-RS, 2022 WL 298573, at *2 (N.D. Cal. Feb. 1, 2022) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir.2003))). Rule 9(b) requires that the

3

circumstances constituting a claim for fraud be pled with particularity and "must include the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Id.* (quoting *UMG Recordings, Inc. v. Global Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007))). The Court noted that "Plaintiff generally alleges that X Corp. 'made material misrepresentations and omissions regarding . . . its billing practices during account suspension,' '[t[he ability to access cancellation mechanisms during suspension,' '[t]he delivery of paid promotional services,' and '[t]he implementation of "temporary labels" affecting the performance of paid promotions'" (ECF No. 22 at ¶ 54) but held that "[t]hese allegations are conclusory and fall for short of the heightened Rule 9(b) pleading standards." ECF No. 46 at 11-12. Indeed, Plaintiff did "not specif[y] with particularity any false representations allegedly made by X Corp." and "further fails to allege how he changed his position on reliance on any such statement." *Id.* at 12.

Finally, the Court held that Plaintiff failed to state a claim for violations of the TDTPA "because the Court has determined that California law applies, Plaintiff's claims for violation of the TDTPA is barred." *Id.* Further, TDTPA misrepresentation claims are subject to the heightened pleading requirements of Rule 9(b). *Id.* (citing *Bedgood v. Nissan North Am.*, No. A-16-CA-00281-SS, 2016 WL 3566689, at *3 (W.D. Tex. June 24, 2016) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001))). Here, Plaintiff's TDTPA allegations are premised on the same allegations underlying his fraudulent billing allegations. These allegations likewise "fail to specify the content of the alleged misrepresentations or the 'who, what, where, and how' of these representations." *Id.*

### B.    Plaintiff's Motions to Reconsider.

On June 22, 2025, Plaintiff filed a Motion for Immediate Judicial Action and Comprehensive Exposure of Systematic Judicial Misconduct Patterns. "First Motion to Reconsider," ECF No. 42. The Court denied Plaintiff's First Motion to Reconsider because "Plaintiff's Motion violates Local Rule CV-7(c)(2), limiting motions to 20 pages, and Local Rule CV-7(g) requiring movant to advise whether the parties have conferred in good-faith to resolve the matters raised in a non-dispositive motion." *See* July 14, 2025 Text Order.

Plaintiff then filed this Motion without first meeting and conferring as required by Local Rule CV-7(c)(2). *See* Declaration of Kenneth Trujillo-Jamison ("Trujillo-Jamison Decl.") at ¶ 2. X Corp. was not aware of this Motion until it was filed with the Court. *Id.*

## III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 54(b) states "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims." "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am.*, LLC, 595 F.3d 206, 210-11 (5th Cir. 2010) (affirming denial of Rule 54(b) motion for reconsideration)). "While Rule 54(b) permits a Court to reverse itself for any reason it deems sufficient, the same factors for Rule 59(e) may be required as 'the absence of such a showing would exhibit no injustice to denying reconsideration.'" *Wsou Invs. LLC v. Microsoft Corp.*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *5 (W.D. Tex. June 9, 2022) (collecting cases) (citations omitted). Accordingly, in their discretion, courts are permitted "to require a showing of one of the following factors to

5

justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice." *Id*. at *2 (citations and internal quotation marks omitted). "Otherwise, motions for reconsideration would simply become vehicles 'for rehashing evidence, legal theories, or arguments that could have been offered or raised before.'" *Id.* at *5 (quoting *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004)). Indeed, a district court's "'discretion under rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.'" *Wsou Invs. LLC*, 2022 WL 2078216, at *2 (quoting *Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019)). "Ultimately, the critical inquiry is whether justice requires relief from the interlocutory order." *Id.* (citation omitted).

## IV. ARGUMENT

### A. Plaintiff's Motion Should Be Denied Because He Did Not Comply with Local Rule CV-7(d).

This Court previously denied Plaintiff's First Motion to Reconsider, in part, because Plaintiff failed to comply with Local Rule CV-7(d), which requires the movant to advise whether the parties have conferred in good-faith to resolve the matters raised in a non-dispositive motion. *See* July 14, 2025 Text Order. Even after the previous guidance by the Court, Plaintiff again failed to meet and confer with X Corp. prior to filing this Motion. Trujillo-Jamison Decl. ¶ 2. X Corp. was not aware of this Motion until it was filed with the Court. *Id.* For this reason alone, this Court should deny Plaintiff's Motion.[3]

---

[3] The Court has also previously admonished Plaintiff for his repeated improper, bad-faith, and meritless filings that fail to comply with relevant rules. *See* ECF No. 48. The Court noted that if Plaintiff violates that order (ECF No. 48), he is "subject to further sanction, including up to the dismissal of this case with prejudice as warranted." *Id.* at 3.

### B. Justice Does Not Require Relief from the Court's Order Dismissing All of Plaintiff's Claims Except His Copyright Infringement Claim.

This Court should deny Plaintiff's Motion because Plaintiff has not established any intervening change in law, availability of previously unavailable new evidence, a need to correct a clear legal error or to prevent manifest injustice, nor any reason that justice requires relief from this Court's Order. *Wsou Invs. LLC*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *2 (the "critical inquiry is whether justice requires relief from the interlocutory order").

#### 1.  *No intervening change in law exists.*

Plaintiff does not argue there has been an intervening change in law. *See generally* ECF No. 51. Reconsideration accordingly is not warranted on this basis.

#### 2.  *No previously unavailable new evidence exists that would affect this Court's Order.*

To the extent that Plaintiff's Motion requests reconsideration of the Court's Order based upon additional evidence, it should be denied. *See* ECF No. 51 at 10 ("While efficient case management is certainly important, this procedural prioritization pattern might warrant review. See Attachments 1-3.").[4] A motion for reconsideration based upon *newly discovered* evidence may be granted only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been

---

[4] Attachments 1-3 consist of approximately 348 pages. Attachment 1 appears to be a copy of Plaintiff's First Motion to Reconsider (ECF No. 50), which the Court previously struck (*see* July 21, 2025 Text Order). Portions of Attachment 1 include screenshots that allegedly support Plaintiff's theory about "mathematical impossibilities." ECF No. 50 at 3. According to Plaintiff's FAC, "mathematically impossible advertising metrics demonstrat[e] [X Corp.'s] deliberate manipulation of commercial data." ECF No. 22 at ¶ 2. Plaintiff further alleges, "[t]he documented mathematical impossibilities in advertising metrics constitute fraudulent conduct that falls outside the scope of any legitimate limitation of liability provision." *Id.* at ¶ 8B.b. Attachment 2 appears to include the same DMCA notifications referenced in Plaintiff's FAC. Attachment 3 appears to include information supporting Plaintiff's claims about "mathematical impossibilities."

7

discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir.1954)). Plaintiff's Motion does not even assert any evidence is "newly discovered"—let alone satisfy any of these factors.

First, Plaintiff's Motion does not explain how any of the evidence in Attachments 1-3 "would probably change the outcome." *Infusion Res., Inc.*, 351 F.3d at 696–97. For example, this Court dismissed Plaintiff's fraud-based claims because he failed to allege the who, what, where, and how of any alleged fraudulent representations by X Corp., as required by Federal Rule 9(b). ECF No. 46 at 11-12. Plaintiff asserts Attachments 1-3 are "361 carefully curated screenshots and exhibits" that purportedly include "roughly a dozen . . . examples of . . . fraud," but he does *not* assert the attachments identify the who, what, where, and how of any alleged fraudulent representations by X Corp. In other words, this evidence fails to cure the deficiencies identified by the Court in its Order.

Second, Plaintiff does not assert the attachments are actually newly discovered, nor that they could not have been discovered earlier by proper diligence. *Infusion Res., Inc.*, 351 F.3d at 696–97; *Wsou Invs. LLC*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *8 ("Having lost the motion, [the party seeking reconsideration] cannot now point to old evidence that it has since developed to illustrate a change in evidence.").

Third, Attachments 1-3 are merely improper, cumulative evidence. *Infusion Res., Inc.*, 351 F.3d at 696–97. Plaintiff's FAC and opposition to X Corp.'s motion to dismiss already contained evidence about Plaintiff's DMCA notices[5] and the alleged "mathematical

---

[5] *Compare* ECF No. 22 at ¶¶ 9.c., 10, 16B., 26.c., 29, 30, 33-37, 46, Prayer for Relief at F., Ex. A-5 *and* ECF No. 31 at 5 *and* ECF No. 51 at 4 (all discussing DMCA notice evidence).

8

impossibilities" in advertising metrics.[6] In fact, it appears to be the same evidence serving the same arguments contained "in its original [briefing]" and Plaintiff appears to "simply ask[] this Court to rehash details contained in the original briefs." *Wsou Invs. LLC*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *9 (denying Microsoft's motion to reconsider").

Plaintiff fails to identify new evidence not previously available and does not suggest any other reasons in the interest of justice that this Court should grant reconsideration based on evidence submitted as Attachments 1-3.

### 3. *No need to correct a clear error of law or prevent manifest injustice exists.*

This Court held that under California law Plaintiff's breach of contract, breach of implied covenant of good faith and fair dealing, and negligence claims are barred by X Corp.'s relevant Terms of Service. *See supra* § II.A. Plaintiff's Motion does not argue that this was a clear error of law. *See generally* ECF No. 51 (not addressing that breach of contract, breach of implied covenant of good faith and fair dealing, or negligence claims are barred by the relevant Terms of Service)[7]. This Court also held that Plaintiff failed to plausibly allege his fraud-based claims, including violation of the RICO statute; wire fraud; fraudulent billing (i.e., fraud); and violations of the TDTPA. *See supra* § II.A (detailing Court's legal analysis for each of Plaintiff's fraud-based claims). The Court's Order thoroughly analyzed the elements of each claim and explained why Plaintiff's allegations were insufficient to allege the required elements. *Id.* Plaintiff's

---

[6] *Compare* ECF No. 22 at ¶¶ 8D.-N., 17, 20, 22, 26.g., 40.c., 41.b., 42.c., 47.a., 55.c., 60.c, 61.c, 67.b., 71.d., Prayer for Relief at H.-I., 76-78, Exhibits A-12 through A-15 *and* ECF No. 31 at 2, 5 at § B. *and* ECF No. 51 at 2-3 at §I.A-F (all discussing "mathematical impossibilities").

[7] While Plaintiff does argue that there is evidence that X Corp. delivered "0.00% of contracted services" (ECF No. 51 at 3), Plaintiff does not argue for reconsideration of this Court's holding that X Corp.'s relevant Terms of Service bar breach of contract claims.

Motion does not argue that the Court applied the wrong elements for his fraud-based claims and does not argue that the Court misapplied the alleged facts to those elements—in other words, he identifies no "clear legal error." *Wsou Invs. LLC*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *2. Instead, Plaintiff's Motion appears to raise four arguments of "manifest error," all of which fail:

*First*, Plaintiff argues "[t]he Court's application of Terms of Service to bar claims based on federal statutory violations raises certain constitutional questions about the hierarchy of federal law versus private contractual provisions." ECF No. 51 at 8. However, this argument fails because the Court did not hold that X Corp.'s relevant Terms of Service bar any of Plaintiff's claims based on federal statutory violations.[8]

*Second*, Plaintiff argues it was an error for the Court to refuse to "examine video evidence on page limit grounds, followed by dismissal based on 'insufficient evidence.'" ECF No. 51 at 12 ("Document 35 Exclusion Analysis"). Plaintiff is wrong. The Court did not consider the evidence submitted with ECF No. 35 because it was contained in a sur-reply that violated this Court's local rules (ECF No. 46 at n.3), not because it exceeded page limits. *See* W.D. Tex. Loc. R. CV-7(e)(1); *see also* ECF No. 48 at 2 (giving Plaintiff notice that he must comply with local rules). No error exists in enforcing the local rules. *See Husley v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

*Third*, Plaintiff argues it was an error to characterize evidence of "mathematical

---

[8] Plaintiff raises an irrelevant hypothetical about whether the relevant Terms of Service can override federal copyright law. *See* ECF No. 51 at 8. The Court made no such holding here and Plaintiff's copyright infringement claim was not dismissed.

impossibilities" in advertising metrics as "insufficient evidence" of fraudulent conduct by X Corp. ECF No. 51 at 13. Plaintiff misinterprets the Court's Order, which held that Plaintiff did not allege the elements of fraud with the required specificity. The Court explained that "Plaintiff generally alleges that X Corp. 'made material misrepresentations and omissions regarding . . . its billing practices during account suspension,' '[t]he ability to access cancellation mechanisms during suspension,' '[t]he delivery of paid promotional services,' and '[t]he implementation of "temporary labels" affecting the performance of paid promotions.'" ECF No. 46 at 11 (quoting ECF No. 22 at ¶ 54). The Court held that "[t]hese allegations are conclusory and fall far short of the heightened pleading standards." *Id.* at 11-12 (citing *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1106 ("Conclusory allegations are insufficient, and facts constituting the fraud must be alleged with specificity.")). The Court further held that "[i]n addition to not specifying with particularity any false representations allegedly made by X Corp., Plaintiff further fails to allege how he changed his position in reliance on any such statement." ECF No. 46 at 12. Plaintiff does not argue that any of the evidence about "mathematical impossibilities" in advertising metrics contains facts about the particular false representations made by X Corp. or contains facts about how Plaintiff changed his position in reliance on those statements. Therefore, evidence about the "mathematical impossibilities" in advertising metrics is conclusory and insufficient to support all of the elements of fraud with the required specificity. No error, therefore, exists in this Court's Order.

*Fourth*, Plaintiff argues "[t]he Court characterized DMCA safe harbor provisions as 'affirmative defenses' that platforms may assert" but argues that "[t][he statutory language at 17 U.S.C. § 512(c)(1)(C) uses 'shall expeditiously remove,' which traditionally indicates mandatory rather than discretionary obligations." ECF No. 51 at 8. He then argues this was an error and

"[t]he treatment of mandatory statutory language ('shall') as discretionary suggests certain concerns about federal law interpretation and enforcement." *Id.* at 11. However, as the Court explained, "DMCA's safe harbor is an affirmative defense that a defendant has the burden of establishing." ECF No. 46 at 16 (citing *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 753 (W.D. Tex. 2019)). Plaintiff does not argue that the cited case law was wrong or provide any contradictory case law. Further, the Court explained, "[t]he only affirmative claim provided under § 512 of the DMCA is for misrepresentation in connection with a takedown notice. 17 U.S.C. § 512(f). Plaintiff alleges no facts that would support such a claim." *Id.* Plaintiff does not argue that he alleged facts to support a claim for misrepresentation in connection with a takedown notice. As such, there was no "clear error" in this Court's Order.

Accordingly, Plaintiff's Motion does not establish that reconsideration should be granted because there is a need to correct a clear error of law or manifest injustice.

### C. Plaintiff's Request for Immediate Judicial Disqualification Is Procedurally and Substantively Deficient.

A motion to disqualify may be brought under 28 U.S.C. § 455(a)—because the Court's "impartiality might reasonably be questioned"—or under 28 U.S.C. § 455(b)—listing enumerated reasons that create a conflict of interest. "A recusal motion under section 455 is committed to the sound discretion of the district judge." *In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984). "[T]he standard for bias is not 'subjective,' as it once was, but, rather, 'objective;'" and references the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). Further, "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Id.* at 455. Finally, the "origin of a judge's alleged

bias is of critical importance." *Id.* The Supreme Court has applied a doctrine called the "extrajudicial source rule" to interpretation of Section 455 and "this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of litigation context and holds that the former rarely require recusal." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Plaintiff's request for immediate judicial disqualification should be denied because it is procedurally and substantively deficient. Plaintiff's request is procedurally deficient because he does not identify whether he is moving for disqualification under 28 U.S.C. § 455(a) or under 28 U.S.C. § 455(b).

Plaintiff's request for judicial disqualification is also substantively deficient. Here, disqualification is not warranted pursuant to 28 U.S.C. § 455(b), because no specifically enumerated grounds are present; and disqualification is not warranted pursuant to 28 U.S.C. § 455(a) because there is no basis on which to reasonably question the Court's impartiality.

It appears that Plaintiff is arguing that the Court is not impartial[9] because: (1) the Court issued three rulings within 24 hours of Plaintiff's communications after waiting over 180 days to rule (ECF No. 51 at 5-6); (2) the Court has not yet ruled on Plaintiff's ADA accommodation request (*id.* at 7); and (3) the Court allegedly mischaracterized Plaintiff's conduct during a telephone call (*id.* at 6-7). Each of these grounds concerns "events occurring or opinions expressed in the course of judicial proceedings," which "rarely require recusal." *Andrade v. Chojnacki*, 338 F.3d at 455. Plaintiff's stated grounds do not support disqualification for two reasons.

---

[9] Plaintiff's Motion does not use the word "impartial" or reference 28 U.S.C. § 455(a). However, logically his evidence appears to be based on this section of the Code.

First, as the Supreme Court has held:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky*, 510 U.S. at 555. Here, Plaintiff's first two purported incidences of non-impartiality are based on "judicial rulings." *Id.* For example, Plaintiff notes that the Court issued "three orders . . . within 24 hours of specific plaintiff communications," which he claims, "might warrant clarification regarding standard processing procedures." ECF No. 51 at 6. However, Plaintiff does not claim there was any "reliance upon an extrajudicial source" or that issues related to "standard processing procedures" amounted to "antagonism" showing judicial bias. *Litkey*, 510 U.S. at 555. Any issue with the Court's rulings in those orders is "proper grounds for appeal, not for recusal." *Id.*

Second, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* Such comments support a bias challenge if "they reveal an opinion that derives from an extrajudicial source" or "if they reveal such a high degree of favoritism or antagonism to make fair judgment impossible." *Id.* For example, in *Berger v. United States*, a judge stated that German-Americans "hearts are reeking with disloyalty," which showed bias. 255 U.S. 22, 28 (1921). However, the Supreme Court has held "[n]ot establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Liteky*, 510 U.S. at 555–56. In other words, even if the Court characterized

14

Plaintiff's behavior during a phone call as "harassing," as Plaintiff claims (ECF No. 51 at 6-7), that simply is an expression of dissatisfaction or annoyance and does not rise to the level of bias or partiality. Further, Plaintiff has not explained why this characterization would be viewed as biased or impartial by a "well-informed, thoughtful and objective observer." *Andrade*, 338 F.3d at 454.

This Court accordingly should deny Plaintiff's baseless motion for judicial disqualification.

## V. CONCLUSION

Plaintiff has not established any intervening change in law, availability of previously unavailable new evidence, nor a need to correct a clear legal error or to prevent manifest injustice. No other reason justifies reconsideration of this Court's Order. Plaintiff also has not established any grounds for judicial disqualification under 28 U.S.C. § 455. Plaintiff's Motion should be denied in its entirety.

Dated: August 8, 2025

Respectfully submitted,

By: */s/ Kenneth M. Trujillo-Jamison*
Norma N. Bennett
Texas Bar No. 24028492
nbennett@shb.com
Michella Gibbs
Texas Bar No, 24107371
mgibbs@shb.com
SHOOK, HARDY & BACON, LLP
600 Travis, Suite 3400
Houston, Texas 77002
(713) 227-8008 (Telephone)
(713) 227-9508 (Facsimile)

Kenneth M. Trujillo-Jamison
(admitted pro hac vice)
ktrujillo-jamison@willenken.com
WILLENKEN LLP

15

707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
(213) 955-9240 (Telephone)
(213) 955-9250 (Facsimile)

*Attorneys for Defendant X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, the foregoing document was electronically filed with the Court's CM/ECF system, thereby effectuating service on all parties.

*/s/Norma N. Bennett*
Norma N. Bennett