UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JUSTIN RIDDLE,** | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL NO. A-25-CV-00073-ADA |
| **X CORP.,** | § § § | |
| Defendant. | § § § | |

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR JUDICIAL DISQUALIFICATION

Before the Court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Motion for Judicial Disqualification (ECF No. 51). After careful consideration of the parties' briefing, the relevant facts, and the applicable law, the Court finds that the Motion should be and is **DENIED**.

### I.     BACKGROUND

Plaintiff, proceeding *pro se*, brought this suit against Defendant on January 13, 2025, asserting claims for (1) copyright infringement, (2) violation of the Digital Millennium Copyright Act (DMCA), (3) wire fraud, (4) violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, (5) fraudulent billing, (6) negligence, (7) violation of the Texas Deceptive Trade Practices Act (TDTPA), and (8) breach of contract and breach of implied covenant of good faith and fair dealing. *See* ECF Nos. 3, 22.

On July 11, 2025, the Court dismissed all claims in Plaintiff's First Amended Complaint except for his claim of contributory copyright infringement, which the Court found Plaintiff had plausibly alleged. *See* ECF No. 46 at 9. Following that Order, Plaintiff filed a first Motion to Alter

or Amend Judgment Pursuant to Rule 59(e), Motion for Judicial Disqualification, and Notice of Intent to File Criminal Referral. *See* ECF No. 50. The Court struck the motion for failure to comply with the Local Rules but allowed Plaintiff to refile a motion that complied with the Local Rules. *See* 07/21/2025 Text Order. Thus, on July 25, 2025, Plaintiff filed the present Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Motion for Judicial Disqualification. ECF No. 51.

## II.    MOTION TO ALTER OR AMEND JUDGMENT

While the Federal Rules of Civil Procedure does not specifically recognize motions for reconsideration, courts treat such motions as motions brought pursuant to Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the movant asks the Court to reconsider. *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). Although Plaintiff invokes Rule 59(e), that rule does not become applicable until after entry of a judgment. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) ("Whereas Rule 59(e) applies only to final judgments and does not permit reconsideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits the district court 'to reconsider and reverse its decision for any reason it deems sufficient.").

Here, at the time Plaintiff filed his Motion, other claims remained pending, and no final judgment was entered on the claims dismissed by the partial grant of Defendant's motion to dismiss. Accordingly, the motion to reconsider the interlocutory order partially granting the motion to dismiss is governed by Rule 54(b). *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) (holding that the district court should have reconsidered its order granting partial summary judgment under Rule 54(b) because the order was interlocutory).

In comparison to Rule 59(e), Rule 54(b)'s approach is intended to reflect the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). Still:

> So long as courts recognize that they have the discretion to grant reconsideration even in the absence of any such showing, the flexible approach permits them to require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice.

*United States v. 89.9270303 Bitcoins*, No. SA-18-CV-0998-JKP, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021) (internal quotation marks omitted). "Thus, even though the standard for evaluating a motion to reconsider under Rule 54(b) is 'less exacting than that imposed by Rules 59 and 60 . . . considerations similar to those under Rules 59 and 60 inform the Court's analysis.'" *Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (citation omitted). Ultimately, the critical inquiry is whether justice requires relief from the interlocutory order. *Kroger*, 864 F.3d at 337.

The more flexible approach under Rule 54(b) to reviewing motions for reconsideration should not lead to such motions automatically being granted. Otherwise, motions for reconsideration become constant reassessments of the Court's work. *See Turk v. Pershing*, 2019 WL 13074701, at *1 ("[A] district court's broad discretion under rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."). A motion to reconsider under Rule 54(b) is thus "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 403 (E.D. La. 2022) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2014)).

The Court finds that there has been no showing that the Court's order rendered July 11, 2025 (ECF No. 46), included any manifest errors of law or fact or that there has been presented any newly discovered evidence that warrants reconsideration of its decision. Nor has Plaintiff demonstrated that there has been an intervening change in controlling law. Instead, Plaintiff repeats arguments he made previously or which were available to him at the time he originally responded to the motion to dismiss. Accordingly, Plaintiff's Motion to Alter or Amend Judgment is hereby **DENIED**.

### III.  MOTION FOR IMMEDIATE JUDICIAL DISQUALIFICATION

Plaintiff requests immediate judicial qualification under 28 U.S.C. § 455 "based on documented factual inconsistencies and systematic procedural concerns." ECF No. 51 at 2. Plaintiff does not specify whether he is moving for disqualification under 28 U.S.C. § 455(a) or under 28 U.S.C. § 455(b). These statutes govern the recusal of a federal judge:

> 28 U.S.C. § 455(a) states "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
>
> 28 U.S.C. § 455(b)(1) states he [judge] shall also disqualify himself in the following circumstances . . . where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.
>
> 28 U.S.C. § 144 states "the moving party shall file an affidavit which shall state the facts and the reasons for the belief that bias or prejudice exists . . . and shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

28 U.S.C. § 144 and 455.

The case law clarifies the situations in which disqualification is actually required. First, the alleged bias of partiality on the part of the subject judge must generally stem from an extra-judicial source. *Liteky v. United States*, 510 U.S. 540 (1994). "Rulings made in the course of a judicial proceeding will almost never furnish sufficient grounds for recusal." *Zablosky v. Midfirst Bank*,

No. SA-13-CA-467, 2013 WL 12157198, at *1 (W.D. Tex. Aug. 12, 2013) (citing *United States v. Grinnell Corp.*, 384 U.S 563, 583 (1966)). Second, the standard for measuring alleged bias is objective and requires that the proceedings be viewed as a whole from the standpoint of a "well-informed, thoughtful, and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

As a preliminary matter, Plaintiff's motion is procedurally deficient, as he failed to file an affidavit stating the facts and reasons for the belief that bias or prejudice exists and an accompanying certificate stating that the motion is made in good faith. Substantively, Plaintiff has failed to sustain his burden of establishing grounds for disqualification. There is no credible claim of bias or partiality stemming from an extrajudicial source, nor can any objective, convincing basis for recusal be found. Accordingly, the Court **DENIES** Plaintiff's request for judicial disqualification.

## IV.   CONCLUSION

For these reasons, Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Motion for Judicial Disqualification (ECF No. 51) is **DENIED**.

**SIGNED** this 11th day of August, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE