IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>                    Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>                    Defendant. | **Civil Action No. 1:25-cv-00073-ADA** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AND SANCTIONS (ECF NO. 53)**

I.  **INTRODUCTION**

Plaintiff's Motion for Default Judgment and Sanctions (ECF No. 53; "Motion")—which requests that the Court enter default judgment, grant Rule 11 sanctions against Defendant X Corp., and grant summary judgment—should be denied for four reasons.

*First*, Plaintiff's Motion should be struck or denied because—again—Plaintiff did not comply with Local Rule CV-7(c)(2), which sets a 20-page limit for motions, nor with Local Rule CV-7(d), which requires the movant to meet and confer in good-faith to attempt to resolve the matters raised in a non-dispositive motion. As the Court is well aware, the Court has "admonishe[d] Plaintiff and place[d] him on notice of his obligation to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence," which "includes, without limitation, the requirements of Local Rule CV-7," and that "[f[ailure to comply with this Court's local rules of [sic] the relevant rules of procedure may result in actions, ranging from the striking of submissions to the dismissal of a case with prejudice." ECF No. 48 at 2. Plaintiff continues to openly flout the Local Rules and this Court's admonition. The Motion should be struck or denied on this basis alone.

*Second*, Plaintiff's request for default judgment should be denied because X Corp. timely answered Plaintiff's First Amended Complaint ("FAC") (*see* ECF No. 52; "Answer") and has actively participated in litigation. There is no basis for default judgment to be entered.

*Third*, Plaintiff's request for Rule 11 sanctions should be denied because it is procedurally and substantively deficient. His request is procedurally deficient because, under Federal Rule of Civil Procedure 11(c)(2), a motion for sanctions must be made separately from any other motion and Plaintiff was required to serve his Motion on X Corp. at least 21 days before filing it with the court. Plaintiff did not comply with these requirements. Further, X Corp. should not be sanctioned because X Corp. has not violated Rule 11(b), and the denial of factual

1

contentions in its Answer are warranted on the evidence and/or are reasonably based on belief or a lack of information.

*Fourth*, summary judgment should be denied because it is premature. The parties have not begun discovery. And Plaintiff has not provided any evidence sufficient to prevail on his procedurally defective Motion.

Accordingly, X Corp. respectfully requests that this Court deny Plaintiff's Motion.

## II.   RELEVANT BACKGROUND

On June 22, 2025, Plaintiff filed a Motion for Immediate Judicial Action and Comprehensive Exposure of Systematic Judicial Misconduct Patterns. ECF No. 42; "First Motion to Reconsider." The Court denied Plaintiff's First Motion to Reconsider because "Plaintiff's Motion violates Local Rule CV-7(c)(2), limiting motions to 20 pages, and Local Rule CV-7(g) requiring movant to advise whether the parties have conferred in good-faith to resolve the matters raised in a non-dispositive motion." *See* July 14, 2025 Text Order.

On July 11, 2025, this Court dismissed all the claims in Plaintiff's First Amended Complaint ("FAC"), except his claim for copyright infringement under a contributory infringement theory, which the Court found Plaintiff plausibly alleged. ECF No. 46 at 9; "Motion to Dismiss Order."[1] That same day, the Court issued an order admonishing Plaintiff to "COMPL[Y] WITH THE RELEVANT RULES." ECF No. 48 at 2. In that Order, the Court "admonishe[d] Plaintiff and place[d] him on notice of his obligations to comply with this Court's

---

[1] Although Plaintiff's Motion discusses claims other than his copyright infringement claims, those claims have been dismissed. X Corp.'s opposition does not address claims that have already been dismissed. To the extent that Plaintiff seeks reconsideration of this Court's Motion to Dismiss Order, such a request is cumulative of ECF No. 51, and should be denied for the reasons set forth in X Corp.'s opposition to Plaintiff's second motion for reconsideration (ECF No. 57).

2

Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence." *Id.* That order clarified that the admonishment "includes, without limitation, the requirements of Local Rule CV-7 and CV-10." *Id.* The order also warned Plaintiff that "[f]ailure to comply with this Court's local rules of [sic] the relevant rules of procedure may result in sanctions, ranging from the striking of submissions to the dismissal of a case with prejudice." *Id.*

On July 14, 2025—just one business day later—Plaintiff filed a 51-page "Motion to Alter or Amend Judgment Pursuant to Rule 59(e), Motion for Judicial Disqualification, and Notice of Intent to File Criminal Referral." ECF No. 50. One week later, the Court struck that motion, noting that it "exceeds the page limits set by this Court's local rules without leave from Court" and that "Plaintiff has been notified of his obligation to comply with the Court's local rules." July 21, 2025 Text Order.

On July 25, 2025, X Corp. timely filed its answer to Plaintiff's FAC. *See* ECF No. 52. Three days later, Plaintiff filed the instant Motion. ECF No. 53. Plaintiff's Motion is 62 pages, far more than the 20-page limit for motions set forth in Local Rule CV-7(c)(2). Also, before filing the Motion, Plaintiff did not meet and confer with counsel for X Corp., as required by Local Rule CV-7(c)(2). *See* Declaration of Kenneth Trujillo-Jamison ("Trujillo-Jamison Decl.") at ¶ 2. Accordingly, X Corp. was not aware of this Motion until Plaintiff filed it with the Court. *Id.*

On August 9, 2025, X Corp. filed a Motion to Stay (ECF No. 55), because this Court's Motion to Dismiss Order regarding Plaintiff's contributory copyright infringement claim relied upon the material-contribution standard that is at-issue in a case that is currently pending before the Supreme Court, *Cox Communications v. Sony Music Entertainment*, No. 24-171, 2024 WL 3860067 (cert. granted June 30, 2025) ("*Cox Communications*"). The Supreme Court's possible

3

resolution of the questions presented in *Cox Communications* may determine whether Plaintiff's theory that X Corp. materially contributed to secondary copyright infringement is viable, and whether Plaintiff can establish X Corp. willfully infringed his alleged copyright under that theory.

### III.  ARGUMENT

#### A.  Plaintiff's Motion Should Be Struck or Denied Because Plaintiff—Again-- Failed to Comply with Local Rule CV-7.

Plaintiff's Motion should be struck because he—again—flouted his "obligation to comply with the Court's local rules." *See* July 21, 2025 Text-Only Order.

This Court previously denied Plaintiff's First Motion to Reconsider because it violated Local Rule CV-7(c)(2), limiting motions to 20 pages, and Local Rule CV-7(g), requiring movant to advise whether the parties have conferred in good-faith to resolve the matters raised in a non-dispositive motion." *See id.* The Court also struck Plaintiff's Motion to Amend Judgment for "exceed[ing] the page limits set by this Court's local rules without leave from Court." *See* July 21, 2025 Text-Only Order. And the Court has expressly "admonishe[d] Plaintiff and place[d] him on notice of his obligation to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence," which "includes, without limitation, the requirements of Local Rule CV-7" and that "[f[ailure to comply with this Court's local rules of [sic] the relevant rules of procedure may result in actions, ranging from the striking of submissions to the dismissal of a case with prejudice." ECF No. 48 at 2.

Despite the Court's crystal-clear admonition to comply with the Court's Local Rules, and the Court's previous orders denying or striking his motions that violate Local Rule CV-7, Plaintiff again flagrantly violated the Court's order and this Court's Local Rules by (a) failing to meet and confer with counsel for X Corp. prior to filing this Motion and (b) again filing without

4

leave of court a Motion that greatly exceeds exceeded the 20-page-limit. Trujillo-Jamison Decl. ¶ 2.

Accordingly, as it has done with Plaintiff's prior motions that violate Local Rule CV-7, this Court should strike or deny Plaintiff's Motion.[2]

### B.   Plaintiff's Request for Default Judgment Should Be Denied.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of a default is a prerequisite to a default judgment under Rule 55(b). Rule 55(b)(2) provides that default judgment may be entered only "[i]f the party against whom judgment by default is sought has appeared in the action." Fed. R. Civ. P. 55(b). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Here, default judgment may not be entered because X Corp. has "plead[ed] [and] otherwise defend[ed]" itself in this action and has "appeared in the action." *See* Fed. R. Civ. P. 55(b). On March 5, 2025, X Corp. timely filed its Motion to Dismiss, which the Court granted-in-part and denied-in-part in its July 11, 2025 order. ECF Nos. 14, 46. X Corp. also timely filed its answer on July 25, 2025, *i.e.*, within 14 days of the Court's Motion to Dismiss Order. ECF No. 52. Default judgment may not be entered under these circumstances. *See Rodriguez v. Sarabyn*, 908 F. Supp. 442, 445 (W.D. Tex. 1995) (denying motion for default judgment when

---

[2] The Court has also previously admonished Plaintiff for his repeated improper, bad-faith, and meritless filings that fail to comply with relevant rules. *See* ECF No. 48. The Court noted that if Plaintiff violates that order (ECF No. 48), he is "subject to further sanction, including up to the dismissal of this case with prejudice as warranted." *Id.* at 3.

5

defendants had timely filed an answer). X Corp. has also actively participated in the litigation by attending hearings, filing motions and oppositions, and repeatedly meeting and conferring with Plaintiff. *See, e.g.*, ECF Nos. 14, 20, 25, 29-32, 34, 46 (order detailing X Corp.'s various filings). These actions constitute a clear defense under Rule 55(a). Plaintiff's request for default judgment should be denied for the additional reason that default judgment without prior entry of default is procedurally improper. *See THD Partners, LLC v. JAG Res., Inc.*, No. A-16-CV-849-LY, 2018 WL 3000546, at *2 (W.D. Tex. June 15, 2018), *report and recommendation adopted*, No. A-16-CV-849-LY, 2018 WL 4343428 (W.D. Tex. July 31, 2018) ("After defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default.").

Accordingly, Plaintiff's request for default judgment should be denied.

### C.     Plaintiff's Request for Rule 11 Sanctions Should Be Denied.

Under Rule 11(b):

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for

6

the violation." Fed. R. Civ. P. 11(c)(1). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed R. Civ. P. 11(c)(2). The motion must also "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*

Plaintiff's request for Rule 11 sanctions should be denied because his request is procedurally defective and substantively deficient.

*First*, Rule 11(c)(2) requires the moving party to serve a Rule 11 motion for sanctions on the opposing party at least 21 days before filing it with the Court. Here, Plaintiff did not serve his Motion on X Corp. until the day that he filed it. *See* Trujillo-Jamison Decl. ¶ 2. This warrants automatic denial of the Motion.

*Second*, under Rule 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Plaintiff's Motion includes a motion for default judgment, motion for summary judgment, and request for Rule 11 sanctions. His motion for sanctions was therefore not made separately, as required by Rule 11(c)(2), and therefore must be denied under that Rule.

*Third*, X Corp. has not violated Rule 11(b); therefore, sanctions are not warranted. Plaintiff argues that X Corp.'s Answer (ECF No. 52) violates Rule 11(b)[3] because X Corp. claimed to lack knowledge about its DMCA procedures, billing systems, and platform operations (*see* ECF No. 53 at 8 ("July Contradiction: Defendant claims ignorance of those same

---

[3] Plaintiff's Motion does not specifically state which subsection of Rule 11(b) X Corp. has allegedly violated. Based on his arguments it appears that he is arguing that X Corp. violated Rule 11(b)(3)-(4) since he references "evidentiary support." ECF No. 52 at 9.

systems.")), which Plaintiff alleges is contradicted by statements in X Corp.'s motion to dismiss Plaintiff's FAC (ECF No. 29) that show X Corp. has knowledge of these systems (*see* ECF No. 53 at 8 ("March Certification: Defendant certified their factual contentions about their own systems had evidentiary support.")). But Plaintiff mischaracterizes Plaintiff's Answer, which claims that X Corp. "lacks knowledge of information sufficient to admit or deny the allegations about alleged charges" and "lacks knowledge or information about the authenticity of the referenced documents sufficient to admit or deny the allegations about the contents of documents referenced." ECF No. 52 at 8–9. The documents referenced include screenshots taken by Plaintiff supposedly showing advertising metrics. *See* ECF No. 22 at ¶¶ 18-20. But X Corp. did not "claim[] ignorance" of the systems. In short, the factual statements in X Corp.'s Answer are "warranted on the evidence or . . . a lack of information" under Rule 11(b)(4)*,* and are no basis for Rule 11 sanctions, even if they had been properly presented by a Rule-compliant sanctions motion.

      Therefore, Plaintiff's request for Rule 11 sanctions should be denied.

      **D.**    **Summary Judgment Should Be Denied.**

"Summary judgment is proper when the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *1 (W.D. Tex. Jan. 7, 2016) (quoting Fed. R. Civ. P. 56(a)). Rule 56, "mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (emphasis added). Further, in the "Fifth Circuit, courts have discretion to deny a motion for summary judgment as premature." *George*, No. SA-15-CV-943-XR, 2016

WL 94146, at *2 (citing *Gabarick v. Laurin Mar. (Am.), Inc.*, 406 F. App'x 883, 890 (5th Cir. 2010)).

Plaintiff's request for summary judgment is extremely premature and should be denied. Plaintiff requested summary judgment on July 28, 2025 (ECF No. 53)—only 17 days after this Court ruled on X Corp.'s Motion to Dismiss Plaintiff's FAC (*see* ECF No. 46) and only three days after X Corp. filed its Answer (ECF No. 53). The Court has not issued a scheduling order or conducted an initial case management conference. And the parties have not yet begun discovery. *See* Trujillo-Jamison Decl. ¶ 3. "Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature." *George*, No. SA-15-CV-943-XR, 2016 WL 94146, at *3 (collecting cases) (denying summary judgment when discovery had not yet commenced). Consistent with that, "[s]ummary judgment should not . . . ordinarily be granted before discovery has been completed." *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 (5th Cir. 1989) (quotation marks and citation omitted).

Summary judgment is also premature for the reasons set forth in X Corp.'s motion to stay proceedings. *See* ECF No. 55. In sum, Plaintiff's sole remaining claim is for copyright infringement under a contributory infringement theory. *See* ECF No. 46 at 9. All other claims have been dismissed. *See generally id.* Recently the Supreme Court granted certiorari in *Cox Communications*. *Cox Communications* presents the questions of (a) whether "a service provider can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were using certain accounts to infringe and did not terminate access, without proof that the service provider affirmatively fostered infringement or otherwise intended to promote it," and (b) whether "mere knowledge of another's direct infringement suffices to find willfulness under 17 U.S.C. § 504(c)." *Id.* at 1. The Supreme Court's possible resolution of these

9

questions presented in *Cox Communications* may determine whether Plaintiff's theory that X Corp. materially contributed to secondary copyright infringement is viable, and whether Plaintiff can establish X Corp. willfully infringed his alleged copyright under that theory.

Therefore, this Court should use its discretion to deny Plaintiff's motion for summary judgment as premature. *See George*, No. SA-15-CV-943-XR, 2016 WL 94146, at *2. Plaintiff's motion for summary judgment also should be denied because he has not established that he is entitled to summary judgment of his sole remaining claim for copyright infringement under a contributory infringement theory. Summary judgment is only proper if there "'is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *George*, No. SA-15-CV-943-XR, 2016 WL 94146, at *1 (quoting Fed. R. Civ. P. 56(a)).

Plaintiff's Motion does not establish the legal elements for copyright infringement or detail any facts that support those elements. Under Rule 56(c), Plaintiff was required to support his assertion that material facts cannot be genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" (Fed. R. Civ. P. 56(c)(1)) or by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact" (Fed. R. Civ. P. 56(c)(2)).

Plaintiff does neither: Plaintiff cites no evidence in the record to support the elements of his copyright infringement claim. Instead, Plaintiff makes a conclusory statement that "defendant [X Corp.] cannot provide evidence contradicting plaintiff's claim." ECF No. 53 at 40. But "[c]onclusory statements are not competent evidence to defeat summary judgment." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (finding a party "must offer

specific evidence"). Further, Plaintiff's arguments mainly concern claims that this Court has already dismissed. *See* ECF No. 46 (dismissing all claims except for Plaintiff's contributory copyright infringement claim). As to Plaintiff's copyright infringement claim, Plaintiff incorrectly argues that "Defendant has not disputed the surviving contributory copyright claim" and has made "[n]o factual challenges to the underlying infringement evidence." ECF No. 53 at 41. Plaintiff is wrong. In its Answer, X Corp. has disputed Plaintiff's contributory copyright claim and the underlying infringement evidence. *See, e.g.*, ECF 52 at ¶¶ 27-31 and Affirmative Defenses. Plaintiff does not explain why X Corp. cannot produce admissible evidence to show that there has been no copyright infringement. Therefore, Plaintiff has not established there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law on his copyright infringement claim.

Accordingly, his request for summary judgment should be denied.

## IV.   CONCLUSION

For all these reasons, this Court should deny Plaintiff's Motion in its entirety.

Dated: August 11, 2025

Respectfully submitted,

By: */s/ Kenneth M. Trujillo-Jamison*
Norma N. Bennett
Texas Bar No. 24028492
nbennett@shb.com
Michella Gibbs
Texas Bar No, 24107371
mgibbs@shb.com
SHOOK, HARDY & BACON, LLP
600 Travis, Suite 3400
Houston, Texas 77002
(713) 227-8008 (Telephone)
(713) 227-9508 (Facsimile)

Kenneth M. Trujillo-Jamison
(admitted pro hac vice)
ktrujillo-jamison@willenken.com

11

WILLENKEN LLP  
707 Wilshire Blvd., Suite 4100  
Los Angeles, CA 90017  
(213) 955-9240 (Telephone)  
(213) 955-9250 (Facsimile)  

*Attorneys for Defendant X Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, the foregoing document was electronically filed with the Court's CM/ECF system, thereby effectuating service on all parties.

*/s/ Norma N. Bennett*
Norma N. Bennett