UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JUSTIN RIDDLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. A-25-CV-00073-ADA |
| | § | |
| **X CORP.,** | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AND SANCTIONS**

Before the Court is Plaintiff's Motion for Default Judgment and Sanctions (ECF No. 53). Having reviewed the parties' briefing, the relevant facts, and the applicable law, the Court **DENIES** the Motion.

**I.     DISCUSSION**

As a preliminary matter, Plaintiff's Motion violates Local Rule CV-7(c)(2), which restricts non-discovery and non-case management motions to 20 pages absent authorization by the Court. W.D. Tex. Loc. R. CV-7(c)(2). Plaintiff has been made aware of this requirement (*see* ECF No. 48), and he acknowledges this requirement in his Motion. *See* ECF No. 53 at 1. Plaintiff's submission is roughly 60 pages in length. This alone warrants denial of the Motion.

Regardless, even considering Plaintiff's Motion on the merits, the Court finds that the requested relief should be denied. Plaintiff requests, in a single motion: (1) default judgment against Defendant, (2) summary judgment in its favor, (3) monetary relief in the amount of $85,350,000, (4) permanent injunctive relief, (5) criminal referral (presumably of Defendant) to the U.S. Attorney, and (6) sanctions against Defendant. *See* ECF No. 53 at 43.

Plaintiff's request for default judgment is denied. Defendant has pleaded or otherwise defended itself in this case when it timely filed its first motion to dismiss Plaintiff's original complaint. *See* ECF No. 14. Defendant has unequivocally appeared in this action. As such, there is no basis to enter default judgment against Defendant. *See* Fed. R. Civ. P. 55.

Plaintiff's request for summary judgment is also denied. Summary judgment is premature and improper as basic discovery has not been completed. *See Alanis v. U.S. Bank N.A.*, No. SA-CV-749-FB, 2024 WL 626622, at *1 (W.D. Tex. Jan. 31, 2024) (stating that courts in the Fifth Circuit have discretion to deny a motion for summary judgment as premature and consequently denying motion for summary judgment where no joint Rule 26(f) report had been received, no scheduling order had been entered, and no discovery had taken place). Consequently, Plaintiff's request for monetary and permanent injunctive relief are unfounded and likewise denied.

Plaintiff's request for criminal referral of and sanctions against Defendant are denied. First, the judiciary does not have the power to bring criminal charges. The ability to bring criminal charges lies solely with the executive. *See* U.S. Cont. Art. II, § 3. Second, Plaintiff's request for sanctions is procedurally deficient, as Rule 11 mandates that such motion be made separately from any other motion and be served on Defendant at least 21 days before being filed with the Court. *See* Fed. R. Civ. P. 11(c)(2). Notwithstanding this defect, even if the Court were to consider Plaintiff's request, it would not impose sanctions. Plaintiff's allegations of frivolous filings, false certifications, and systematic abuse of federal court procedures are baseless. Plaintiff's basis for sanctions against Defendant appears to be his allegation that Defendant falsely certified either its motion to dismiss filed in March 2025 or its Answer filed in July 2025. *See* ECF No. 53 at 12. Plaintiff's argument is based on the incorrect premise that Defendant's March motion to dismiss is based on Defendant's factual knowledge of its systems—it is not. Defendant's motion to dismiss

is based on *Plaintiff's* factual allegations and why, even assuming his factual allegations are true, Plaintiff failed to state a claim. *See* ECF No. 14. Defendant's denial of Plaintiff's factual allegations in its Answer does not contradict the legal arguments it made in support of its motion to dismiss. For these reasons, Rule 11 sanctions are not appropriate.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Sanctions (ECF No. 53) is **DENIED**.

**SIGNED** this 12th day of August, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE