IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 1:25-cv-00073-ADA |

**DEFENDANT X CORP.'S RESPONSE TO PLAINTIFF'S "EMERGENCY MOTION FOR IMMEDIATE INJUNCTIVE RELIEF TO STOP ONGOING FEDERAL CRIMES BY LICENSED ATTORNEY USING STOLEN EVIDENCE FROM THESE PROCEEDINGS AND TO COMPEL EXAMINATION OF MATHEMATICAL IMPOSSIBILITIES ENABLING THE LARGEST FRAUD IN HUMAN HISTORY" (ECF NO. 62)**

　　　　Plaintiff's "Emergency Motion for Immediate Injunctive Relief to Stop Ongoing Federal Crimes by Licensed Attorney Using Stolen Evidence from These Proceedings and to Compel Examination of Mathematical Impossibilities Enabling the Largest Fraud in Human History" (ECF. No. 62; "Motion") should be denied or struck for several reasons.

　　　　*First*, the Motion should be denied or struck because Plaintiff–again–violated Local Rule CV-7(C)(2)'s 20-page limit for non-case management motions. This Court has repeatedly admonished Plaintiff to comply with the Local Rules, and has informed him that "[f]ailure to comply with this Court's local rules of [sic] the relevant rules of civil procedure may result in actions, ranging from the striking of submissions to the dismissal of a case with prejudice." ECF No. 48 at 2. Despite these clear admonitions, Plaintiff continues to disregard his obligations to comply with this Court's Local Rules–which is needlessly wasting the Court's and Defendant's

resources. Accordingly, this Court should (a) deny his Motion for violating Local Rule CV-7(C)(2), as it did with his "Motion for Immediate Judicial Action and Comprehensive Exposure of Systematic Judicial Misconduct Patterns" (ECF No. 42; *see* July 14, 2025 Text-Only Order), or (b) it should strike the Motion, as it did to Plaintiff's Motion to Amend Judgment (ECF No. 50; *see* July 21, 2025 Text-Only Order).

*Second*, even if considered on the merits, the Motion should be denied because it comes nowhere close to showing entitlement to the extraordinary relief Plaintiff seeks. Regarding X Corp., Plaintiff requests an order requiring "immediate preservation of all X Corp[.] evidence before more destruction occurs" and compelling an "examination of mathematical evidence this Court has refused to review." Motion at 44. Plaintiff's requests should be denied because they constitute an improper request for reconsideration of the Court's prior orders denying the same relief. First, this Court's July 11, 2025 order denied Plaintiff's prior requests for preservation of evidence regarding the purported "mathematical impossibilities" (ECF No. 47; "Order Denying Plaintiff's Emergency Motions") because (a) they "go toward his fraud-based claims, which this Court has dismissed with prejudice" (*see* ECF No. 46; "Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss") and (b) "Plaintiff fails to demonstrate that any spoliation occurred in this case . . . ." ECF No. 47 at 2-3. Next, this Court later denied Plaintiff's motion seeking reconsideration of the Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss, on the grounds that Plaintiff did not demonstrate "any manifest errors of law or fact or that there has been presented any newly discovered evidence that warrants reconsideration of its decision" which included a decision to dismiss with prejudice Plaintiff's fraud-based claims. ECF No. 58. In the Motion, Plaintiff contends "[t]his Court's July 11, 2025 order dismissing mathematical evidence as 'insufficient' represents a fundamental procedural error that bypasses

the basic requirements of Federal Rule 12(b)(6) analysis," contending that discovery is required "to investigate how Defendants' [sic] systems create results that violate basic mathematical principles." Motion at 6-7. In repeating his requests for preservation and re-urging his fraud-based claims, Plaintiff again improperly seeks reconsideration of both the Court's July 11, 2025 Order and the Court's Order Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss. As this Court has explained, "[m]otions for reconsideration serve a limited purpose, and are not to be used merely to give an unhappy litigant one additional chance to sway the judge." *McCallum v. Wells Fargo Bank, N.A.*, No. A-07-CA-1000 AWA, 2009 WL 4043072, at *2 (W.D. Tex. Nov. 19, 2009) (citation modified). Furthermore, this Court should admonish Plaintiff from filing additional improper motions for reconsideration, "lest the Court be forced to consider sanctions for filing motions which are not supported by applicable procedural provisions and in particular from attempting to re-litigate motions which have already been decided." *Id.* (citation modified).

Plaintiff's Motion also improperly seeks relief as to a complete non-party with no relevance to this case. The Motion asserts that Brandon Joel Schwartz "is committing ongoing federal crimes" by purportedly "using Plaintiff's copyrighted photograph as his Twitter profile image," "[r]epeatedly calling Plaintiff's spouse a 'whore,' 'prostitute,' and 'confirmed active prostitute,'" "threat[ening]" Plaintiff, and "[m]ocking federal proceedings while committing crimes using stolen evidence." Motion at 9. And the Motion seeks, among other relief, an order "ENJOIN[ing] Brandon Joel Schwartz from using copyrighted material, making defamatory statements, and committing federal crimes using evidence from these proceedings." *Id.* at 44. Mr. Schwartz is not even a party to this case. Plaintiff's allegations about Mr. Schwartz appear nowhere in Plaintiff's First Amended Complaint (ECF No. 22), and aside from unsubstantiated

and unverified purported screenshots of social media posts (Motion at 1-2), Plaintiff provides no support for his assertions about Mr. Schwartz's conduct or how such conduct is related to *this case*. Plaintiff's Motion therefore should be denied. *See* Fed. R. Civ. P. 65(a)-(b); *see also Planned Parenthood of Greater Tex. Surgical Health Servs. v. City of Lubbock, Tex.*, 542 F. Supp. 3d 465, 480 (N.D. Tex. 2021) ("an injunction does not bind unrelated nonparties") (citing *Harris Cty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 314 (5th Cir. 1999)).

For all these reasons, the Motion should be struck or denied.[1]

Dated: September 5, 2025                    Respectfully submitted,

By: */s/ Kenneth M. Trujillo-Jamison*
Norma N. Bennett
Texas Bar No. 24028492
nbennett@shb.com
Michella Gibbs
Texas Bar No, 24107371
mgibbs@shb.com
SHOOK, HARDY & BACON, LLP
600 Travis, Suite 3400
Houston, Texas 77002
(713) 227-8008 (Telephone)
(713) 227-9508 (Facsimile)

Kenneth M. Trujillo-Jamison
(admitted pro hac vice)
ktrujillo-jamison@willenken.com
WILLENKEN LLP

---

[1] This Motion further demonstrates why X Corp.'s Motion to Stay (ECF No. 55) should be granted. There, X Corp. explained a stay is warranted because, among other things, "X Corp. will be prejudiced by the time and expense . . . [for] responding to baseless filings by Plaintiff" and a stay "will prevent Plaintiff's abusive litigation tactics . . . ." ECF No. 55 at 3. In response to X Corp.'s Motion to Stay, Plaintiff filed two submissions that violated the Local Rules (*see* ECF Nos. 61 & 61-1 which violate Local Rules CV-7(d)(3) and CV-10(a); *see also* ECF No. 63 at 1-3 (explaining the violations)). The instant Motion was Plaintiff's third improper submission filed within just two weeks of the filing of X Corp.'s Motion to Stay. If past is prologue, Plaintiff will continue to inundate the Court and the parties with improper filings that violate the Local Rules. Thus, not only should the Court deny the Motion for the reasons stated above, it also should grant X Corp.'s Motion to Stay.


- 5 -

        707 Wilshire Blvd., Suite 4100
        Los Angeles, CA 90017
        (213) 955-9240 (Telephone)
        (213) 955-9250 (Facsimile)

*Attorneys for Defendant X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 5, 2025, the foregoing document was electronically filed with the Court's CM/ECF system, thereby effectuating service on all parties.

        */s/ Norma N. Bennett*
        Norma N. Bennett