UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN RIDDLE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 1:25-CV-00073-ADA |
| X CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING CASE WITH PREJUDICE

Pending before the Court is Plaintiff's Motion for Clarification (ECF 54) and Motion for Immediate Injunctive Relief and to Compel Examination of Mathematical Impossibilities (ECF 62). Also pending before the Court is Defendant's Motion to Stay Pending Ruling by the Supreme Court on a Potentially Controlling Legal Issue (ECF 55) and Request for Judicial Notice in Support of Its Motion to Stay (ECF 56). As discussed below, due to Plaintiff's repeated improper filings, failure to comply with local rules, and threatening and harassing conduct, the Court hereby **DISMISSES** this case **WITH PREJUDICE**. All pending motions are **DENIED AS MOOT**, and the Clerk of Court is instructed to **CLOSE** this case.

### I.      Relevant Background

Plaintiff, proceeding *pro se*, filed his original complaint in January 2025. ECF 1. The Court has dismissed all of Plaintiff's claims except his claim of contributory copyright infringement. *See* ECF 46. In July, due to Plaintiff's improper and harassing conduct, the Court issued a Case Management Order informing

Plaintiff that any continued improper behavior may lead to sanctions, up to and including the dismissal of this case with prejudice. ECF 48 at 3. At that time, Plaintiff's improper conduct included attempted *ex parte* communications, improper filings, and failures to comply with local rules. *See id.* at 1–3. Plaintiff subsequently filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e), a Motion for Judicial Disqualification, and Notice of Intent to File a Criminal Referral. ECF 50. This Court struck Plaintiff's omnibus motion due to various issues, including the fact that the motion failed to comply with local rules, in violation of the Court's prior Case Management Order. *See* July 21, 2025 Text Order STRIKING ECF 50.

Plaintiff refiled his Motion to Alter or Amend Judgment, a Motion for Judicial Disqualification, and a Motion for Default Judgment and Sanctions. ECF 51; 53. The Court, while noting the procedural deficiencies in Plaintiff's motions, denied Plaintiff's motions on the merits. ECF 58; 60. Due to those deficiencies, Plaintiff was reminded of this Court's prior Case Management Order and the possible sanctions the Court may impose if Plaintiff failed to comply. *See* ECF 60 at 1 ("Plaintiff's Motion violates Local Rule CV-7(c)(2). . . . Plaintiff has been made aware of this requirement (see ECF No. 48), and he acknowledges this requirement in his Motion. *See* ECF [] 53 at 1. . . . This alone warrants denial of the Motion.").

Ten days later, Plaintiff filed his "Emergency Motion for Immediate Injunctive Relief to Stop Ongoing Federal Crimes by Licensed Attorney Using Stolen Evidence from These Proceedings and to Compel Examination of Mathematical Impossibilities

Enabling the Largest Fraud in Human History." ECF 62. The Court addresses this motion and Plaintiff's other improper conduct below.

## II.    Analysis

Courts have the inherent power to *sua sponte* dismiss cases with prejudice against a disobedient litigant. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) ("Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or ***comply with a court order*.")** (emphasis added). The question is whether there is a showing of (1) stubborn or disobedient (contumacious) conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice. *Griggs*, 905 F.3d at 844. Further, certain aggravating factors support a *sua sponte* dismissal with prejudice, including (1) "the extent to which the plaintiff . . . was personally responsible for the [conduct]," (2) "the degree of actual prejudice to the defendant," and (3) whether the conduct is "intentional." *See Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Here, all factors are satisfied.

### 1. Stubborn or Disobedient Conduct

Plaintiff has a clear history of stubborn and disobedient conduct. Plaintiff has failed to comply with a court order, specifically, this Court's Case Management Order (ECF 48) multiple times, and acknowledged doing so. ECF 53 (noting that "Plaintiff can certainty shorten to meet Court Rules," while failing to do so); *see also* ECF 50; 51; 53; 54; 62 (filing 47-page emergency motion without leave); ECF 55-8 (threating

opposing counsel after the Court issued its Case Management Order).  Thus, the Court finds that Plaintiff's conduct has been stubborn and disobedient.

### 2.  Lesser Sanctions

Plaintiff has shown that lesser sanctions will not deter his conduct or serve the best interest of justice.  This Court has entered a Case Management Order attempting to dissuade Plaintiff's conduct (ECF 48), threatened to deny motions based on Plaintiff's non-compliance (ECF 60 at 1), and struck Plaintiff's non-compliant filings from the record (ECF 50).  *See Burden v. Yates*, 644 F.2d 503, 505 (encouraging lesser sanctions before dismissal).  Despite these lesser sanctions, Plaintiff continues to file non-compliant motions containing harassing and threatening language, including issuing ultimatums to this Court.  ECF 62 at 34 (telling the Court, in a 47-page motion, to agree with Plaintiff or face "destruction of this Court's credibility" via a congressional criminal investigation, court review, and media campaign), 35 ("The One-Shot Ultimatum"); *see also* ECF 48 (detailing Plaintiff's inappropriate conduct).

Allowing Plaintiff to proceed will only provide Plaintiff with a platform to further harass and threaten and will not serve the interests of justice.  A party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Plaintiff has stated his intention is to use "Pacer as a microphone" to destroy opposing counsels' lives "legally and without violence."

ECF 55-8 at 4; *see also* ECF 55-8 at 2 (threatening opposing counsel), 5 (admitting that the point of this case is to embarrass).  Worth noting, Plaintiff sent this email to Defense counsel ***one day after*** the Court instructed Plaintiff to avoid threatening and harassing language.  ECF 55-8.  The purposes of this ligation, as admitted by Plaintiff, is not to seek justice, but rather to harass and cause expense to Defendant. *Id.* at 2 (admitting his true interest is bashing "billion dollar companies and judges and state agencies into the ground.").

Thus, the Court finds that lesser sanctions will not serve the interests of justice or deter Plaintiff's disobedient, stubborn conduct.

### 3. Aggravating Factors

#### i.    *Personally Responsible*

Plaintiff is proceeding *pro se*, thus the Court finds that aggravating factor one is satisfied here as Mr. Riddle is personally responsible for his conduct.

#### ii.    *Actual Prejudice to Defendant*

Defendant is actually prejudiced via Plaintiff's non-compliant filings.  Plaintiff has filed at least ten motions since January 2025 where Defendant has been forced to respond.  *See* ECF 4; 23; 24; 26; 42; 50; 51; 53; 54; 56; and 62.  There is a reason the federal rules of civil procedure, and this Court's local rules, exist—for the "just, speedy, and ***inexpensive*** determination of every action and proceeding."  Fed. R. Civ. P. 1 (emphasis added).  Here, Plaintiff's stubborn and disobedient conduct, ignoring court orders, local rules, and the federal rules of civil procedure, have led to unnecessary expenses and wasted resources for Defendant.  *See* ECF 55 at 2; 64 at

4 n.1 (noting that Defendant had to respond to a third improper filing in two weeks). Plaintiff has shown no intention of complying with this Court's Case Management Order.  *See* ECF 64 at 4 n.1.  Thus, the Court finds that aggravating factor two is satisfied.

### *iii.    Intentional Conduct*

Plaintiff has been warned, the Court issued lesser sanctions, and Plaintiff all but admitted his intentional non-compliance with this Court's Case Management Order multiple times. ECF 53 (noting that "Plaintiff can certainty shorten to meet Court Rules," while failing to do so); ECF 62 at 3 (discussing the Court's order prohibiting threatening or harassing conduct), 24 (acknowledge page limit requirements).  Thus, the Court finds that aggravating factor three is satisfied here as Mr. Riddle's disobedient and stubborn conduct is intentional.

Mr. Riddle was warned.  The Court issued lesser sanctions.  Mr. Riddle's improper conduct of unnecessarily increasing litigation costs and threatening this Court and opposing counsel continued.  Enough is enough.

### III.    Conclusion

For these reasons, it is therefore **ORDERED** that this case be **DISMISSED WITH PREJUDICE**.  All other pending motions are **DENIED AS MOOT**, and the Clerk of Court is instructed to **CLOSE** this case.

**SIGNED** this 11th day of September, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE