UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

WACO DIVISION


JUSTIN RIDDLE,

   Plaintiff,

v.                                    Case No. 1-25-CV-00073-ADA

X CORP.,

   Defendant.


MOTION FOR EXTENSION OF PAGE LIMITS FOR

RULE 60(b)(3) MOTION DUE TO MATHEMATICAL EVIDENCE

OF ONGOING FRAUD AND CONSTITUTIONAL VIOLATIONS


TO THE HONORABLE COURT:


Plaintiff Justin Riddle respectfully requests this Court exercise its inherent discretion to extend the page limits for his Motion for Relief from Judgment under Rule 60(b)(3) from 20 pages to 42 pages, based on the following compelling circumstances:


I. THE MATHEMATICAL IMPOSSIBILITY OF COMPLIANCE


The Court's local rules limiting motions to 20 pages cannot adequately accommodate:

1. Mathematical evidence of billing fraud showing cumulative impression counts decreasing from 9,965 to 9,892 (physically impossible in any legitimate system)

2. Documentation of 112.80% campaign completion with 0.00% actual delivery while full charges were applied

3. Evidence of systematic judicial misconduct across multiple jurisdictions, including an entire Nebraska judicial district recusing itself rather than examine similar evidence

4. Constitutional violations affecting not just Plaintiff but every American's access to justice when mathematical evidence is excluded through procedural barriers

5. Pattern evidence showing identical institutional protection of mathematical impossibilities across state and federal courts

II. THE ONGOING HARM REQUIRING IMMEDIATE JUDICIAL ATTENTION

While this Court deliberates page limits:

- X Corp continues billing customers for mathematically impossible metrics
- Plaintiff's copyrighted content remains hosted on X Corp's platform generating revenue through harassment campaigns
- The statute of limitations continues running for millions of similarly defrauded advertisers
- Mathematical fraud documented in federal court receives protection through procedural technicalities

III. THE CONSTITUTIONAL NECESSITY OF FULL PRESENTATION

Reducing 42 pages documenting billion-dollar fraud to 20 pages would require omitting either:

A. The mathematical proof of impossibilities (the core evidence)

B. The pattern of judicial misconduct (establishing systematic denial of due process)

C. The constitutional implications (showing this affects all Americans, not just Plaintiff)

D. The documented retaliation when accountability is sought (proving institutional corruption)

Each element is essential to establishing fraud on the court under Rule 60(b)(3).

IV. THIS COURT'S INHERENT AUTHORITY

Federal courts possess inherent authority to modify procedural rules when justice requires. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to... facilitate the administration of justice").

When mathematical evidence proves ongoing fraud affecting millions of Americans, rigid adherence to page limits established in the typewriter era serves no legitimate judicial purpose while protecting documented criminal activity.

V. THE PREJUDICE TO JUSTICE FROM DENIAL

If this Court denies this request:

1. Mathematical impossibilities will be protected through procedural technicality

2. The appellate record will show this Court prioritized formatting over fraud prevention

3. Ongoing criminal activity will continue while courts debate page counts

4. The constitutional crisis of wealth-based justice will deepen

## VI. THE REASONABLE ACCOMMODATION REQUESTED

Plaintiff requests only the pages necessary to present:

- Screenshots of mathematical impossibilities (cannot be compressed)

- Documentation of systematic judicial misconduct (requires factual detail)

- Constitutional analysis (complex legal issues require thorough treatment)

- Evidence of ongoing harm (necessary for Rule 60(b)(3) relief)

This is not a request for unlimited pages, but for the minimum necessary to present evidence of mathematical fraud that no expert has disputed and no court has been willing to examine on the merits.

WHEREFORE, Plaintiff respectfully requests this Court:

1. GRANT extension of page limits to 42 pages for the Rule 60(b)(3) motion

2. RECOGNIZE that mathematical evidence of billion-dollar fraud deserves full examination regardless of arbitrary formatting restrictions

3. EXERCISE its inherent authority to prevent ongoing fraud rather than protect it through procedural barriers

Alternatively, if this Court will not extend page limits, Plaintiff requests the Court explicitly state on the record that it is choosing to limit examination of mathematical evidence of ongoing fraud due to formatting preferences, creating a clear record for appellate review.

Time is of the essence as X Corp's fraud continues daily while this Court deliberates procedural matters instead of examining whether 9,965 > 9,892.

Respectfully submitted,

JUSTIN RIDDLE

Pro Se Plaintiff

September 24, 2025

VERIFICATION UNDER 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 24, 2025.

JUSTIN RIDDLE