IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUSTIN RIDDLE,<br><br>      Plaintiff,<br><br>v.<br><br>X CORP. formerly known as TWITTER, INC.,<br><br>      Defendant. | Civil Action No. 1:25-cv-00073-ADA |

**DEFENDANT X CORP.'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(3) (ECF NO. 69)**

**I. INTRODUCTION**

On September 11, 2025, this Court dismissed Plaintiff's action with prejudice because of "Plaintiff's repeated improper filings, failure to comply with local rules, and threatening and harassing conduct." ECF No. 66 ("Dismissal Order") at 1. Plaintiff's Motion for Relief from Judgment under Rule 60(b)(3) (ECF No. 69; "Motion") seeks to vacate that order. There, Plaintiff alleges that purported "fraud, misrepresentation, and misconduct by Defendant X Corp. . . . prevented Plaintiff from fully and fairly presenting his case." Motion at 1.

Plaintiff's Motion is meritless. He fails to demonstrate *any* misconduct on X Corp.'s part, much less proffer evidence that would meet his burden of demonstrating "clear and convincing" evidence of misconduct. Moreover, Plaintiff fails to explain how any of the claimed misconduct on X Corp.'s part prevented him from "fully and fairly presenting" his case, especially because this Court dismissed this action due to *Plaintiff's* own repeated and flagrant disobedience of the Court's rules and orders.

Accordingly, X Corp. respectfully requests that the Court deny Plaintiff's Motion.

## II. LEGAL STANDARD

"A party making a Rule 60(b)(3) motion must 'establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) (quoting *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990)). "Rule 60(b)(3) seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics, not to provide a backdoor to undermine an otherwise valid merit-based dismissal of an action based on fraud or dishonesty." *Optimal Health Care Servs., Inc. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996).

## III. ARGUMENT

Plaintiff's Motion should be denied for two reasons.

*First*, Plaintiff fails to show that X Corp. committed any fraud, misrepresentation or misconduct, much less prove misconduct by "clear and convincing evidence." His Motion therefore should be denied on that basis alone.

Plaintiff first contends that his X account metrics have been tampered with, supposedly by X users whom Plaintiff baselessly accuses of being employed by X Corp. Motion at 2–4. As purported evidence for this alleged tampering, Plaintiff includes what appear to be excerpts from screen captures of various websites, together with "metrics" from an unspecified source. *Id.* None of this unauthenticated evidence is admissible, and therefore cannot serve as a basis for vacating this Court's order. *See Areizaga v. ADW Corp.*, 796 F. App'x 205, 207 (5th Cir. 2020)

(affirming denial of Rule 60(b)(3) motion seeking relief based on threats allegedly made by opposing counsel where movant had not presented admissible evidence of such threats). Plaintiff also lacks evidence supporting his assertion that the alleged X users he identifies are somehow affiliated with X Corp. Finally, Plaintiff does not explain how this purported tampering had any impact on his presentation of his case.

Plaintiff next argues that X Corp. "obtained dismissal through materially contradictory representations" because, on its Motion to Dismiss, X Corp. purportedly "demonstrated sophisticated knowledge of detailed billing system explanations," whereas in its Answer, X Corp. "claimed ignorance of those exact systems." Motion at 9–10. Plaintiff is wrong. X Corp.'s Motion to Dismiss contains no mention of a "detailed billing system;" however, it does include a discussion of X Corp.'s own Purchaser Terms of Service, X Corp.'s standard agreement with users of its paid services which is publicly available on the X website. ECF No. 29 (Motion to Dismiss) at 6–7. X Corp.'s Answer, by contrast, stated that X Corp. lacks knowledge to admit or deny *Plaintiff's* specific allegations about certain of his alleged payment transactions. *See, e.g.,* ECF No. 52 (Answer) ¶¶ 13–16. There is no contradiction between these two documents. There is also no basis for Plaintiff's argument that X Corp. "obtained dismissal" through the purported contradictory representations when, as explained below, this Court dismissed this action because of Plaintiff's own repeated violations of Court orders and the local rules.

Lastly, Plaintiff argues that X Corp. infringed his intellectual property by not removing his copyrighted photograph from the X platform. Motion at 5–7. These are the same allegations underlying his First Amended Complaint. ECF No. 22 (First Amended Complaint) at 12. These alleged facts—which occurred prior to and gave rise to Plaintiff's action—cannot support a Rule 60(b)(3) motion because such motions do not encompass pre-suit conduct. Rather, post-judgment

motions may remedy only "misconduct which occurs between the time the plaintiff files a lawsuit and the time the court enters judgment." *Optimal Health Care Servs., Inc. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992). Rule 60(b)(3) motions are not an opportunity to "relitigate [on] the merits." *Id.*

In sum, Plaintiff's arguments and purported evidence fail to show any misconduct on X Corp.'s part, much less "clear and convincing" evidence of any such misconduct. Thus, Plaintiff fails to meet the first element required for relief under Rule 60(b)(3), and his Motion should be denied. *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (affirming denial of Rule 60(b)(3) motion where movant did "not approach clear and convincing evidence of fraud or misconduct"); *Cash Flow Fin., LLC v. Bishop*, No. MO-09-CV-29, 2011 WL 13174950, at *2 (W.D. Tex. Oct. 26, 2011) (denying Rule 60(b)(3) notion where "the purported inconsistencies identified by Defendants do not establish fraud by clear and convincing evidence.")

*Second*, even if Plaintiff had met his burden of showing any misconduct on the part of X Corp. (he did not), none of the purported misconduct he identifies prevented Plaintiff from "fully and fairly presenting his case." Plaintiff's Motion seems to ignore that the Court dismissed his action because *Plaintiff* repeatedly failed to comply with the Court's orders and rules. Since commencing this action, Plaintiff has inundated the docket with procedurally improper filings, leveled harassment and threats at X Corp.'s counsel and the Court, and flouted the Court's repeated orders requiring his compliance. Dismissal Order at 1–3 (detailing Plaintiff's misbehavior); *see also* ECF No. 48 (7/11/25 Order Regarding Case Management) (same). Despite the Court's multiple admonishments that he could face sanctions for continued failure to comply with Court orders and rules—including the dismissal of his case with prejudice (*see* ECF No. 48 (7/11/25 Order), ECF No. 60 (8/12/25 Order))—Plaintiff persisted in his pattern of

4

"disobedient, stubborn conduct." Dismissal Order at 5. Accordingly, the Court properly exercised its inherent power to dismiss the case with prejudice. *Id.* at 3.

Plaintiff's conduct following entry of the Dismissal Order further confirms why dismissal with prejudice was appropriate. Indeed, this Court struck Plaintiff's initial motion for relief under Rule 60(b)(3) (ECF No. 67) because Plaintiff—again—failed to comply with the Court's page limits. *See* 9/22/205 Text Order.

In sum, this Court dismissed this action because of *Plaintiff*'s misconduct, not because of anything X Corp. did. In any event Plaintiff fails to show that any of the alleged misconduct on X Corp.'s part (even if those allegations were proven—as explained above, Plaintiff did not) impaired the presentation of Plaintiff's case. Plaintiff therefore fails to meet the last element required for relief under Rule 60(b)(3), and the Motion should be denied. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004) (Rule 60(b)(3) motion was properly denied where the purported misrepresentations identified by plaintiff "d[id] nothing to unsettle the reasoning behind the district court's dismissal.")

## IV. <u>CONCLUSION</u>

For all these reasons, the Motion should be denied.

Dated: October 16, 2025

Respectfully submitted,

By: */s/ Kenneth M. Trujillo-Jamison*
   Norma N. Bennett
   Texas Bar No. 24028492
   nbennett@shb.com
   Michella Gibbs
   Texas Bar No, 24107371
   mgibbs@shb.com
   SHOOK, HARDY & BACON, LLP
   600 Travis, Suite 3400
   Houston, Texas 77002
   (713) 227-8008 (Telephone)
   (713) 227-9508 (Facsimile)

5

>Kenneth M. Trujillo-Jamison
>(admitted pro hac vice)
>ktrujillo-jamison@willenken.com
>WILLENKEN LLP
>707 Wilshire Blvd., Suite 4100
>Los Angeles, CA 90017
>(213) 955-9240 (Telephone)
>(213) 955-9250 (Facsimile)
>
>*Attorneys for Defendant X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, the foregoing document was electronically filed with the Court's CM/ECF system, thereby effectuating service on all parties.

>*/s/ Norma N. Bennett*
>Norma N. Bennett