UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JUSTIN RIDDLE,**
Plaintiff,

v.

Case No. 1:25-cv-00073-ADA

**X CORP.,**
Defendant.

# EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FRCP 37(e) FOR SPOLIATION OF EVIDENCE

**VIDEO EVIDENCE (Page 1)**

**YouTube Link :** https://youtu.be/4bEFgODCewg?si=YT_N5csfxrcpvlDF

**Runtime:** 10 minutes, 5 seconds

**What the video shows:**

    1. Accounts @AntSocializer and @Ryanmh_X existed in September 2025

    2. These accounts modified Plaintiff's promotional campaigns (shown in Ad History Log)

    3. Plaintiff named these accounts in October 2, 2025 court filing

    4. X Corp. responded October 16, 2025: "Plaintiff also lacks evidence supporting his assertion that the alleged X users he identifies are somehow affiliated with X Corp." (ECF No. 70 at 3)

    **5. Days later: Both accounts renamed to different handles**

6. Historical posts from September now show the NEW account names (mathematically impossible unless same account)

7. Ad History Log "Modified By" column progressively erased:

    Stage 1 (Oct 2): Shows actual names: "Ryan @Ryannnh X", "Mighty Mouf @AntSocializer", "Sushant Arora"

    Stage 2 (Oct 13-14): Names replaced with "@using Other"

    Stage 3 (Oct 15+): "Modified By" column COMPLETELY BLANK

8. @AntSocializer has Plaintiff personally blocked (personal animus + professional access = improper conduct)

**This Court must watch this 10-minute video before ruling on any motion in this case.** <span style="color:red">**THE VISUAL EVIDENCE OF REAL-TIME FRAUD AND EVIDENCE DESTRUCTION IS IRREFUTABLE**</span>.

## THE INESCAPABLE LOGIC

X Corp. represented to this Court on October 16, 2025 that Plaintiff's allegations about these accounts being affiliated with X Corp. were "baseless."

**This means X Corp. either:**

**Option A: Looked at the accounts before responding**

    **Result: They saw the "verified" and "affiliated with X" badges, saw the accounts in the Ad History Logs, and LIED to this Court when they said the allegations were baseless.**

    **Then: They destroyed the evidence by renaming the accounts and erasing the logs.**

**Option B: Did NOT look at the accounts before responding**

    **Result: They violated Rule 11 by making representations to this Court without conducting reasonable investigation.**

**Then: They destroyed the evidence by renaming the accounts and erasing the logs.**

## There is no Option C.

**THE QUESTIONS X CORP. MUST ANSWER UNDER OATH**

**1. Did you look at @AntSocializer and @Ryanmh_X before filing your October 16 response denying they were affiliated with X Corp.?**
    • If YES → Explain why you denied affiliation when they had "affiliated with X" status
    • If NO → Explain how you determined allegations were "baseless" without looking

**2. Why were these specific accounts renamed within days of your October 16 denial?**
    • If they weren't affiliated → Why help them hide by changing their names?
    • If they were affiliated → Why did you lie to the Court on October 16?

**3. Why does the Ad History Log show three progressive stages of data erasure during active litigation?**
    • Stage 1: Employee names visible
    • Stage 2: Names replaced with placeholders
    • Stage 3: Column completely blank

**4. How can September 2025 posts that originally tagged @Ryanmh_X now show as tagging @magnetic_pigeon?**
    This is only possible if they are the SAME ACCOUNT with a renamed handle.
    Historical post data stores relationships by internal User ID, not display name.

**5. If you discovered non-employees had access to advertiser promotional systems (as your October 16 denial implies), why didn't you:**
    • Report the security breach to law enforcement?
    • Preserve the accounts as evidence?
    • Notify affected advertisers?

• Suspend the accounts immediately?

**6. Why did you instead:**

• Change their account names to make them unsearchable?

• Erase identifying information from activity logs in three progressive stages?

• Allow them to continue operating under new identities?

## WHAT X CORP. TOLD THIS COURT

*"Plaintiff also lacks evidence supporting his assertion that the alleged X users he identifies are somehow affiliated with X Corp."*

**ECF No. 70 at 3 (filed October 16, 2025)**

## WHAT X CORP. DID IMMEDIATELY AFTER

1. Renamed @AntSocializer → Now "Mighty Mouf" with different handle

2. Renamed @Ryanmh_X → Now redirects to @magnetic_pigeon

3. Erased "Modified By" column from Ad History Logs in three stages

4. Updated historical database references so September posts now show new account names



## THE LEGAL STANDARD IS SIMPLE

**Rule 37(e)(2):** When a party destroys electronically stored information with the intent to deprive another party of its use in litigation, the court may:

- Presume the lost information was unfavorable to the party
- Instruct the jury that it may or must presume the information was unfavorable
- Dismiss the action or enter default judgment

**Intent to deprive is proven by:**
- Timing (days after being identified in court filing)
- Targeting (only these specific accounts renamed, others remained)
- Sophistication (three-stage progressive erasure)
- Coordination (required Legal, Corporate, IT departments)
- Consciousness of guilt (no innocent explanation exists)

## WHAT THIS COURT MUST DO

### 1. WATCH THE VIDEO

The evidence is visual and undeniable. Ten minutes, five seconds. This video is accessible only via the link in this filing and demonstrates in real-time the evidence destruction and account manipulation.

### 2. ORDER X CORP. TO ANSWER THE SIX QUESTIONS UNDER OATH

Within 48 hours. Under penalty of perjury.

### 3. IMPOSE ADVERSE INFERENCE INSTRUCTION

Presume the destroyed evidence proved:
- The accounts were X Corp. employees/affiliates
- They improperly accessed Plaintiff's promotional account

      • They modified campaigns based on personal animus (blocking proves personal relationship)

      • They generated fraudulent charges

      • X Corp. destroyed evidence because it proved Plaintiff's claims

### 4. IMPOSE MONETARY SANCTIONS

      • Plaintiff's costs for this motion

      • Punitive sanctions to deter future evidence destruction

      • Referral to U.S. Attorney for criminal investigation under 18 U.S.C. § 1519

### 5. REFER DEFENSE COUNSEL TO STATE BAR

For making false representations to this Court (October 16 denial) followed by participating in evidence destruction.

## WHY THIS MATTERS

If X Corp. can:

      • Deny accounts are affiliated

      • Destroy evidence before investigation

      • Progressively erase activity logs

      • Rename accounts to break documentary trails

      • Face no consequences

**Then evidence preservation obligations mean nothing. Rule 37(e) means nothing. The duty to preserve means nothing.**

## This Court must act.

## SUPPLEMENTAL BRIEFING

Plaintiff has filed comprehensive briefing addressing:

      • Mathematical impossibilities in campaign metrics

- Pattern of contradictory representations by X Corp.
- Systematic fraud affecting all advertisers
- X Corp.'s selective capability (11 days to destroy evidence vs. 2 years unable to remove copyright violation)

*This motion focuses solely on the visual evidence that requires immediate action.*

### THE BOTTOM LINE

X Corp. said Plaintiff's allegations were "baseless."

Then X Corp. made sure nobody could prove them right.

**That's spoliation. That's consciousness of guilt. That's sanctions.**

**Watch the 10-minute video. Order X Corp. to answer the questions. Impose consequences.**

*The integrity of this Court depends on it.*

Respectfully submitted,

Justin Riddle
Plaintiff, Pro Se
402-813-2156
justinriddle1@gmail.com

**Dated: October 17th, 2025**

CERTIFICATE OF SERVICE

I hereby certify that on  October 17th, 2025 , I served a true and correct copy of the foregoing Emergency Motion on:

Kenneth Trujillo-Jameson

Norma Bennett

Shook, Hardy & Bacon, LLP

600 Travis, Suite 3400

Houston, Texas 77002


via CM/ECF


Justin Riddle


## DECLARATION UNDER PENALTY OF PERJURY

I, Justin Riddle, declare under penalty of perjury that:

1. The video at https://youtu.be/4bEFgODCewg?si=YT_N5csfxrcpvlDF is my original screen recording demonstrating the account manipulation and log erasure

2. I personally observed the Ad History Log show employee names on October 2, 2025

3. I personally observed the same log show "@using Other" placeholders on October 13-14, 2025

4. I personally observed the "Modified By" column become completely blank on October 15, 2025

5. The accounts @AntSocializer and @Ryanmh_X existed and were searchable in September 2025

6. Those accounts are no longer searchable under those handles as of October 16, 2025

7. Historical posts from September 2025 that originally tagged @Ryanmh_X now show different account handles

8. @AntSocializer has me personally blocked, proving personal animus separate from professional access to my promotional campaigns

9. X Corp. denied these accounts were affiliated with X Corp. on October 16, 2025 (ECF No. 70 at 3)

10. The evidence destruction occurred within days of that denial

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on  October 17th, 2025 at Omaha, Nebraska.

Justin Riddle