UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Justin Riddle,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. 1:25-CV-00073-ADA |
| **X Corp.,** | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTIONS

Before the Court is Plaintiff's Motion for Relief from Judgment (ECF No. 69) and Defendant's response thereto. Also pending before the Court is two of Plaintiff's Motion for Sanctions (ECF Nos. 71 and 72). For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Relief from Judgment (ECF No. 69) and **DENIES AS MOOT** all other pending motions in this case (ECF No. 71 and 72). The Plaintiff is further **WARNED** that any additional frivolous filings in this case, or any other case, may lead to a designation as a frivolous litigant and other sanctions.

### I. Plaintiff's Motion for Relief from Judgment

Plaintiff requested relief from judgment based on Defendant's "fraud, misrepresentation, and misconduct" that "prevented Plaintiff from fully and fairly presenting his case." ECF No. 69 at 1. In Plaintiff's own words, Plaintiff is only entitled to relief under Rule 60(b)(3) when "a party obtains [a judgment] through 'fraud, misrepresentation, or misconduct.'" *Id.* Plaintiff must show, by clear and convincing evidence, that Defendant "engaged in fraud or misconduct that prevented the moving party from fully and fairly presenting his case." *Id.*

Here, it was Plaintiff's own failures and harassing conduct that led to this Court's dismissal with prejudice. *See* ECF No. 66. Plaintiff does not address in his motion how the Court's dismissal with prejudice, based solely on Plaintiff's misconduct, was caused by any of Defendant's conduct. *See* ECF No. 69. Thus, Plaintiff has failed to show how Defendant "obtain[ed] a judgment though 'fraud, misrepresentation, or misconduct.'" *See* ECF No. 69; *see also* Fed. R. Civ. P. 60. Thus, the Plaintiff has failed to meet his burden at all, even lesser so a burden of "clear and convincing evidence." ECF No. 69 at 1. Therefore, the Court DENIES Plaintiff's Motion (ECF No. 69). Because this case is closed, the Court DENIES all other pending motions as moot (ECF Nos. 71 and 72).[1]

## II.   Frivolous Litigant Warning

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions" when met with abusive litigation practices. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous motions. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). *Pro se* litigants do not have the right to "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). District courts have the authority to "impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). Moreover, district courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526

---

[1] The Court has reviewed Plaintiff's Motions for Sanctions and has determined they lack merit and are frivolous, but it is unnecessary to rule on these motions at this time. Litigants are reminded that when motions for sanctions are raised, the Court may issue sanctions against the party requesting sanctions unless that party prevails. Motions for sanctions should not be filed lightly as they are not taken lightly.

(5th Cir. 2010). Accordingly, the undersigned **WARNS** Plaintiff Justin Riddle that he may be subject to sanctions, including losing his CM/ECF filing ability, monetary sanctions, or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims, motions, or otherwise abuses his access to the judicial system.

### III.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion (ECF No. 69) on the merits and **DENIES AS MOOT** Plaintiff's other motions (ECF Nos. 71 and 72). Plaintiff is **WARNED** that if he continues to file frivolous claims or motions, he may be declared a frivolous litigant and subject to sanctions.

**SIGNED** this 27th day of October, 2025.

_____
**ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE**