# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

### IN RE: JUSTIN RIDDLE,

*Petitioner.*

Case No. 1:25-cv-00073-ADA (W.D. Tex.)

_____

### EMERGENCY PETITION FOR A WRIT OF MANDAMUS

_____

## I. INTRODUCTION

This petition presents a straightforward question: May a federal district court ignore a corporate defendant's materially false statement to the court—a statement that can be disproven in 30 seconds using the defendant's own public-facing platform—while considering a pending Rule 60(b)(3) motion that alleges fraud upon the court?

After dismissing Petitioner's case, the district court now has before it a Rule 60(b)(3) Motion for Relief from Judgment (Doc. 69, filed October 2, 2025) documenting systematic fraud and evidence destruction by X Corp. While that motion remains pending, X Corp. filed a response (Doc. 70, filed October 16, 2025) containing a statement of fact that is objectively false and instantly verifiable as such. Petitioner immediately brought this fraud to the court's

attention (Doc. 72, filed October 23, 2025), but the judge has responded with calculated silence.

This is not a request to review a completed dismissal. This is a request for emergency intervention to stop a district court's ongoing refusal to discharge its most fundamental, non-discretionary duty: protecting the integrity of its own proceedings from documented fraud.

## II. THE FRAUD IS MATHEMATICAL AND IRREFUTABLE

**X Corp.'s Statement to the Court (Doc. 70, filed October 16, 2025):**

> **III. ARGUMENT**
>
> Plaintiff's Motion should be denied for two reasons.
>
> *First*, Plaintiff fails to show that X Corp. committed any fraud, misrepresentation or misconduct, much less prove misconduct by "clear and convincing evidence." His Motion therefore should be denied on that basis alone.
>
> Plaintiff first contends that his X account metrics have been tampered with, supposedly by X users whom Plaintiff baselessly accuses of being employed by X Corp. Motion at 2–4. As purported evidence for this alleged tampering, Plaintiff includes what appear to be excerpts from screen captures of various websites, together with "metrics" from an unspecified source. *Id.* None of this unauthenticated evidence is admissible, and therefore cannot serve as a basis for vacating this Court's order. *See Areizaga v. ADW Corp.*, 796 F. App'x 205, 207 (5th Cir. 2020)
>
> 2
>
> Case 1:25-cv-00073-ADA   Document 70   Filed 10/16/25   Page 3 of 6
>
> (affirming denial of Rule 60(b)(3) motion seeking relief based on threats allegedly made by opposing counsel where movant had not presented admissible evidence of such threats). Plaintiff also lacks evidence supporting his assertion that the alleged X users he identifies are somehow affiliated with X Corp. Finally, Plaintiff does not explain how this purported tampering had any impact on his presentation of his case.

X Corp. stated: "Plaintiff also **lacks evidence supporting his assertion that the alleged X users he identifies are somehow affiliated with X Corp.**"

**X Corp.'s Own Platform (Verifiable in 30 Seconds):**



X Corp.'s platform displays: "**This account is affiliated with X**."

These two statements cannot both be true. Either X Corp.'s platform is lying when it displays "affiliated with X" badges, or X Corp.'s attorneys are lying when they claim Petitioner "lacks evidence" of affiliation. There is no third option. There is no ambiguity. There is no room for legal interpretation.

**Note the Freudian slip:** Petitioner identified these accounts as being operated by X Corp. *employees*. X Corp. responded by claiming Petitioner lacks evidence they are *affiliated*—introducing that specific word themselves. Their own platform then proves that exact word true: "This account is affiliated with X."

**The verification process takes 30 seconds:**

- Navigate to the accounts in question
- Observe the "affiliated with X" badge displayed on each account
- Compare to X Corp.'s sworn representation that no such evidence exists

The district court's duty to address this fraud was triggered the instant Document 72 was filed. Its continued failure to act is not an error of judgment—it is an abandonment of judicial function.

X Corp. **cannot** escape this trap by claiming these accounts aren't affiliated. Document 71 (filed October 17, 2025) proves these same accounts had administrative access to Petitioner's advertising campaigns and actively made changes to his ads.

This creates only two possibilities:

If these accounts ARE affiliated with X Corp: X Corp.'s attorneys lied to the court in Document 70.

If these accounts are NOT affiliated with X Corp: X Corp allowed unauthorized third parties to hack into Petitioner's account, make administrative changes to his advertising campaigns, and X Corp failed to report this massive security breach.

X Corp. cannot claim both that (1) these accounts aren't affiliated, and (2) it's normal for unaffiliated accounts to have administrative access to user accounts. Either they lied about affiliation, or they're admitting to a catastrophic security failure.

## III. MANDAMUS STANDARDS ARE SATISFIED

A writ of mandamus is appropriate when: (1) there is no other adequate means to attain relief; (2) the right to the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

### A. No Other Adequate Means Exists

A standard appeal is inadequate for three independent reasons:

**First**, an appeal would review only the prior dismissal order. It cannot address the separate, subsequent injury: the district court's active choice, *after dismissal*, to permit fraud upon its own docket to go unaddressed—specifically, its refusal to address the false statement in Document 70 despite the proof in Document 72.

**Second**, the harm is not completed—it is **ongoing and accelerating**. Every day the judge remains silent, he reaffirms that X Corp. may lie to federal courts with impunity. The fraud grows more entrenched with each passing day of judicial inaction.

**Third**, this is precisely the circumstance where mandamus is appropriate: "the possibility that review might theoretically be available after final judgment does not foreclose mandamus relief." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403

(1976). The district court's ongoing acceptance of fraud cannot wait for post-judgment review.

The injury is the **judicial act of silence itself**—a present and continuing abandonment of duty that no appeal can remedy.

**B. The Right to the Writ is Clear and Indisputable**

**1. The Duty is Ministerial, Not Discretionary**

Federal courts have a clear, non-discretionary duty to address fraud upon the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944) ("This Court has never hesitated to vacate judgments obtained through fraud on the court"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts have "inherent power" to sanction fraud).

This duty is **ministerial**—meaning it is "so plainly prescribed as to be free from doubt." When fraud upon the court is documented and brought to the court's attention, the judge has no discretion to ignore it. The only questions are: (1) Is there fraud? (2) Has it been presented to the court?

Here, both answers are indisputable "yes."

**2. The Timeline Reveals Systematic Silence**

**Petitioner recognizes that district judges manage demanding dockets.** Four days might seem like insufficient time for a response. But the timeline reveals that the issue is not a tight deadline—it is systematic silence:

• **January 2025:** Copyright infringement filed with Court → **Ongoing (11 months)**

- **October 2, 2025:** Rule 60(b) motion filed (Doc. 69) → **No response (25+ days)**

- **October 16, 2025:** X Corp. files false statement (Doc. 70) → **No response**

- **October 17, 2025:** Petitioner documents employee fraud (Doc. 71) → **No response (10+ days)**

- **October 23, 2025:** Petitioner proves affiliation lie (Doc. 72) → **No response (4+ days)**

**Document 71** (filed October 17) provided proof that X Corp. employees were actively manipulating Petitioner's account. Ten days of silence. **Document 72** (filed October 23) provided irrefutable proof that X Corp.'s Doc. 70 statement was false. Four days of silence. **The Rule 60(b) motion** (filed October 2) documented systematic fraud and evidence destruction. Twenty-five days of silence. **The underlying copyright infringement** has continued unabated since January 2025. Eleven months of ongoing harm.

This is not about demanding an instant response. This is about the district court's consistent pattern of silence when confronted with documented corporate fraud, while the harm to Petitioner continues to accumulate daily.

**The district court is currently considering a motion that alleges X Corp. committed fraud upon the court. In response to that very motion, X Corp. has committed another demonstrable fraud upon the court**. And the district court's response is **calculated silence**.

This is not judicial deliberation—this is active complicity in fraud.

**3. This Fraud Occurred During a Fraud Motion**

The procedural context makes X Corp.'s conduct even more brazen. The company filed Document 70 **in response to a Rule 60(b)(3) motion alleging fraud**. While defending itself against allegations of fraud upon the court, X Corp. committed another fraud upon the court—and did so with such carelessness that it can be disproven in 30 seconds.

This demonstrates that X Corp. believes it can lie to federal courts with complete impunity. And the district court's silence proves them right.

**C. Mandamus is Appropriate Under the Circumstances**

**1. Judge Albright's History**

Judge Alan D. Albright has been **reversed by mandamus over 15 times** for "clear abuse of discretion"—a level of mandamus reversal that prompted U.S. Senators to write directly to the Chief Justice expressing concern about his pattern of conduct.

This is not judicial error—this is a documented pattern. The Fifth Circuit has repeatedly had to intervene to correct Judge Albright's procedural manipulation.

**2. The Precedent Would Be Catastrophic**

If this conduct stands, it establishes that:

- Federal courts may knowingly accept false statements from corporate defendants during Rule 60(b) motions alleging fraud
- Corporate defendants may commit new fraud while defending against fraud allegations
- The remedy for documented fraud is judicial silence when the defendant is sufficiently powerful

This Court has consistently held that mandamus is appropriate to prevent precedents that would undermine the integrity of federal proceedings. This case presents exactly such a circumstance.

**IV. THIS FRAUD EXISTS WITHIN A DOCUMENTED PATTERN**

While this petition focuses on the immediate mandamus issue—X Corp.'s false statement and the judge's refusal to address it—Petitioner notes that this is not an isolated incident. The record contains:

- Mathematical impossibilities in billing records that the court declared "insufficient evidence" without examination

- Evidence spoliation during active litigation (server logs altered in three distinct stages)

- Mutually exclusive sworn statements filed months apart (March: expert knowledge of systems; July: "lack of knowledge" 47+ times regarding the same systems)

- Complete non-response to formal ADA accommodation requests for six months

- A judicial order containing fabricated facts contradicted by X Corp.'s own written reinstatement notice

Petitioner does not ask this Court to resolve these issues now. However, they provide context demonstrating that X Corp.'s false statement about account affiliation is part of a pattern where the district court has consistently failed to address documented misconduct by the corporate defendant.

**V. CONCLUSION**

This petition asks this Court to require what every federal court is supposed to require: **truth in federal proceedings.**

X Corp. made a false statement to the court. The proof is documentary and takes 30 seconds to verify. The district court has chosen silence over duty.

When a federal judge refuses to address a corporate defendant's materially false statement—made during a Rule 60(b)(3) motion alleging fraud—and when that judge has been reversed by mandamus over 15 times for similar conduct, mandamus is not extraordinary relief—it is the bare minimum required to preserve the rule of law.

**PRAYER FOR RELIEF**

The district court has abdicated its most fundamental duty. It has before it a pending Rule 60(b)(3) motion alleging fraud upon the court. In response to that motion, X Corp. committed another fraud upon the court. The district court has chosen silence over duty. **This cannot stand.**

**WHEREFORE**, Petitioner respectfully prays that this Court issue a writ of mandamus directing the Honorable Alan D. Albright to:

1. **IMMEDIATELY ADDRESS** the fraud upon the court documented at Document 72 (filed October 23, 2025) in Case No. 1:25-cv-00073-ADA;

2. **IMPOSE APPROPRIATE SANCTIONS** on X Corp. and its counsel under 28 U.S.C. § 1927 and the Court's inherent authority for making materially false statements to a federal court—particularly while defending against a motion alleging fraud;

3. **RULE ON THE PENDING RULE 60(b)(3) MOTION** (Doc. 69), as the court cannot properly consider allegations of fraud while simultaneously ignoring new fraud committed during the very proceeding considering those allegations; and

4. In the alternative, **REASSIGN** this matter to a different district judge, as Judge Albright's pattern of conduct—including 15+ prior mandamus reversals and the present refusal to address fraud—demonstrates an inability to adjudicate this case impartially.

**EMERGENCY MOTION FOR EXPEDITED CONSIDERATION**

Petitioner moves for expedited consideration under Fed. R. App. P. 27.

Every day of delay:

- Entrenches X Corp.'s belief that it may lie to federal courts with impunity
- Demonstrates that federal courts apply procedural rules selectively based on party wealth and power
- Permits continued evidence destruction and ongoing fraud

The district court has had **4 days** since Document 72 was filed and **25+ days** since the Rule 60(b) motion was filed. The silence is now deliberate and calculated. Expedited review is essential to prevent this abandonment of duty from becoming permanent precedent.

**Respectfully submitted,**

Justin Riddle

Petitioner Pro Se

402.813.2156

justinriddle1@gmail.com

**Date:** October 27th, 2025

**EXHIBIT LIST**

**CERTIFICATE OF COMPLIANCE**

This petition complies with Fed. R. App. P. 21(d) and contains approximately 2000 words, excluding the parts exempted by Fed. R. App. P. 32(f).

**CERTIFICATE OF SERVICE**

I certify that on October 27th, 2025, I served this petition on all parties via the Court's CM/ECF system.

Justin Riddle